# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

## CLERK'S CERTIFICATE AND APPEALS COVER SHEET

## ABBREVIATED ELECTRONIC RECORD

Case Caption:    State of New Jersey et al v. Trump et al

District Court Number:    25cv10139-LTS

Fee:    Paid?   Yes _____   No __X__   Government filer _____   *In Forma Pauperis* Yes _____   No _____

Motions Pending    Yes _____ No __X__          Sealed documents    Yes _____ No __X__
*If yes, document #* _____          *If yes, document #* _____

*Ex parte* documents    Yes __X__ No _____     Transcripts    Yes __X__ No _____
*If yes, document #*    141                    *If yes, document #*    142

Notice of Appeal filed by: Plaintiff/Petitioner _____   Defendant/Respondent _____   Other: __X__

Appeal from:
#144 Memorandum of Decision, #145 Preliminary Injunction,#146 Electronic Order
Other information:

    I, Robert M. Farrell, Clerk of the United States District Court for the District of Massachusetts, do hereby certify that the annexed electronic documents:

## #144, #145, #146, and #150
with the electronic docket sheet, constitute the abbreviated record on appeal in the above entitled case for the Notice of Appeal #    150    filed on    February 14, 2025    .

    In testimony whereof, I hereunto set my hand and affix the seal of this Court on    February 14, 2025    .

**ROBERT M. FARRELL**
Clerk of Court

/s/Matthew A. Paine
Deputy Clerk

COURT OF APPEALS DOCKET NUMBER ASSIGNED: _____

**PLEASE RETURN TO THE USDC CLERK'S OFFICE**

APPEAL

# United States District Court
## District of Massachusetts (Boston)
## CIVIL DOCKET FOR CASE #: <u>1:25–cv–10139–LTS</u>

State of New Jersey et al v. Trump et al
Assigned to: District Judge Leo T. Sorokin
 related Case:  1:25–cv–10135–LTS
Cause: 28:1331 Fed. Question

Date Filed: 01/21/2025
Jury Demand: None
Nature of Suit: 890 Other Statutory
Actions
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**State of New Jersey**    represented by    **Shankar Duraiswamy**
33 Washington St.
Newark, NJ 07102
908–507–2949
Email: <u>shankar.duraiswamy@njoag.gov</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth R. Walsh**
New Jersey Office of the Attorney General
124 Halsey Street
PO Box 45029
Newark, NJ 07101
609–696–5289
Email: <u>elizabeth.walsh@law.njoag.gov</u>
*ATTORNEY TO BE NOTICED*

**Gerard J. Cedrone**
Massachusetts Attorney General's Office
One Ashburton Place
20th Floor
Boston, MA 02108
617–963–2282
Email: <u>gerard.cedrone@mass.gov</u>
*ATTORNEY TO BE NOTICED*

**Jeremy Feigenbaum**
Office of the NJ Attorney General
Richard J. Hughes Justice Complex
25 Market Street
Trenton, NJ 08625
609–376–2690
Email: <u>jeremy.feigenbaum@njoag.gov</u>
*ATTORNEY TO BE NOTICED*

**Shefali Saxena**
New Jersey Attorney General
124 Halsey Street

1

PO Box 45029
Ste 5th Floor
Newark, NJ 07102
609−696−5254
Email: shefali.saxena@law.njoag.gov
*ATTORNEY TO BE NOTICED*

**Viviana Maria Hanley**
State of New Jersey
Office of the Attorney General
25 Market Street
PO Box 080
Trenton, NJ 08625
862−350−5800
Email: viviana.hanley@njoag.gov
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Commonwealth of Massachusetts**          represented by  **Gerard J. Cedrone**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jared B. Cohen**
Massachusetts Attorney General's Office
McCormack Building
One Ashburton Place
Boston, MA 02108
617−963−2833
Fax: 617−573−5358
Email: jared.b.cohen@mass.gov
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**State of California**          represented by  **Annabelle Cathryn Wilmott**
Office of The Attorney General
1300 I Street
Sacramento, CA 95814
916−210−7811
Email: annabelle.wilmott@doj.ca.gov
*ATTORNEY TO BE NOTICED*

**Delbert Tran**
Office of The Attorney General
455 Golden Gate Ave.
Ste 11000
San Francisco, CA 95111
415−229−0110
Email: delbert.tran@doj.ca.gov
*ATTORNEY TO BE NOTICED*

**Denise Yesenia Levey**
Office of The Attorney General of the
State of California
300 S Spring Street
Ste 1702
Los Angeles, CA 90013
213−269−6269
Email: denise.levey@doj.ca.gov
*ATTORNEY TO BE NOTICED*

**Gerard J. Cedrone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Irina Trasovan**
Office of The Attorney General
300 S. Spring Street
Ste 1702
Los Angeles, CA 90013
213−269−6261
Email: irina.trasovan@doj.ca.gov
*ATTORNEY TO BE NOTICED*

**Lorraine Lopez**
Office of the Attorney General of the State
of California
300 S. Spring Street
Los Angeles, CA 90013
213−269−6616
Email: lorraine.lopez@doj.ca.gov
*ATTORNEY TO BE NOTICED*

**Marissa Malouff**
Office of the Attorney General of the State
of California
300 S. Spring Street
Ste 1702
Los Angeles, CA 90026
719−252−2589
Email: marissa.malouff@doj.ca.gov
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**State of Colorado**                    represented by   **Shannon Wells Stevenson**
Colorado Department of Law
1300 Broadway
Denver, CO 80203
720−508−6749
Email: shannon.stevenson@coag.gov
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

3

**Gerard J. Cedrone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**State of Connecticut**                    represented by  **William M. Tong**
Office of the Attorney General
165 Capitol Avenue
Suite 5000
Hartford, CT 06106
860−808−5318
Email: ag.court.tong@ct.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gerard J. Cedrone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Janelle Medeiros**
Office of the Attorney General
165 Capitol Avenue
Hartford, CT 06106
860−808−5444
Fax: 860−808−5591
Email: janelle.medeiros@ct.gov
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**State of Delaware**                    represented by  **Gerard J. Cedrone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**District of Columbia**                    represented by  **Nicole Suzanne Hill**
Office of the Attorney General for the
District of Columbia
400 6th Street, N.W.
Washington, DC 20001
202−727−4171
Email: nicole.hill@dc.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gerard J. Cedrone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

4

| | | |
|---|---|---|
| **State of Hawaii** | represented by | **Gerard J. Cedrone**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Kalikoonalani Diara Fernandes**<br>Department of the Attorney General, State of Hawaii<br>425 Queen Street<br>Honolulu, HI 96813<br>808–586–1360<br>Email: kaliko.d.fernandes@hawaii.gov<br>*ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| **State of Maine** | represented by | **Sean D. Magenis**<br>Office of the Maine Attorney General<br>6 State House Station<br>Augusta, ME 04330<br>207–626–8830<br>Email: sean.d.magenis@maine.gov<br>*ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| **State of Maryland** | represented by | **Adam Kirschner**<br>Office of the Attorney General– State of Maryland<br>200 Saint Paul Place<br>Baltimore, MD 21202<br>410–576–6424<br>Email: akirschner@oag.state.md.us<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Gerard J. Cedrone**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| **Dana Nessel**<br>*Attorney General* | represented by | **Neil Giovanatti**<br>MI Department of Attorney General<br>525 W. Ottawa Street<br>P.O. Box 30758<br>Lansing, MI 48909<br>517–335–7603<br>Email: giovanattin@michigan.gov<br>*LEAD ATTORNEY*<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |
| | | **Stephanie M. Service**<br>Michigan Department of Attorney General |

PO Box 30758
525 W. Ottawa St., 3rd Flr.
Lansing, MI 48909
517–335–7603
Fax: 517–335–1152
Email: services3@michigan.gov
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Toni L. Harris**
Michigan Department of Attorney General
525 W. Ottawa Street
P.O. Box 30758
Lansing, MI 48909
517–335–7603
Fax: 517–335–1152
Email: harrist19@michigan.gov
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gerard J. Cedrone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **State of Minnesota** | represented by | **Gerard J. Cedrone**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **John C. Keller**<br>Office of the Minnesota Attorney General<br>75 Rev. Dr. Martin Luther King Jr. Blvd.<br>Suite 102<br>St. Paul, MN 55155<br>651–757–1355<br>Email: john.keller@ag.state.mn.us<br>*ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| **State of Nevada** | represented by | **Heidi Parry Stern**<br>Nevada Attorney General's Office<br>1 State of Nevada Way<br>Ste 100<br>Las Vegas, NV 89119<br>702–486–3594<br>Email: hstern@ag.nv.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Gerard J. Cedrone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**State of New Mexico**                    represented by    **James Grayson**
NM Department of Justice
P.O. Drawer 1508
Santa Fe, NM 87504–1508
505–218–0850
Email: jgrayson@nmag.gov
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gerard J. Cedrone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**State of New York**                    represented by    **Stacey M. Metro**
NYS Office of The Attorney General
Civil Recoveries Bureau
The Capitol
Albany, NY 12224
518–776–2218
Fax: 518–915–7729
Email: stacey.metro@ag.ny.gov
*ATTORNEY TO BE NOTICED*

**Zoe Levine**
NYS Office of The Attorney General
28 Liberty Street
New York, NY 10005
212–416–8329
Email: zoe.levine@ag.ny.gov
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**State of North Carolina**                    represented by    **Daniel Paul Mosteller**
North Carolina Department of Justice
PO Box 629
Raleigh, NC 27602
919–716–6026
Email: dmosteller@ncdoj.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gerard J. Cedrone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**State of Rhode Island**                        represented by  **Katherine Connolly Sadeck**
RI Department of Attorney General
150 South Main Street
Providence, RI 02903
401–274–4400
Email: ksadeck@riag.ri.gov
*ATTORNEY TO BE NOTICED*

**Leonard Giarrano , IV**
RI Department of Attorney General
150 South Main Street
Providence, RI 02903
401–274–4400
Email: lgiarrano@riag.ri.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**State of Vermont**                        represented by  **Julio A Thompson**
Office of the Vermont Attorney General
109 State Street
Montpelier, VT 05609–1001
802–828–5516
Email: julio.thompson@vermont.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gerard J. Cedrone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**State of Wisconsin**                        represented by  **Gabe Johnson–Karp**
Wisconsin Department of Justice
17 West Main Street
PO Box 7857
Madison, WI 53707–7857
608–267–8904
Email: johnsonkarpg@doj.state.wi.us
*ATTORNEY TO BE NOTICED*

**Gerard J. Cedrone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**City and County of San Francisco**          represented by  **David Scott Louk**
San Francisco City Attorney's Office
1390 Market St.

Fox Plaza, 7th Floor
San Francisco, CA 94102
415−355−3314
Fax: 415−437−4644
Email: david.louk@sfcityatty.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David S. Chiu**
San Francisco City Attorney's Office
City Hall
1 Dr. Carlton B. Goodlett Place
Room 234
San Francisco, CA 94102
415−554−4700
Email: luis.a.zamora@sfcityatty.org
*ATTORNEY TO BE NOTICED*

**Gerard J. Cedrone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mollie Mindes Lee**
San Francisco City Attorney's Office
1390 Market Street
Ste 7th Floor
San Francisco, CA 94102
415−554−4260
Fax: 415−437−4644
Email: mollie.lee@sfcityatty.org
*ATTORNEY TO BE NOTICED*

**Molly J. Alarcon**
San Francisco City Attorney's Office
1390 Market Street
Ste 7th Floor
San Francisco, CA 94102
415−554−3894
Fax: 415−437−4644
Email: molly.alarcon@sfcityatty.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Yvonne Mere**
San Francisco City Attorney's Office
City Hall
1 Dr Carlton B Goodlett Place
Room 234
San Francisco, CA 94102
415−554−4708
Fax: 415−554−4715

Email: yvonne.mere@sfcityatty.org
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

| | | |
|---|---|---|
| **Donald J. Trump**<br>*in his official capacity as President of the United States* | represented by | **Brad P. Rosenberg**<br>1100 L Street, NW<br>Washington, DC 20005<br>202–514–3374<br>Email: brad.rosenberg@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Eric Hamilton**
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
202–514–3301
Email: eric.hamilton@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Charles Merritt**
DOJ–Civ
1100 L St. NW
Washington, DC 20005
202–616–8098
Email: robert.c.merritt@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Yuri Fuchs**
DOJ–Civ
1100 L St NW
Washington, DC 20005
202–598–3869
Email: yuri.s.fuchs@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **U.S. Department of State** | represented by | **Brad P. Rosenberg**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Eric Hamilton**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Charles Merritt**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Yuri Fuchs**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Marco Rubio**                           represented by    **Brad P. Rosenberg**
*in his official capacity as Secretary of*                  (See above for address)
*State*                                                     *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Eric Hamilton**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Robert Charles Merritt**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Yuri Fuchs**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**U.S. Department of Homeland Security**    represented by    **Brad P. Rosenberg**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Eric Hamilton**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Robert Charles Merritt**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Yuri Fuchs**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**Benjamine Huffman**                      represented by    **Brad P. Rosenberg**
*in his official capacity as Acting*                        (See above for address)
*Secretary of Homeland Security*                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Eric Hamilton**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Charles Merritt**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yuri Fuchs**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

|  |  |  |
|---|---|---|
| **U.S. Department of Health and Human Services** | represented by | **Brad P. Rosenberg**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Eric Hamilton**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Charles Merritt**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yuri Fuchs**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

|  |  |  |
|---|---|---|
| **Dorothy Fink**<br>*in her official capacity as Acting*<br>*Secretary of Health and Human Services* | represented by | **Brad P. Rosenberg**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Eric Hamilton**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Charles Merritt**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yuri Fuchs**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**U.S. Social Security Administration**          represented by    **Brad P. Rosenberg**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric Hamilton**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Charles Merritt**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yuri Fuchs**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Michelle King**          represented by    **Brad P. Rosenberg**
*in her official capacity as Acting*          (See above for address)
*Commissioner of Social Security*          *LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric Hamilton**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Charles Merritt**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yuri Fuchs**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**United States of America**          represented by    **Brad P. Rosenberg**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric Hamilton**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Charles Merritt**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Yuri Fuchs**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>Amicus</u>

**Local Governments and Local Government Officials**     represented by     **Jonathan Benjamin Miller**
Public Rights Project
490 43rd Street, #115
Oakland, CA 94609
646–831–6113
Email: jon@publicrightsproject.org
*ATTORNEY TO BE NOTICED*

<u>Amicus</u>

**State of Tennessee**     represented by     **Andrew C. Coulam**
Tennessee Attorney General's Office
P.O. Box 20207
Nashville, TN 27202–0207
615–741–1868
Email: andrew.coulam@ag.tn.gov
*ATTORNEY TO BE NOTICED*

**James Matthew Rice**
Tennessee Attorney General's Office
P.O. Box 20207
Nashville, TN 37202–0207
615–532–6026
Email: matt.rice@ag.tn.gov
*ATTORNEY TO BE NOTICED*

**Whitney D. Hermandorfer**
Tennessee Attorney General's Office
P.O. Box 20207
Nashville, TN 37202
615–741–7403
Email: whitney.hermandorfer@ag.tn.gov
*ATTORNEY TO BE NOTICED*

<u>Amicus</u>

**Members of Congress**     represented by     **George W. Vien**
Donnelly, Conroy & Gelhaar, LLP
260 Franklin Street
Boston, MA 02110
617–720–2880
Fax: 617–720–3554
Email: gwv@dcglaw.com
*ATTORNEY TO BE NOTICED*

**Pietro A. Conte**

Donnelly Conroy & Gelhaar
260 Franklin Street
Suite 1600
Boston, MA 02110
617–720–2880
Email: pac@dcglaw.com
*ATTORNEY TO BE NOTICED*

**R. Trent McCotter**
Boyden Gray PLLC
800 Connecticut Ave. NW
Suite 900
Washington, DC 20006
202–706–5488
Email: tmccotter@boydengray.com
*ATTORNEY TO BE NOTICED*

**Amicus**

**Immigration Reform Law Institute**　　　represented by　**Matthew James O'Brien**
Immigration Reform Law Institute
25 Massachusetts Avenue NW
Suite 335
Washington, DC 20001
571–236–8146
Email: mobrien@irli.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher J. Hajec**
Immigration Reform Law Institute
25 Massachusetts Avenue NW, Suite 335
Washington, DC 20001
202–232–5590
Email: chajec@irli.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amicus**

**The State of Iowa and 17 other States**　　　represented by　**Nathaniel M. Lindzen**
Law Office of Nathaniel Lindzen/SWI
57 School Street
Wayland, MA 01778
212–810–7627
Email: nlindzen@corpfraudlaw.com
*ATTORNEY TO BE NOTICED*

**Amicus**

**Edwin L Meese, III**　　　represented by　**Frank L. McNamara , Jr.**
McNamara & Associates
53 Wilder Road
Bolton, MA 01740

978–333–9608
Email: franklmcnamara@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan P. McLane**
McLane & McLane, LLC
269 South Westfield Street
Feeding Hills, MA 01030
413–789–7771
Email: ryan@mclanelaw.com
*ATTORNEY TO BE NOTICED*

**Interested Party**

**Rubin Young**                    represented by  **Rubin Young**
                                                   14060 SW 258th St.
                                                   Homestead, FL 33032
                                                   PRO SE

**Interested Party**

**Mark Marvin**                    represented by  **Mark Marvin**
                                                   135 Mills Road
                                                   Walden, NY 12586
                                                   PRO SE

**Interested Party**

**Melvin Jones, Jr.**

V.

**Intervenor**

**Leonard W. Houston**             represented by  **Leonard W. Houston**
*TERMINATED: 02/04/2025*                           148 Deer Court Drive, Bldg. 4
                                                   Middletown, NY 10940
                                                   845–343–8923
                                                   Email: lenny.houston@yahoo.com
                                                   PRO SE

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 01/21/2025 | 1 | COMPLAINT *for Declaratory and Injunctive Relief* against All Defendants Filing fee: $ 405, receipt number AMADC–10796809 (Fee Status: Filing Fee paid), filed by Commonwealth of Massachusetts. (Attachments: # 1 Exhibit A (Executive Order), # 2 Civil Cover Sheet, # 3 Category Form)(Cedrone, Gerard) (Entered: 01/21/2025) |
| 01/21/2025 | 2 | NOTICE of Appearance by Gerard J. Cedrone on behalf of Commonwealth of Massachusetts (Cedrone, Gerard) (Entered: 01/21/2025) |

| 01/21/2025 | 3 | MOTION for Preliminary Injunction *and for Expedited Briefing* by Commonwealth of Massachusetts. (Attachments: # 1 Text of Proposed Order)(Cedrone, Gerard) (Entered: 01/21/2025) |
|---|---|---|
| 01/21/2025 | 4 | NOTICE of Appearance by Jared B. Cohen on behalf of Commonwealth of Massachusetts (Cohen, Jared) (Entered: 01/21/2025) |
| 01/21/2025 | 5 | MEMORANDUM in Support re 3 MOTION for Preliminary Injunction *and for Expedited Briefing* filed by Commonwealth of Massachusetts. (Attachments: # 1 Table of Exhibits, # 2 Exhibit A (Adelman Decl.), # 3 Exhibit B (Ehling Decl.), # 4 Exhibit C (Baston Decl.), # 5 Exhibit D (Jamet Decl.), # 6 Exhibit E (Boyle Decl.), # 7 Exhibit F (Lapkoff Decl.), # 8 Exhibit G (Rice Decl.), # 9 Exhibit H (Sesti Decl.), # 10 Exhibit I (Duncan Decl.), # 11 Exhibit J (Groen Decl.), # 12 Exhibit K (Harrington Decl.), # 13 Exhibit L (Heenan Decl.), # 14 Exhibit M (Nguyen Decl.), # 15 Exhibit N (Villamil–Cummings Decl.), # 16 Exhibit O (Armenia Decl.), # 17 Exhibit P (Fanning Decl.), # 18 Exhibit Q (Avenia Decl.), # 19 Exhibit R (Hadler Decl.), # 20 Exhibit S (Gauthier Decl.), # 21 Exhibit T (Wong Decl.), # 22 Exhibit U (State Dept. Foreign Affairs Manual), # 23 Exhibit V (Weisberg Decl.), # 24 Exhibit W (Executive Order), # 25 Exhibit X (Webster's Dictionary), # 26 Exhibit Y (Blackstone's Commentaries), # 27 Exhibit Z (Congressional Globe))(Cedrone, Gerard) (Entered: 01/21/2025) |
| 01/21/2025 | 6 | ELECTRONIC NOTICE of Case Assignment. District Judge Leo T. Sorokin assigned to case. If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge M. Page Kelley. (NMC) (Entered: 01/21/2025) |
| 01/21/2025 | 7 | MOTION for Leave to Appear Pro Hac Vice for admission of Jeremy M. Feigenbaum, Shankar Duraiswamy, Viviana M. Hanley, Shefali Saxena, and Elizabeth R. Walsh Filing fee: $ 625, receipt number AMADC–10797167 by State of New Jersey. (Attachments: # 1 Jeremy M. Feigenbaum Certification, # 2 Shankar Duraiswamy Certification, # 3 Viviana M. Hanley Certification, # 4 Shefali Saxena Certification, # 5 Elizabeth R. Walsh Certification)(Cedrone, Gerard) Modified on 1/23/2025: Updated docket text. (Entered: 01/21/2025) |
| 01/21/2025 | 8 | MOTION for Leave to Appear Pro Hac Vice for admission of Denise Levey, Delbert Tran, Irina Trasovan, Marissa Malouff, Lorraine Lopez, and Annabelle Wilmott by State of California. (Attachments: # 1 Denise Levey Certification, # 2 Delbert Tran Certification, # 3 Irina Trasovan Certification, # 4 Marissa Malouff Certification, # 5 Lorraine Lopez Certification, # 6 Annabelle Wilmott Certification)(Cedrone, Gerard) Modified on 1/23/2025: Updated docket text. (SED). (Entered: 01/21/2025) |
| 01/21/2025 | 9 | NOTICE of Appearance by Katherine Connolly Sadeck on behalf of State of Rhode Island (Sadeck, Katherine) (Entered: 01/21/2025) |
| 01/21/2025 | 10 | MOTION for Leave to Appear Pro Hac Vice for admission of Shannon Stevenson by State of Colorado. (Attachments: # 1 Shannon Stevenson Certification)(Cedrone, Gerard) Modified on 1/23/2025: Updated docket text. (SED). (Entered: 01/21/2025) |
| 01/21/2025 | 11 | MOTION for Leave to Appear Pro Hac Vice for admission of William M. Tong and Janelle Rose Medeiros by State of Connecticut. (Attachments: # 1 William M. Tong Certification, # 2 Janelle Rose Medeiros Certification)(Cedrone, Gerard) Modified on 1/23/2025: Updated docket text. (SED). (Entered: 01/21/2025) |
| 01/21/2025 | 12 | |

| | | |
|---|---|---|
| | | NOTICE of Appearance by Sean D. Magenis on behalf of State of Maine (Magenis, Sean) (Entered: 01/21/2025) |
| 01/21/2025 | 13 | MOTION for Leave to Appear Pro Hac Vice for admission of Daniel P. Mosteller Filing fee: $ 125, receipt number AMADC−10797996 by State of North Carolina. (Attachments: # 1 Certification of Daniel P. Mosteller)(Cedrone, Gerard) (Entered: 01/21/2025) |
| 01/21/2025 | 14 | NOTICE OF ATTORNEY PAYMENT OF FEES as to 11 MOTION for Leave to Appear Pro Hac Vice for admission of William M. Tong and Janelle Rose Medeiros by Plaintiff State of Connecticut. Filing fee $ 250, receipt number AMADC−10798064. Payment Type : PRO HAC VICE. (Cedrone, Gerard) (Entered: 01/21/2025) |
| 01/21/2025 | 15 | MOTION for Leave to Appear Pro Hac Vice for admission of Julio A. Thompson Filing fee: $ 125, receipt number AMADC−10798127 by State of Vermont. (Attachments: # 1 Julio A. Thompson Certification)(Cedrone, Gerard) (Entered: 01/21/2025) |
| 01/21/2025 | 16 | MOTION for Leave to Appear Pro Hac Vice for admission of Gabe Johnson−Karp Filing fee: $ 125, receipt number AMADC−10798178 by State of Wisconsin. (Attachments: # 1 Gabe Johnson−Karp Certification)(Cedrone, Gerard) (Entered: 01/21/2025) |
| 01/21/2025 | 17 | MOTION for Leave to Appear Pro Hac Vice for admission of John C. Keller Filing fee: $ 125, receipt number AMADC−10798221 by State of Minnesota. (Attachments: # 1 John C. Keller Certification)(Cedrone, Gerard) (Entered: 01/21/2025) |
| 01/21/2025 | 18 | NOTICE OF ATTORNEY PAYMENT OF FEES as to 10 MOTION for Leave to Appear Pro Hac Vice for admission of Shannon Stevenson by Plaintiff State of Colorado. Filing fee $ 125, receipt number AMADC−10798258. Payment Type : PRO HAC VICE. (Cedrone, Gerard) (Entered: 01/21/2025) |
| 01/21/2025 | 19 | MOTION for Leave to Appear Pro Hac Vice for admission of David S. Louk and Molly J. Alarcon Filing fee: $ 250, receipt number AMADC−10798271 by City and County of San Francisco. (Attachments: # 1 David S. Louk Certification, # 2 Molly J. Alarcon Certification)(Cedrone, Gerard) (Entered: 01/21/2025) |
| 01/21/2025 | 20 | Summons Issued as to Dorothy Fink, Benjamine Huffman, Michelle King, Marco Rubio, Donald J. Trump, U.S. Department of Health and Human Services, U.S. Department of Homeland Security, U.S. Department of State, U.S. Social Security Administration, United States of America. **Counsel receiving this notice electronically should download this summons, complete one for each defendant and serve it in accordance with Fed.R.Civ.P. 4 and LR 4.1. Summons will be mailed to plaintiff(s) not receiving notice electronically for completion of service.** (LBO) (Entered: 01/21/2025) |
| 01/21/2025 | 21 | MOTION for Leave to Appear Pro Hac Vice for admission of Neil Giovanatti, Toni L. Harris, and Stephanie M. Service Filing fee: $ 375, receipt number AMADC−10798386 by Dana Nessel. (Attachments: # 1 Neil Giovanatti Certification, # 2 Toni L. Harris Certification, # 3 Stephanie M. Service Certification)(Cedrone, Gerard) (Entered: 01/21/2025) |
| 01/21/2025 | 22 | MOTION for Leave to Appear Pro Hac Vice for admission of Vanessa L. Kassab Filing fee: $ 125, receipt number AMADC−10798387 by State of Delaware. |

| | | |
|---|---|---|
| | | (Attachments: # 1 Vanessa L. Kassab Certification)(Cedrone, Gerard) (Entered: 01/21/2025) |
| 01/22/2025 | 23 | MOTION for Leave to Appear Pro Hac Vice for admission of Zoe Levine Filing fee: $ 125, receipt number AMADC–10798893 by State of New York.(Metro, Stacey) (Main Document 23 replaced on 1/23/2025, detached from supporting document) (FGD). (Additional attachment(s) added on 1/23/2025: # 1 Certificate of Zoe Levine) (FGD). (Entered: 01/22/2025) |
| 01/22/2025 | 24 | MOTION for Leave to Appear Pro Hac Vice for admission of Nicole S. Hill Filing fee: $ 125, receipt number AMADC–10799082 by District of Columbia. (Attachments: # 1 Nicole S. Hill Certification)(Cedrone, Gerard) (Entered: 01/22/2025) |
| 01/22/2025 | 25 | MOTION for Leave to Appear Pro Hac Vice for admission of James W. Grayson Filing fee: $ 125, receipt number AMADC–10799163 by State of New Mexico. (Attachments: # 1 James W. Grayson Certification)(Cedrone, Gerard) (Entered: 01/22/2025) |
| 01/22/2025 | 26 | District Judge Leo T. Sorokin: ORDER entered: Plaintiffs shall show cause by Friday, January 24, 2025 at 4 PM why this case should not be returned to the Clerk for random assignment. Joint status report regarding briefing schedule due Friday January 24, 2025 at 4 PM. (FGD) (Entered: 01/22/2025) |
| 01/22/2025 | 27 | NOTICE OF ATTORNEY PAYMENT OF FEES as to 8 MOTION for Leave to Appear Pro Hac Vice for admission of Denise Levey, Delbert Tran, Irina Trasovan, Marissa Malouff, Lorraine Lopez, and Annabelle Wilmott by Plaintiff State of California. Filing fee $ 750, receipt number AMADC–10799509. Payment Type : PRO HAC VICE. (Cedrone, Gerard) (Entered: 01/22/2025) |
| 01/22/2025 | 28 | MOTION for Leave to Appear Pro Hac Vice for admission of Kaliko'onalani D. Fernandes Filing fee: $ 125, receipt number AMADC–10799624 by State of Hawaii. (Attachments: # 1 Kaliko'onalani D. Fernandes Certification)(Cedrone, Gerard) (Entered: 01/22/2025) |
| 01/23/2025 | 29 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered granting 24 Motion for Leave to Appear Pro Hac Vice Added Nicole S. Hill. **Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register–account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.** Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen–pro–hac–vice.htm. A Notice of Appearance must be entered on the docket by the newly admitted attorney. (SED) (Entered: 01/23/2025) |
| 01/23/2025 | 30 | |

| | | |
|---|---|---|
| | | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered granting <u>13</u> Motion for Leave to Appear Pro Hac Vice Added Daniel P. Mosteller.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at** <u>**https://pacer.uscourts.gov/register−account**</u>**. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions <u>https://www.mad.uscourts.gov/caseinfo/nextgen−pro−hac−vice.htm</u>.<br><br>A Notice of Appearance must be entered on the docket by the newly admitted attorney.<br><br>(FGD) (Entered: 01/23/2025) |
| 01/23/2025 | 31 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered granting <u>15</u> Motion for Leave to Appear Pro Hac Vice Added Julio A. Thompson.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at** <u>**https://pacer.uscourts.gov/register−account**</u>**. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions <u>https://www.mad.uscourts.gov/caseinfo/nextgen−pro−hac−vice.htm</u>.<br><br>A Notice of Appearance must be entered on the docket by the newly admitted attorney.<br><br>(FGD) (Entered: 01/23/2025) |
| 01/23/2025 | 32 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered granting <u>16</u> Motion for Leave to Appear Pro Hac Vice Added Gabe Johnson−Karp.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at** <u>**https://pacer.uscourts.gov/register−account**</u>**. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions <u>https://www.mad.uscourts.gov/caseinfo/nextgen−pro−hac−vice.htm</u>.<br><br>A Notice of Appearance must be entered on the docket by the newly admitted attorney. |

| | | |
|---|---|---|
| | | (FGD) (Entered: 01/23/2025) |
| 01/23/2025 | 33 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered granting <u>17</u> Motion for Leave to Appear Pro Hac Vice Added John C. Keller.<br><br>**<span style="color:red">Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at <u>https://pacer.uscourts.gov/register-account</u>. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.</span>**<br><br>Pro Hac Vice Admission Request Instructions <u>https://www.mad.uscourts.gov/caseinfo/nextgen-pro-hac-vice.htm</u>.<br><br>A Notice of Appearance must be entered on the docket by the newly admitted attorney.<br><br>(FGD) (Entered: 01/23/2025) |
| 01/23/2025 | 34 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered granting <u>25</u> Motion for Leave to Appear Pro Hac Vice Added James W. Grayson.<br><br>**<span style="color:red">Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at <u>https://pacer.uscourts.gov/register-account</u>. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.</span>**<br><br>Pro Hac Vice Admission Request Instructions <u>https://www.mad.uscourts.gov/caseinfo/nextgen-pro-hac-vice.htm</u>.<br><br>A Notice of Appearance must be entered on the docket by the newly admitted attorney.<br><br>(SED) (Entered: 01/23/2025) |
| 01/23/2025 | 35 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered granting <u>28</u> Motion for Leave to Appear Pro Hac Vice Added Kaliko'onalani D. Fernandes.<br><br>**<span style="color:red">Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at <u>https://pacer.uscourts.gov/register-account</u>. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.</span>**<br><br>Pro Hac Vice Admission Request Instructions <u>https://www.mad.uscourts.gov/caseinfo/nextgen-pro-hac-vice.htm</u>.<br><br>A Notice of Appearance must be entered on the docket by the newly admitted attorney. |

| | | |
|---|---|---|
| | | (SED) (Entered: 01/23/2025) |
| 01/23/2025 | 36 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered granting <u>19</u> Motion for Leave to Appear Pro Hac Vice Added Molly J. Alarcon, David S. Louk.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at <u>https://pacer.uscourt.gov/register−account</u>. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions <u>https://www.mad.uscourts.gov/caseinfo/nextgen−pro−hac−vice.htm</u>.<br><br>A Notice of Appearance must be entered on the docket by the newly admitted attorney.<br><br>(FGD) (Entered: 01/23/2025) |
| 01/23/2025 | 37 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered granting <u>21</u> Motion for Leave to Appear Pro Hac Vice Added Neil Giovanatti, Toni L. Harris, Stephanie M. Service.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at <u>https://pacer.uscourt.gov/register−account</u>. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions <u>https://www.mad.uscourts.gov/caseinfo/nextgen−pro−hac−vice.htm</u>.<br><br>A Notice of Appearance must be entered on the docket by the newly admitted attorney.<br><br>(FGD) (Entered: 01/23/2025) |
| 01/23/2025 | 38 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered granting <u>22</u> Motion for Leave to Appear Pro Hac Vice Added Vanessa L. Kassab.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at <u>https://pacer.uscourt.gov/register−account</u>. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions <u>https://www.mad.uscourts.gov/caseinfo/nextgen−pro−hac−vice.htm</u>. |

| | | A Notice of Appearance must be entered on the docket by the newly admitted attorney.<br><br>(FGD) (Entered: 01/23/2025) |
|---|---|---|
| 01/23/2025 | 39 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered granting <u>23</u> Motion for Leave to Appear Pro Hac Vice Added Zoe Levine.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register−account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen−pro−hac−vice.htm.<br><br>A Notice of Appearance must be entered on the docket by the newly admitted attorney.<br><br>(FGD) (Entered: 01/23/2025) |
| 01/23/2025 | <u>40</u> | SUMMONS Returned Executed as to US Attorney by Dana Nessel, District of Columbia, Commonwealth of Massachusetts, State of Rhode Island, State of New Jersey, State of Vermont, State of Nevada, State of North Carolina, State of Delaware, State of California, State of Maine, State of Minnesota, State of New Mexico, State of New York, City and County of San Francisco, State of Hawaii, State of Colorado, State of Maryland, State of Wisconsin, State of Connecticut. All Defendants. (Attachments: # <u>1</u> Affidavit of In−Person Service on the United States Attorney's Office, # <u>2</u> Affidavit of Certified Mail Service on Defendants)(Cedrone, Gerard) (Entered: 01/23/2025) |
| 01/23/2025 | <u>41</u> | NOTICE of Appearance by Gerard J. Cedrone on behalf of State of New Jersey, State of California, State of Colorado, State of Connecticut (Cedrone, Gerard) (Entered: 01/23/2025) |
| 01/23/2025 | <u>42</u> | MOTION for Leave to Appear Pro Hac Vice for admission of Leonard Giarrano IV by State of Rhode Island. (Attachments: # <u>1</u> Certificate)(Sadeck, Katherine) (Entered: 01/23/2025) |
| 01/23/2025 | 43 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered granting <u>42</u> Motion for Leave to Appear Pro Hac Vice Added Leonard Giarrano IV.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register−account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen−pro−hac−vice.htm. |

| | | A Notice of Appearance must be entered on the docket by the newly admitted attorney. |
| | | |
| | | (SED) (Entered: 01/23/2025) |
| 01/23/2025 | 44 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered granting 7 Motion for Leave to Appear Pro Hac Vice Added Jeremy M. Feigenbaum, Shankar Duraiswamy, Viviana M. Hanley, Shefali Saxena, and Elizabeth R. Walsh. |
| | | **Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourt.gov/register−account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.** |
| | | Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen−pro−hac−vice.htm. |
| | | A Notice of Appearance must be entered on the docket by the newly admitted attorney. |
| | | (FGD) (Entered: 01/23/2025) |
| 01/23/2025 | 45 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered granting 8 Motion for Leave to Appear Pro Hac Vice Added Denise Levey, Delbert Tran, Irina Trasovan, Marissa Malouff, Lorraine Lopez, and Annabelle Wilmott. |
| | | **Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourt.gov/register−account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.** |
| | | Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen−pro−hac−vice.htm. |
| | | A Notice of Appearance must be entered on the docket by the newly admitted attorney. |
| | | (FGD) (Entered: 01/23/2025) |
| 01/23/2025 | 46 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered granting 10 Motion for Leave to Appear Pro Hac Vice Added Shannon Stevenson. |
| | | **Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourt.gov/register−account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.** |

| | | Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen−pro−hac−vice.htm. A Notice of Appearance must be entered on the docket by the newly admitted attorney. (FGD) (Entered: 01/23/2025) |
|---|---|---|
| 01/23/2025 | 47 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered granting 11 Motion for Leave to Appear Pro Hac Vice Added William M. Tong and Janelle Rose Medeiros. **Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register−account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.** Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen−pro−hac−vice.htm. A Notice of Appearance must be entered on the docket by the newly admitted attorney. (FGD) (Entered: 01/23/2025) |
| 01/23/2025 | 48 | NOTICE OF ATTORNEY PAYMENT OF FEES as to 42 MOTION for Leave to Appear Pro Hac Vice for admission of Leonard Giarrano IV by Plaintiff State of Rhode Island. Filing fee $ 125, receipt number AMADC−10802830. Payment Type : PRO HAC VICE. (Sadeck, Katherine) Modified on 1/24/2025: Updated docket text to reflect the motion in which the fee applied to. (FGD) (Entered: 01/23/2025) |
| 01/24/2025 | 49 | NOTICE of Appearance by Daniel Paul Mosteller on behalf of State of North Carolina (Mosteller, Daniel) (Entered: 01/24/2025) |
| 01/24/2025 | 50 | NOTICE of Appearance by Shannon Wells Stevenson on behalf of State of Colorado (Stevenson, Shannon) (Entered: 01/24/2025) |
| 01/24/2025 | 51 | NOTICE of Appearance by Toni L. Harris on behalf of Dana Nessel (Harris, Toni) (Entered: 01/24/2025) |
| 01/24/2025 | 52 | NOTICE of Appearance by Leonard Giarrano, IV on behalf of State of Rhode Island (Giarrano, Leonard) (Entered: 01/24/2025) |
| 01/24/2025 | 53 | NOTICE of Appearance by Neil Giovanatti on behalf of Dana Nessel (Giovanatti, Neil) (Entered: 01/24/2025) |
| 01/24/2025 | 54 | NOTICE of Appearance by Stephanie M. Service on behalf of Dana Nessel (Service, Stephanie) (Entered: 01/24/2025) |
| 01/24/2025 | 55 | NOTICE of Appearance by David Scott Louk on behalf of City and County of San Francisco (Louk, David) (Entered: 01/24/2025) |
| 01/24/2025 | 56 | |

| | | |
|---|---|---|
| | | NOTICE of Appearance by Molly J. Alarcon on behalf of City and County of San Francisco (Alarcon, Molly) (Entered: 01/24/2025) |
| 01/24/2025 | 57 | NOTICE of Appearance by James Grayson on behalf of State of New Mexico (Grayson, James) (Entered: 01/24/2025) |
| 01/24/2025 | 58 | NOTICE of Appearance by Brad P. Rosenberg on behalf of Donald J. Trump, U.S. Department of State, Marco Rubio, U.S. Department of Homeland Security, Benjamine Huffman, U.S. Department of Health and Human Services, Dorothy Fink, U.S. Social Security Administration, Michelle King, United States of America (Rosenberg, Brad) (Entered: 01/24/2025) |
| 01/24/2025 | 59 | RESPONSE TO ORDER TO SHOW CAUSE by State of Maryland, Dana Nessel, State of Minnesota, State of Nevada, State of New Mexico, State of New York, State of North Carolina, State of Rhode Island, State of Vermont, State of Wisconsin, State of New Jersey, City and County of San Francisco, Commonwealth of Massachusetts, State of California, State of Colorado, State of Connecticut, State of Delaware, District of Columbia, State of Hawaii, State of Maine. (Cedrone, Gerard) (Entered: 01/24/2025) |
| 01/24/2025 | 60 | STATUS REPORT by State of Maryland, Dana Nessel, State of Minnesota, State of Nevada, State of New Mexico, State of New York, State of North Carolina, State of Rhode Island, State of Vermont, State of Wisconsin, State of New Jersey, City and County of San Francisco, Commonwealth of Massachusetts, State of California, State of Colorado, State of Connecticut, State of Delaware, District of Columbia, State of Hawaii, State of Maine. (Cedrone, Gerard) (Entered: 01/24/2025) |
| 01/24/2025 | 61 | MOTION for Leave to Appear Pro Hac Vice for admission of Adam D. Kirschner Filing fee: $ 125, receipt number AMADC−10805597 by State of Maryland. (Attachments: # 1 Adam D. Kirschner Certification)(Cedrone, Gerard) (Entered: 01/24/2025) |
| 01/24/2025 | 62 | NOTICE of Appearance by Robert Charles Merritt on behalf of Donald J. Trump, U.S. Department of State, Marco Rubio, U.S. Department of Homeland Security, Benjamine Huffman, U.S. Department of Health and Human Services, Dorothy Fink, U.S. Social Security Administration, Michelle King, United States of America (Merritt, Robert) (Entered: 01/24/2025) |
| 01/24/2025 | 63 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered granting 61 Motion for Leave to Appear Pro Hac Vice Added Adam D. Kirschner. **Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register−account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.** Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen−pro−hac−vice.htm. A Notice of Appearance must be entered on the docket by the newly admitted attorney. |

| | | (FGD) (Entered: 01/24/2025) |
|---|---|---|
| 01/24/2025 | 64 | NOTICE of Appearance by Nicole Suzanne Hill on behalf of District of Columbia (Hill, Nicole) (Entered: 01/24/2025) |
| 01/24/2025 | 65 | NOTICE of Appearance by Denise Yesenia Levey on behalf of State of California (Levey, Denise) (Entered: 01/24/2025) |
| 01/24/2025 | 66 | NOTICE of Appearance by Irina Trasovan on behalf of State of California (Trasovan, Irina) (Entered: 01/24/2025) |
| 01/24/2025 | 67 | NOTICE of Appearance by Zoe Levine on behalf of State of New York (Levine, Zoe) (Entered: 01/24/2025) |
| 01/24/2025 | 68 | NOTICE of Appearance by Delbert Tran on behalf of State of California (Tran, Delbert) (Entered: 01/24/2025) |
| 01/24/2025 | 69 | NOTICE of Appearance by Lorraine Lopez on behalf of State of California (Lopez, Lorraine) (Entered: 01/24/2025) |
| 01/24/2025 | 70 | NOTICE of Appearance by Annabelle Cathryn Wilmott on behalf of State of California (Wilmott, Annabelle) (Entered: 01/24/2025) |
| 01/24/2025 | 71 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered.<br><br>After review of the response to the Order to Show Cause filed by the Plaintiffs, Doc. No. 59, the Court discharges the Order and determines that the two cases at issue are related within the meaning of Local Rule 40.1(g) for the reasons expressed in the filing.  Most significantly, the Court notes: (1) though the Complaint and Motion filed by the Plaintiffs in this case involve a broader range of factual issues, they do also involve the same factual issues raised by the Doe Complaint and Motion; (2) random reassignment of this case poses a risk of different determinations as to the same factual issues, as well as a possible risk that Defendants might become subject to conflicting court orders regarding their treatment of Ms. Doe and members of the organizations that are also plaintiffs in the Doe case; and (3) counsel representing all Defendants in both cases &ldquo;do not oppose continuing to treat the cases as related,&rdquo; Doc. No. 59 at 1 n.1.  In addition, the Court ADOPTS the jointly proposed briefing deadlines, Doc. No. 60 at 1, and schedules a hearing on the Plaintiffs&rsquo; motion for preliminary injunction (Doc. No. 3) for February 7, 2025, at 10:00 AM, along with the previously scheduled hearing on the motion for preliminary injunctive relief in Doe.( Motion Hearing set for 2/7/2025 10:00 AM in Courtroom 13 (In person only) before District Judge Leo T. Sorokin.)(SED) (Entered: 01/24/2025) |
| 01/24/2025 | 72 | NOTICE of Appearance by Marissa Malouff on behalf of State of California (Malouff, Marissa) (Entered: 01/24/2025) |
| 01/27/2025 | 73 | NOTICE of Appearance by John C. Keller on behalf of State of Minnesota (Keller, John) (Entered: 01/27/2025) |
| 01/27/2025 | 74 | NOTICE of Appearance by Shefali Saxena on behalf of State of New Jersey (Saxena, Shefali) (Additional attachment(s) added on 1/28/2025: # 1 Certficate of Service) (FGD). (Entered: 01/27/2025) |
| 01/27/2025 | 75 | NOTICE of Appearance by Elizabeth R. Walsh on behalf of State of New Jersey (Walsh, Elizabeth) (Additional attachment(s) added on 1/28/2025: # 1 Certficate of |

| | | Service) (FGD). (Main Document 75 replaced on 1/28/2025, with corrected information per counsel's request.) (FGD) (Entered: 01/27/2025) |
|---|---|---|
| 01/27/2025 | 76 | NOTICE of Appearance by William M. Tong on behalf of State of Connecticut (Tong, William) (Entered: 01/27/2025) |
| 01/27/2025 | 77 | NOTICE of Appearance by Janelle Medeiros on behalf of State of Connecticut (Medeiros, Janelle) (Entered: 01/27/2025) |
| 01/27/2025 | 78 | NOTICE of Appearance by Yuri Fuchs on behalf of Donald J. Trump, U.S. Department of State, Marco Rubio, U.S. Department of Homeland Security, Benjamine Huffman, U.S. Department of Health and Human Services, Dorothy Fink, U.S. Social Security Administration, Michelle King, United States of America (Fuchs, Yuri) (Entered: 01/27/2025) |
| 01/27/2025 | 79 | MOTION for Leave to Appear Pro Hac Vice for admission of Heidi Parry Stern Filing fee: $ 125, receipt number AMADC–10808133 by State of Nevada. (Attachments: # 1 Heidi Parry Stern Certification)(Cedrone, Gerard) (Entered: 01/27/2025) |
| 01/27/2025 | 80 | NOTICE of Appearance by Kalikoonalani Diara Fernandes on behalf of State of Hawaii (Fernandes, Kalikoonalani) (Entered: 01/27/2025) |
| 01/28/2025 | 81 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered granting 79 Motion for Leave to Appear Pro Hac Vice Added Heidi Parry Stern.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register–account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen–pro–hac–vice.htm.<br><br>A Notice of Appearance must be entered on the docket by the newly admitted attorney.<br><br>(FGD) (Entered: 01/28/2025) |
| 01/28/2025 | 82 | NOTICE of Appearance by Viviana Maria Hanley on behalf of State of New Jersey (Hanley, Viviana) (Entered: 01/28/2025) |
| 01/28/2025 | 83 | District Judge Leo T. Sorokin: ORDER entered. New Civil Cases General Procedural ORDER. (FGD) (Entered: 01/28/2025) |
| 01/28/2025 | 84 | MOTION for Leave to File *Proposed Amicus Brief* by Local Governments and Local Government Officials. (Attachments: # 1 Exhibit Proposed Amicus Brief)(Miller, Jonathan) (Entered: 01/28/2025) |
| 01/29/2025 | 85 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered: re 84 MOTION for Leave to File Proposed Amicus Brief. |

| | | |
|---|---|---|
| | | This motion is ALLOWED with the consent of all parties. Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include – Leave to file granted on (date of order)– in the caption of the document. (SED) (Entered: 01/29/2025) |
| 01/29/2025 | 86 | NOTICE of Appearance by Adam Kirschner on behalf of State of Maryland (Kirschner, Adam) (Entered: 01/29/2025) |
| 01/29/2025 | 87 | NOTICE of Appearance by Heidi Parry Stern on behalf of State of Nevada (Stern, Heidi) (Entered: 01/29/2025) |
| 01/29/2025 | 88 | AMICUS BRIEF filed by Local Governments and Local Government Officials . (Miller, Jonathan) (Entered: 01/29/2025) |
| 01/29/2025 | 89 | NOTICE of Appearance by Shankar Duraiswamy on behalf of State of New Jersey (Duraiswamy, Shankar) (Entered: 01/29/2025) |
| 01/30/2025 | 90 | MOTION for Leave to Appear Pro Hac Vice for admission of David Chiu, Yvonne R. Mere, Sara J. Eisenberg, and Mollie M. Lee by City and County of San Francisco. (Attachments: # 1 David Chiu Certification, # 2 Yvonne R. Mere Certification, # 3 Sara J. Eisenberg Certification, # 4 Mollie M. Lee Certification)(Cedrone, Gerard) (Entered: 01/30/2025) |
| 01/30/2025 | 91 | NOTICE of Appearance by Gabe Johnson–Karp on behalf of State of Wisconsin (Johnson–Karp, Gabe) (Entered: 01/30/2025) |
| 01/31/2025 | 92 | Opposition re 3 MOTION for Preliminary Injunction *and for Expedited Briefing* filed by Donald J. Trump, U.S. Department of State, Marco Rubio, U.S. Department of Homeland Security, Benjamin Huffman, U.S. Department of Health and Human Services, Dorothy Fink, U.S. Social Security Administration, Michelle King, United States of America. (Merritt, Robert) (Entered: 01/31/2025) |
| 01/31/2025 | 93 | MOTION for Leave to Appear Pro Hac Vice for admission of Ian R. Liston Filing fee: $ 125, receipt number AMADC–10818610 by State of Delaware. (Attachments: # 1 Ian R. Liston Certification)(Cedrone, Gerard) (Entered: 01/31/2025) |
| 02/03/2025 | 94 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered granting 93 Motion for Leave to Appear Pro Hac Vice Added Ian R. Liston.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register–account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen–pro–hac–vice.htm.<br><br>A Notice of Appearance must be entered on the docket by the newly admitted attorney.<br><br>(FGD) (Entered: 02/03/2025) |

| 02/03/2025 | 95 | MOTION for Leave to File *Proposed Amicus Brief* by The State of Iowa and 17 other States. (Attachments: # 1 Exhibit [Proposed] Amicus Brief)(Lindzen, Nathaniel) (Main Document 95 replaced on 2/3/2025, with corrected PDF) (FGD). Modified docket text on 2/4/2025 to correct filer. (Entered: 02/03/2025) |
|---|---|---|
| 02/03/2025 | 96 | MOTION for Limited Intervention as of Right, the Constitutional Challenge to the Executive Order Purporting to End Birthright Citizenship by Leonard W. Houston. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Cover Letter). (FGD) (Entered: 02/03/2025) |
| 02/03/2025 | 97 | MOTION for Leave to File *Amicus Brief* by State of Tennessee. (Attachments: # 1 Exhibit State of Tennessee's proposed amicus brief)(Coulam, Andrew) (Entered: 02/03/2025) |
| 02/03/2025 | 98 | NOTICE of Appearance by George W. Vien on behalf of Members of Congress. (Vien, George) (Entered: 02/03/2025) |
| 02/03/2025 | 99 | NOTICE of Appearance by Matthew James O'Brien on behalf of Immigration Reform Law Institute (O'Brien, Matthew) (Entered: 02/03/2025) |
| 02/03/2025 | 100 | NOTICE of Appearance by Pietro A. Conte on behalf of Members of Congress (Conte, Pietro) (Entered: 02/03/2025) |
| 02/03/2025 | 101 | MOTION for Leave to Appear Pro Hac Vice for admission of R. Trent McCotter Filing fee: $ 125, receipt number AMADC–10820936 by Members of Congress. (Attachments: # 1 Affidavit Exhibit A – Affidavit of R. Trent McCotter)(Vien, George) (Entered: 02/03/2025) |
| 02/03/2025 | 102 | MOTION for Leave to Appear Pro Hac Vice for admission of Daniel Epstein Filing fee: $ 125, receipt number AMADC–10820973 by Members of Congress. (Attachments: # 1 Affidavit Exhibit A – Affidavit of Daniel Epstein)(Vien, George) (Entered: 02/03/2025) |
| 02/03/2025 | 103 | Consent MOTION for Leave to File *Amicus Brief* by Immigration Reform Law Institute. (Attachments: # 1 IRLI Amicus Brief)(O'Brien, Matthew) (Entered: 02/03/2025) |
| 02/03/2025 | 104 | MOTION for Leave to File *Amicus Brief* by Members of Congress. (Attachments: # 1 Exhibit A – Proposed Amicus Brief)(Vien, George) (Entered: 02/03/2025) |
| 02/03/2025 | 105 | MOTION for Leave to Appear Pro Hac Vice for admission of Gabriel R. Canaan, Christopher J. Hajec Filing fee: $ 250, receipt number AMADC–10820983 by Immigration Reform Law Institute. (Attachments: # 1 Gabriel R. Canaan Certification, # 2 Christopher J. Hajec Certification)(O'Brien, Matthew) (Entered: 02/03/2025) |
| 02/03/2025 | 106 | MOTION for Leave to Appear Pro Hac Vice for admission of James Matthew Rice and Whitney D. Hermandorfer Filing fee: $ 250, receipt number AMADC–10820848 by State of Tennessee. (Attachments: # 1 Exhibit Certificate of JMR, # 2 Exhibit Certificate of WDH)(Coulam, Andrew) (Entered: 02/03/2025) |
| 02/03/2025 | 107 | NOTICE of Appearance by Andrew C. Coulam on behalf of State of Tennessee (Coulam, Andrew) (Entered: 02/03/2025) |
| 02/03/2025 | 108 | NOTICE of Appearance by Jeremy Feigenbaum on behalf of State of New Jersey (Feigenbaum, Jeremy) (Entered: 02/03/2025) |

| 02/04/2025 | 109 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered granting <u>101</u> Motion for Leave to Appear Pro Hac Vice Added R. Trent McCotter.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at <u>https://pacer.uscourts.gov/register−account</u>. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions <u>https://www.mad.uscourts.gov/caseinfo/nextgen−pro−hac−vice.htm</u>.<br><br>A Notice of Appearance must be entered on the docket by the newly admitted attorney.<br><br>(FGD) (Entered: 02/04/2025) |
| 02/04/2025 | 110 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered granting <u>102</u> Motion for Leave to Appear Pro Hac Vice Added Daniel Epstein.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at <u>https://pacer.uscourts.gov/register−account</u>. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions <u>https://www.mad.uscourts.gov/caseinfo/nextgen−pro−hac−vice.htm</u>.<br><br>A Notice of Appearance must be entered on the docket by the newly admitted attorney.<br><br>(FGD) (Entered: 02/04/2025) |
| 02/04/2025 | 111 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered granting <u>105</u> Motion for Leave to Appear Pro Hac Vice Added Gabriel R. Canaan, and Christopher J. Hajec.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at <u>https://pacer.uscourts.gov/register−account</u>. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions <u>https://www.mad.uscourts.gov/caseinfo/nextgen−pro−hac−vice.htm</u>.<br><br>A Notice of Appearance must be entered on the docket by the newly admitted attorney. |

| | | |
|---|---|---|
| | | (FGD) (Entered: 02/04/2025) |
| 02/04/2025 | 112 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered granting 106 Motion for Leave to Appear Pro Hac Vice Added Matthew Rice, and Whitney D. Hermandorfer.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register–account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen–pro–hac–vice.htm.<br><br>A Notice of Appearance must be entered on the docket by the newly admitted attorney.<br><br>(FGD) (Entered: 02/04/2025) |
| 02/04/2025 | 113 | NOTICE of Appearance by Whitney D. Hermandorfer on behalf of State of Tennessee (Hermandorfer, Whitney) (Entered: 02/04/2025) |
| 02/04/2025 | 114 | NOTICE of Appearance by R. Trent McCotter on behalf of Members of Congress (McCotter, R. Trent) (Entered: 02/04/2025) |
| 02/04/2025 | 115 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered:<br><br>The Motions for Leave to submit amicus brief filed by Iowa and Seventeen States (# 95 ), Tennessee (# 97 ), Immigration Reform Law Institute (# 103 ), and Members of Congress (# 104 ) are ALLOWED. Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include – Leave to file granted on (date of order)– in the caption of the document. (FGD) (Entered: 02/04/2025) |
| 02/04/2025 | 116 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered:<br><br>The Motion to Intervene (# 96 ) filed pro se by Leonard Houston is DENIED. Even construed liberally, the submission fails to satisfy the movant's burden to establish entitlement to intervention pursuant to Fed. R. Civ. P. 24(a)–(b). The Court directs the Clerk not to place any future filings by Mr. Houston on the docket for this case unless the filing is a motion for reconsideration or a notice of appeal of this order. (FGD) (Entered: 02/04/2025) |
| 02/04/2025 | 117 | Copy re 116 Order, mailed to Leonard Houston on 2/4/2025. (FGD) (Entered: 02/04/2025) |
| 02/04/2025 | 118 | AMICUS BRIEF filed by Members of Congress . (Conte, Pietro) (Entered: 02/04/2025) |
| 02/04/2025 | 119 | NOTICE of Appearance by James Matthew Rice on behalf of State of Tennessee (Rice, James) (Entered: 02/04/2025) |

| 02/04/2025 | 120 | AMICUS BRIEF filed by Immigration Reform Law Institute . (O'Brien, Matthew) (Entered: 02/04/2025) |
| 02/04/2025 | 121 | NOTICE of Appearance by Nathaniel M. Lindzen on behalf of The State of Iowa and 17 other States (Lindzen, Nathaniel) (Entered: 02/04/2025) |
| 02/04/2025 | 122 | AMICUS BRIEF filed by The State of Iowa and 17 other States . (Lindzen, Nathaniel) (Entered: 02/04/2025) |
| 02/04/2025 | 123 | REPLY to Response to 3 MOTION for Preliminary Injunction *and for Expedited Briefing* filed by State of Maryland, Dana Nessel, State of Minnesota, State of Nevada, State of New Mexico, State of New York, State of North Carolina, State of Rhode Island, State of Vermont, State of Wisconsin, State of New Jersey, City and County of San Francisco, Commonwealth of Massachusetts, State of California, State of Colorado, State of Connecticut, State of Delaware, District of Columbia, State of Hawaii, State of Maine. (Attachments: # 1 Exhibit 1860 Webster's Dictionary Excerpt, # 2 Exhibit Hearings on H.R. 6127)(Hanley, Viviana) (Entered: 02/04/2025) |
| 02/04/2025 | 124 | MOTION for Leave to File Amicus Brief in Opposition to Plaintiff's 3 MOTION for Preliminary Injunction filed by Edwin L Meese, III . (Attachments: # 1 Exhibit Amicus Brief)(McNamara, Frank) Modified docketing event and docket text on 2/5/2025, to properly reflect document filed. (FGD) (Entered: 02/04/2025) |
| 02/04/2025 | 125 | Amicus Curiae APPEARANCE entered by Frank L. McNamara, Jr on behalf of Edwin L Meese, III. (McNamara, Frank) Modified on 2/5/2025: Removed duplicate attachment that was already filed with motion. (FGD) (Entered: 02/04/2025) |
| 02/05/2025 | 126 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered re: 124 MOTION for Leave to File Amicus Brief in Opposition to Plaintiff's 3 MOTION for Preliminary Injunction.<br><br>ALLOWED. Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include – Leave to file granted on (date of order)– in the caption of the document. (FGD) (Entered: 02/05/2025) |
| 02/05/2025 | 127 | AMICUS BRIEF filed by State of Tennessee . (Coulam, Andrew) (Entered: 02/05/2025) |
| 02/05/2025 | 128 | NOTICE of Appearance by Ryan P. McLane on behalf of Edwin L Meese, III (McLane, Ryan) (Entered: 02/05/2025) |
| 02/05/2025 | 129 | AMICUS BRIEF filed by Edwin L Meese, III . (McLane, Ryan) (Main Document 129 replaced on 2/6/2025, with corrected PDF) (FGD). (Entered: 02/05/2025) |
| 02/06/2025 | 130 | NOTICE of Appearance by Eric Hamilton on behalf of Donald J. Trump, U.S. Department of State, Marco Rubio, U.S. Department of Homeland Security, Benjamine Huffman, U.S. Department of Health and Human Services, Dorothy Fink, U.S. Social Security Administration, Michelle King, United States of America (Hamilton, Eric) (Entered: 02/06/2025) |
| 02/06/2025 | 131 | Letter/request (non–motion) from Rubin Young. (Attachments: # 1 Envelope). (FGD) (Entered: 02/06/2025) |
| 02/06/2025 | 132 | Friend of the Court BRIEF in Support of the President's Executive Order Clarifying the 14th Amendment by Rubin Young. (Attachments: # 1 Exhibit). (FGD) (Entered: |

| | | |
|---|---|---|
| | | 02/06/2025) |
| 02/07/2025 | 133 | Payment: $ 125.00, receipt number 100010533 for 90 MOTION for Leave to Appear Pro Hac Vice for admission of David Chiu, Yvonne R. Mere, Sara J. Eisenberg, and Mollie M. Lee (LBO) (Entered: 02/07/2025) |
| 02/07/2025 | 134 | Payment: $ 125.00, receipt number 100010534 for 90 MOTION for Leave to Appear Pro Hac Vice for admission of David Chiu, Yvonne R. Mere, Sara J. Eisenberg, and Mollie M. Lee (LBO) (Entered: 02/07/2025) |
| 02/07/2025 | 135 | Payment: $ 125.00, receipt number 100010535 for 90 MOTION for Leave to Appear Pro Hac Vice for admission of David Chiu, Yvonne R. Mere, Sara J. Eisenberg, and Mollie M. Lee (LBO) (Entered: 02/07/2025) |
| 02/07/2025 | 136 | Electronic Clerk's Notes for proceedings held before District Judge Leo T. Sorokin: Motion Hearing held on 2/7/2025 re ( 10 in 1:25−cv−10135−LTS) MOTION for Preliminary Injunction and ( 3 in 1:25−cv−10139−LTS) MOTION for Preliminary Injunction. The court hears arguments on both motions for preliminary injunction. The motions are taken under advisement. (Court Reporter: Rachel Lopez at raeufp@gmail.com.)(Attorneys present: Mirian Albert, Oren M. Sellstrom, and Jacob M. Love for plaintiffs in case 25cv10135−LTS, Shankar Duraiswamy, Gerard J. Cedrone, Jared B. Cohen, and Irina Trasovan for plaintiffs in case 25cv10139−LTS, Brad P. Rosenberg, and Eric Hamilton for the defendants.) Associated Cases: 1:25−cv−10135−LTS, 1:25−cv−10139−LTS(SED) (Entered: 02/07/2025) |
| 02/07/2025 | 137 | Payment: $ 125.00, receipt number 100010536 for 90 MOTION for Leave to Appear Pro Hac Vice for admission of David Chiu, Yvonne R. Mere, Sara J. Eisenberg, and Mollie M. Lee (LBO) (Entered: 02/07/2025) |
| 02/07/2025 | 138 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered granting 90 Motion for Leave to Appear Pro Hac Vice Added David Chiu, Yvonne R. Mere, Sara J. Eisenberg, and Mollie M. Lee. **Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register−account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.** Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen−pro−hac−vice.htm. A Notice of Appearance must be entered on the docket by the newly admitted attorney. (FGD) (Entered: 02/07/2025) |
| 02/11/2025 | 139 | |

| | | NOTICE of Appearance by Julio A Thompson on behalf of State of Vermont (Thompson, Julio) (Entered: 02/11/2025) |
|---|---|---|
| 02/12/2025 | 140 | NOTICE of Brazenburg V. Hayes Motion by Mark Marvin (Attachments: # 1 Exhibit, # 2 Envelope). (FGD) (Entered: 02/12/2025) |
| 02/13/2025 | 142 | Transcript of Motion Hearing held on February 7, 2025, before Judge Leo T. Sorokin. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Rachel Lopez at raeufp@gmail.com. Redaction Request due 3/6/2025. Redacted Transcript Deadline set for 3/17/2025. Release of Transcript Restriction set for 5/14/2025. Associated Cases: 1:25−cv−10135−LTS, 1:25−cv−10139−LTS(DRK) (Entered: 02/13/2025) |
| 02/13/2025 | 143 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above−captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at https://www.mad.uscourts.gov/caseinfo/transcripts.htm Associated Cases: 1:25−cv−10135−LTS, 1:25−cv−10139−LTS(DRK) (Entered: 02/13/2025) |
| 02/13/2025 | 144 | District Judge Leo T. Sorokin: ORDER entered. MEMORANDUM OF DECISION ON MOTIONS FOR PRELIMINARY INJUNCTION.<br><br>Associated Cases: 1:25−cv−10139−LTS, 1:25−cv−10135−LTS(FGD) (Entered: 02/13/2025) |
| 02/13/2025 | 145 | District Judge Leo T. Sorokin: ORDER entered. PRELIMINARY INJUNCTION. (FGD) (Entered: 02/13/2025) |
| 02/13/2025 | 146 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered.<br><br>The letter request filed pro se by Rubin Young (Doc. No. 131 ) seeking permission to file an amicus brief (Doc. No. 132 ) is DENIED. Acceptance of an amicus brief is a matter of discretion, and these submissions do not establish that Mr. Young "has a special interest that justifies his having a say" in this case. Strasser v. Doorley, 432 F.2d 567, 569 (1st Cir. 1970).<br><br>The "Notice of Branzburg v. Hayes Motion" filed pro se by Mark Marvin (Doc. No. 140 ) is DENIED to the extent it seeks dismissal of this action. Mr. Marvin is neither a party nor an intervenor and has not otherwise sought and obtained leave to participate in this action.<br><br>The Emergency and Ex Parte Motion to Intervene (Doc. No. 141 ) filed pro se by Melvin Jones Jr. is DENIED. Even construed liberally, the submission fails to satisfy the movant's burden to establish entitlement to intervention pursuant to Fed. R. Civ. P. 24(a)−(b).<br><br>The Court directs the Clerk not to place any future filing by Mr. Young, Mr. Marvin, or Mr. Jones on the docket for this case unless the filing is a motion for reconsideration or a notice of appeal of this order.<br><br>(FGD) (Entered: 02/13/2025) |
| 02/14/2025 | 147 | |

| | | NOTICE of Appearance by Mollie Mindes Lee on behalf of City and County of San Francisco (Lee, Mollie) (Entered: 02/14/2025) |
|---|---|---|
| 02/14/2025 | 148 | NOTICE of Appearance by Yvonne Mere on behalf of City and County of San Francisco (Mere, Yvonne) (Entered: 02/14/2025) |
| 02/14/2025 | 149 | NOTICE of Appearance by David S. Chiu on behalf of City and County of San Francisco (Chiu, David) (Entered: 02/14/2025) |
| 02/14/2025 | 150 | NOTICE OF APPEAL as to 146 Order,,,,, Terminate Motions,,,, 145 Preliminary Injunction, 144 Memorandum & ORDER, Terminate Motions by Melvin Jones, Jr. NOTICE TO COUNSEL: A Transcript Report/Order Form, which can be downloaded from the First Circuit Court of Appeals web site at http://www.ca1.uscourts.gov MUST be completed and submitted to the Court of Appeals. **Counsel shall register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf. Counsel shall also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/cmecf. US District Court Clerk to deliver official record to Court of Appeals by 3/6/2025. (FGD) (Entered: 02/14/2025)** |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| O. DOE et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil No. 25-10135-LTS |
| ) | |
| DONALD J. TRUMP et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| STATE OF NEW JERSEY et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil No. 25-10139-LTS |
| ) | |
| DONALD J. TRUMP et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

MEMORANDUM OF DECISION ON MOTIONS FOR PRELIMINARY INJUNCTION

February 13, 2025

SOROKIN, J.

In this pair of lawsuits, two groups of plaintiffs advance similar challenges to the legality

of one executive order among many issued by President Donald Trump on January 20, 2025.

The executive order is titled "Protecting the Meaning and Value of American Citizenship" ("the

EO"). Exec. Order No. 14,160 (Jan. 20, 2025).[1] The EO identifies two "categories of

---

[1] Multiple copies of the EO have been made part of the record before the Court. When
referencing submissions filed in Doe et al. v. Trump et al., No. 25-cv-10135, the Court will cite
to "Doe, Doc. No. __ at __." For submissions filed in New Jersey et al. v. Trump et al., No. 25-
cv-10139, the Court will cite to "New Jersey, Doc. No. __ at __." All such citations use the
document and page numbering appearing in the ECF header, except where pinpoint citations

individuals born in the United States" to whom the EO says "the privilege of United States citizenship does not automatically extend," then directs federal departments and agencies to cease issuing or accepting "documents recognizing United States citizenship" for such individuals born after February 19, 2025. Doe, Doc. No. 1-1 §§ 1-3.

Both groups of plaintiffs assert that the EO violates the Citizenship Clause of the Fourteenth Amendment to the United State Constitution, along with other constitutional provisions and federal statutes. Each group seeks a preliminary injunction preventing the EO from taking effect. Doe, Doc. No. 10; New Jersey, Doc. No. 3. The motions are fully briefed and were the subject of a motion hearing.[2]

In opposing the requests for injunctions, the defendants assert an array of arguments, which the Court addresses briefly here and in detail below. For starters, each plaintiff has standing to sue, because the uncontested facts establish each would suffer direct injury from the EO's implementation. The plaintiffs are also likely to succeed on the merits of their claims. In a lengthy 1898 decision, the Supreme Court examined the Citizenship Clause, adopting the interpretation the plaintiffs advance and rejecting the interpretation expressed in the EO. The rule and reasoning from that decision were reiterated and applied in later decisions, adopted by

---

reference enumerated sections or paragraphs within the document. The EO appears at Doe, Doc. No. 1-1, and New Jersey, Doc. No. 1-1.

[2] The Court has accepted amicus curiae briefs from the following groups: a collection of local governments and officials representing seventy-two jurisdictions in twenty-four states; eighteen members of Congress serving on the House Judiciary Committee; the Immigration Reform Law Institute; the State of Iowa along with seventeen other states; the State of Tennessee; and former U.S. Attorney General Edwin Meese III. Doe, Doc. Nos. 32, 38, 40; New Jersey, Doc. Nos. 88, 118, 120, 122, 127, 129. The Court has considered these submissions only insofar as they concern legal issues and positions advanced by the parties. See United States v. Sturm, Ruger & Co., 84 F.3d 1, 6 (1st Cir. 1996) (explaining "an amicus cannot introduce a new argument into a case"). While several of these briefs were helpful, the submission by the State of Tennessee was especially well written.

Congress as a matter of federal statutory law in 1940, and followed consistently by the Executive Branch for the past 100 years, at least. A single district judge would be bound to apply that settled interpretation, even if a party were to present persuasive arguments that the long-established understanding is erroneous.

The defendants, however, have offered no such arguments here. Their three main contentions are flawed. First, allegiance in the United States arises from the fact of birth. It does not depend on the status of a child's parents, nor must it be exclusive, as the defendants contend. Applying the defendants' view of allegiance would mean children of dual citizens and lawful permanent residents would not be birthright citizens—a result even the defendants do not support. Next, the defendants argue birthright citizenship requires the mutual consent of the person and the Nation. This theory disregards the original purpose of the Fourteenth Amendment: to recognize as birthright citizens the children of enslaved persons who did not enter the country consensually, but were brought to our shores in chains. There is no basis to think the drafters imposed a requirement excluding the very people the Amendment aimed to make citizens. Simply put, the Amendment is the Nation's consent to accept and protect as citizens those born here, subject to the few narrow exceptions recognized at the time of enactment, none of which are at issue here. Finally, the Amendment requires states to recognize birthright citizens as citizens of their state of residence. The text includes no domicile requirement at all.

Each of the defendants' theories focuses on the parents, rather than the child whose citizenship is at stake. In so doing, these interpretations stray from the text of the Citizenship Clause. The Fourteenth Amendment says nothing of the birthright citizen's parents, and efforts

3

to import such considerations at the time of enactment and when the Supreme Court construed the text were rejected. This Court is likewise bound to reject such theories now.

The plaintiffs have also satisfied the other preliminary-injunction factors. Each plaintiff faces irreparable harm, the defendants face none, and the public interest favors enjoining the EO. Accordingly, the plaintiffs in each case are entitled to an injunction preventing implementation of the EO. The individual and two associations who are plaintiffs in the earlier-filed action will be fully protected by an injunction limited to the individual and the members of the associations. The later-filed case, brought by eighteen states and two cities, requires a broader, nationwide injunction. Applying traditional equity principles, such relief is necessary because the record establishes that the harms these plaintiffs face arise not only from births within their borders, but also when children born elsewhere return or move to one of the plaintiff jurisdictions.

For these reasons, the plaintiffs' motions are ALLOWED. This ruling, explained further below and memorialized in separate Orders issued concurrently with this Memorandum, is based on straightforward application of settled Supreme Court precedent reiterated and reaffirmed in various ways for more than a century by all three branches of the federal government.

I.    BACKGROUND

Within hours of taking office, the President signed the EO, which he describes as "an integral part of [his] broader effort to repair the United States' immigration system and to address the ongoing crises at the southern border." Doe, Doc. No. 22 at 14. The EO, however, does not directly concern immigration; rather, it seeks to define the scope of birthright citizenship in the United States. In the section stating its purpose, the EO acknowledges that the Citizenship Clause and a section of the Immigration and Naturalization Act ("INA"), 8 U.S.C. § 1401, confer citizenship on any person born in the United States and "subject to the jurisdiction thereof." Doe, Doc. No. 1-1 § 1. The EO goes on to identify two "categories of individuals born

4

in the United States" but "not subject to the jurisdiction thereof," to whom birthright citizenship "does not automatically extend." <u>Id.</u>  A child falls within one of the identified categories if, at the time of their birth, their father was neither a citizen nor a lawful permanent resident ("LPR") of the United States, <u>and</u> their mother was 1) "unlawfully present in the United States," or 2) lawfully but temporarily present in the United States "(such as, but not limited to, visiting the United States under the auspices of the Visa Waiver Program or visiting on a student, work, or tourist visa)." <u>Id.</u>

The second section announces that it is "the policy of the United States that no department or agency" of the federal "government shall issue [or accept] documents recognizing United States citizenship" of children within the identified categories. <u>Id.</u> § 2.  The stated policy "shall apply only to persons who are born" after February 19, 2025. <u>Id.</u>  The EO expressly does not restrict the ability of U.S.-born children of LPRs to receive or use documents recognizing "their United States citizenship." <u>Id.</u>  Next, the EO directs the Secretary of State, the Attorney General, the Secretary of Homeland Security, and the Commissioner of Social Security to "take all appropriate measures to ensure that the regulations and policies of their respective departments and agencies are consistent with" the EO, and that no one within any identified department "act[s], or forbear[s] from acting, in any manner inconsistent with" the EO. <u>Id.</u> § 3(a).  The EO further requires "[t]he heads of all executive departments and agencies" to "issue public guidance" by February 19, 2025, regarding implementation of the EO. <u>Id.</u> § 3(b).

In a complaint filed the day the EO issued, an individual plaintiff and two nonprofit associations challenged its legality and sought equitable relief preventing its implementation. <u>See generally</u> <u>Doe, Doc. No. 1</u>.  The individual plaintiff, proceeding under the pseudonym "O. Doe," is "an expectant mother" who is lawfully present in the United States "through Temporary

Protected Status" ("TPS").  Id. ¶ 13.  Doe's husband, the father of the child due to be born next

month, is neither a citizen nor LPR of this country.  Id.  The baby will be Doe's second child; her

first, now seven years old, also was born in the United States.  Doe, Doc. No. 11-1 ¶ 3.

Doe's co-plaintiffs are La Colaborativa and the Brazilian Worker Center, two

membership organizations located in eastern Massachusetts who provide immigration-related

assistance, among other services.  Doe, Doc. No. 1 ¶¶ 14-15.  Both organizations have members

who are unlawfully present in the United States, some of whom "are either pregnant or plan to

grow their families in the future."  Id.; see Doe, Doc. No. 11-2 ¶ 4; Doe, Doc. No. 11-3 ¶¶ 8-10.

Though the present record does not conclusively establish where the organizations' members

live, counsel at the motion hearing suggested the Court could view the members as located

"primarily" (though perhaps not exclusively) in Massachusetts.  Mot. Hr'g Tr. at 10, 76.[3]  Doe

and the organizations' members have submitted unrebutted declarations describing the harms

they allege the EO will cause the children it targets, who will be treated as noncitizens lacking

any recognized, lawful immigration status.  See generally Doe, Doc. Nos. 11-1 to -3.

The day after Doe and her co-plaintiffs filed suit, New Jersey and a group of seventeen

other states, along with the District of Columbia and San Francisco (collectively, "the State

plaintiffs"), instituted a separate action also challenging the EO under provisions of the

Constitution and other federal statutes.[4]  New Jersey, Doc. No. 1.  Along with their complaint,

---

[3] The transcript of the February 7, 2025, hearing on the motions appears on both dockets.  Doe, Doc. No. 44; New Jersey, Doc. No. 142.

[4] Besides New Jersey, the plaintiffs in this action are Massachusetts, California, Colorado, Connecticut, Delaware, Hawaii, Maine, Maryland, Michigan (through its Attorney General), Minnesota, Nevada, New Mexico, New York, North Carolina, Rhode Island, Vermont, and Wisconsin.  Venue is proper in the District of Massachusetts because the defendants are all officers or agencies of the United States, and at least one plaintiff in each case resides in Massachusetts.  See 28 U.S.C. § 1391(e)(1)(C).

the State plaintiffs filed a motion for a preliminary injunction supported by a memorandum and more than two dozen exhibits.  New Jersey, Doc. Nos. 3, 5, 5-1 to -27.  The exhibits include declarations by various representatives of state agencies describing financial and administrative burdens they anticipate will result from the EO.  See, e.g., New Jersey, Doc. Nos. 5-2, 5-8, 5-14, 5-18 (describing impacts of EO on federal funding related to state health insurance programs, education, foster care, and hospital-based process for acquiring Social Security numbers at birth).

Both complaints name as defendants the President, the State Department, the Secretary of State, the Social Security Administration, and the Acting Commissioner of Social Security.  The State plaintiffs also sued the United States, the Department of Homeland Security, the Secretary of Homeland Security, the Department of Health and Human Services, and the Acting Secretary of Health and Human Services.

On January 23, 2025, the Doe plaintiffs filed their own motion for a preliminary injunction, supporting memorandum, declarations, and other exhibits.  Doe, Doc. Nos. 10, 11, 11-1 to -10.  After hearing from the parties, the Court deemed the cases related to one another and set a consolidated briefing schedule.  New Jersey, Doc. No. 71; Doe, Doc. No. 12.  The defendants opposed both motions, challenging the State plaintiffs' standing to sue, arguing no plaintiff has advanced a valid cause of action, and urging that the plaintiffs have not satisfied the test governing preliminary-injunctive relief.  See generally Doe, Doc. No. 22.  Both sets of plaintiffs replied.  Doe, Doc. No. 33; New Jersey, Doc. No. 123.  The Court heard argument from all parties on February 7, 2025.

## II.  DISCUSSION

Before addressing the factors governing requests for injunctive relief, the Court disposes of two preliminary challenges that the defendants suggest foreclose consideration of the merits of the plaintiffs' motions.  As the Court will explain, the defendants' opening pair of procedural

7

challenges, like their substantive arguments opposing the motions, wither in the face of settled and binding Supreme Court precedent.

    A.   <u>Threshold Issues</u>

        1.  *Standing*

The defendants first argue that the State plaintiffs lack standing to bring the claims alleged in their complaint. <u>See New Jersey</u>, <u>Doc. No. 92 at 18-22</u>. They are wrong.

Article III of the Constitution "confines the federal judicial power to the resolution of 'Cases' and 'Controversies'" in which a plaintiff can "demonstrate [a] personal stake." <u>TransUnion LLC v. Ramirez</u>, <u>594 U.S. 413, 423</u> (2021). To establish standing under Article III, a "plaintiff must have suffered an injury in fact—a concrete and imminent harm to a legally protected interest, like property or money—that is fairly traceable to the challenged conduct and likely to be redressed by the lawsuit." <u>Biden v. Nebraska</u>, 600 U.S. ---, <u>143 S. Ct. 2355, 2365</u> (2023). This test is satisfied if state- or local-government plaintiffs show that an allegedly unconstitutional executive action will likely trigger a loss of federal funds to which they otherwise would be entitled. <u>See Dep't of Com. v. New York</u>, <u>588 U.S. 752, 767</u> (2019). Such a showing establishes injury that is "sufficiently concrete and imminent" and "fairly traceable" to the challenged action, thereby satisfying Article III. <u>Id.</u>

The State plaintiffs easily meet this standard.[5] Uncontested declarations from officials representing several State plaintiffs articulate various forms of federal funding that will be

---

[5] The defendants direct their standing challenge against the State plaintiffs as a group. They have not contested the showing made by any individual State plaintiff or subset of State plaintiffs. Even if the defendants had done so, the result would be the same. The record before the Court includes sworn declarations establishing standing on the part of at least several State plaintiffs. No more is required at this juncture. <u>See Nebraska</u>, <u>143 S. Ct. at 2365</u> ("If at least one plaintiff has standing, the suit may proceed."); <u>United States v. Texas</u>, <u>599 U.S. 670, 709</u> n.1 (2023) (Alito, J., dissenting) ("In a case with multiple plaintiffs, Article III permits us to reach the merits if any plaintiff has standing.").

diminished as a direct result of the EO.  States receive federal funding to cover portions of services like health insurance, special education, and foster care in amounts that depend on how many "eligible" children receive such services.  Citizenship is one component of eligibility for purposes of these programs.  Pursuant to the EO, fewer children will be recognized as citizens at birth.  That means the number of persons receiving services who are "eligible" under the identified federal programs will fall—and, as a direct result, the reimbursements and grants the State plaintiffs receive for these services will decrease.  The reduction to such funding is a concrete and imminent injury directly and fairly traceable to the EO, redressable by the injunctive relief the State plaintiffs seek.

This is all the Constitution requires.  Two decisions of the Supreme Court, both authored by Chief Justice Roberts, make the point.  In 2023, the Chief Justice, joined by five other Justices, explained that Missouri had standing to challenge executive action discharging federal student loans, where a quasi-state agency stood to lose fees it would have collected for servicing the forgiven loans.  Nebraska, 143 S. Ct. at 2366.  A few years earlier, the Chief Justice conveyed the Supreme Court's unanimous conclusion that "at least some" states had standing to challenge executive action revising the United States census.  New York, 588 U.S. at 767-68.[6] The proposed changes at issue raised the likelihood that persons without lawful immigration status would be undercounted, and states faced reductions in federal funds allocated according to population.  Id.  The State plaintiffs here challenge the EO based on precisely the same sort of direct financial impacts.  They have identified federal grants and reimbursements to which they

---

[6] Though some Justices parted ways as to other issues in the case, all agreed as to standing.

9

are entitled that will diminish under the EO.  As in <u>Nebraska</u> and <u>New York</u>, therefore, the State

plaintiffs have Article III standing.[7]

The defendants have neither disputed the State plaintiffs' showing of harm nor

materially distinguished the Chief Justice's analysis.  Their standing challenge hinges on an

attempt to analogize this case to <u>United States v. Texas</u>.  There, the Supreme Court held state

plaintiffs lacked standing to compel the federal government to pursue more "arrests and

prosecutions" for violations of immigration laws.  <u>599 U.S. at 678-79</u>.  The analogy is inapt.[8]

<u>Texas</u> involved "novel" theories of standing and a "highly unusual" claim that the Executive

Branch was not sufficiently vigorous in exercising its prosecutorial discretion.  <u>Id.</u> at 681, 684.

This case, however, concerns the bounds of citizenship guaranteed by the Constitution—not an

---

[7] The Court does not consider a *parens patriae* theory of standing, because the State plaintiffs are not pursuing it.  The State plaintiffs also probably have standing based on their sovereign interests.  The Citizenship Clause defines which individuals become birthright citizens not only of the United States, but also of the state in which they reside.  <u>U.S. Const. amend. XIV, § 1</u>.  States have general sovereign interests in which persons are their citizens.  They very likely also have sovereign interests in which persons are U.S. citizens, as state laws commonly define civic obligations such as jury service using eligibility criteria that include U.S. citizenship.  <u>E.g.</u>, <u>N.J. Stat. Ann. § 2B:20-1(c)</u>; Mass. Gen. Laws ch. 234A, § 4.  The defendants essentially conceded at the motion hearing that the State plaintiffs would have standing under these theories, but suggested the theories were "forfeited," at least "[f]or purposes of deciding [the pending] motion[s]," because they were not advanced in the State plaintiffs' submissions thus far.  Mot. Hr'g Tr. at 40, 63.  The defendants cited no authority for their forfeiture theory.  The plaintiffs generally endorsed the sovereign-interest theories during the hearing.  Given the strength of the plaintiffs' showing of direct financial harms, the Court need not resolve whether the State plaintiffs' sovereign interests supply an alternative basis for satisfying Article III.

[8] In fact, the defendants' discussion of <u>Texas</u> in their papers verges on misleading.  The language upon which they most heavily rely appears in a footnote quoted in their opposition memorandum and referenced during the motion hearing.  <u>See</u> <u>New Jersey</u>, <u>Doc. No. 92 at 18-19</u> (quoting <u>Texas</u>, <u>599 U.S. at 680</u> n.3).  Contrary to the defendants' characterization, that footnote is not a "holding," and it does not "foreclose[]" the State plaintiffs' standing in this case.  <u>Id.</u>  Rather, it acknowledges that "States sometimes have standing to sue . . . an executive agency or officer," and though it warns that "standing can become more attenuated" when based on "indirect effects" of federal action, it stops short of saying such effects could never satisfy Article III.  <u>Id.</u>  This case, in any event, concerns direct effects.

area typically reserved for executive discretion. The theory of standing advanced by the State plaintiffs—direct financial harm—is ordinary.[9] <u>Texas</u> simply does not aid the defendants here.

The defendants have not challenged the standing of Doe or her co-plaintiffs to sue—nor could they. Doe has plainly established injury, to herself and her unborn child, that is concrete, imminent, traceable to the EO, and redressable by the relief she seeks in this lawsuit. The same is true of the association plaintiffs, which provide services impacted by the EO and have described one or more members facing the same type of injury as Doe. <u>See</u> <u>Summers v. Earth Island Inst.</u>, <u>555 U.S. 488, 498</u> (2009) (requiring, for associational standing, "specific allegations establishing that at least one identified member had suffered or would suffer harm"); <u>see also</u> <u>United Food & Com. Workers Union Loc. 751 v. Brown Grp., Inc.</u>, <u>517 U.S. 544, 551-53</u> (1996) (describing test for associational standing).

Accordingly, the defendants' standing challenge fails. All plaintiffs before the Court have satisfied Article III.

### 2. *Cause of Action*

Next, the defendants assert the Court must deny the pending motions because no plaintiff has a valid cause of action under the Citizenship Clause or the identified federal statutes. This is meritless.

As Justice Scalia observed, "[t]he ability to sue to enjoin unconstitutional actions by state and federal officers is the creation of courts of equity, and reflects a long history of judicial

---

[9] The harms the State plaintiffs have identified are not "indirect"—indeed, when specifically asked, the defendants failed to identify any "extra step" separating the loss of funding identified by the State plaintiffs from the EO's direct effects. Mot. Hr'g Tr. at 37-39. Nor do they arise, as defendants argue, exclusively from services "the states have *voluntarily* chosen to provide." <u>New Jersey</u>, <u>Doc. No. 92 at 20</u>; <u>see</u> <u>Plyler v. Doe</u>, <u>457 U.S. 202, 230</u> (1982) (holding states are required by federal law to provide public education services to all children, regardless of immigration status).

review of illegal executive action, tracing back to England." Armstrong v. Exceptional Child Ctr., Inc., 575 U.S. 320, 327 (2015). Indeed, the Supreme Court has "long held that federal courts may in some circumstances grant injunctive relief" to prevent "violations of federal law" planned or committed by "state officers" or "by federal officials." Id. at 326-27. The plaintiffs here ask the Court to do just that.[10]

Limitations that apply where plaintiffs seek damages, rather than equitable relief, have no bearing on the claims pending here. See New Jersey, Doc. No. 92 at 24 (citing DeVillier v. Texas, 601 U.S. 285, 291 (2024)). Nor can the defendants short-circuit this lawsuit by pointing to a narrow provision of the INA providing an avenue for a "national of the United States" to challenge discrete denials of rights or privileges. See id. (invoking 8 U.S.C. § 1503(a)). That statute does not facially create an exclusive remedy for such claims, nor does it offer an adequate alternative to the claims advanced in these actions—including, but not only, because it is not a mechanism through which the State plaintiffs can obtain relief. Cf. Rusk v. Cort, 369 U.S. 367, 375 (1962) (considering related provisions of same statute and concluding they were not exclusive means of asserting rights associated with citizenship).

The defendants' threshold challenges fail under clear Supreme Court precedent. The plaintiffs assert valid causes of action and have standing to pursue them. The Court, therefore, turns to the substance of the pending motions.

---

[10] In fact, the Department of Justice is doing precisely what it says the plaintiffs cannot do. The day before this Court's motion hearing, the United States sued Illinois and various state and local officials, seeking equitable relief via claims brought directly under the Supremacy Clause. See Compl., United States v. Illinois, No. 25-cv-1285 (N.D. Ill. Feb. 6, 2025), ECF No. 1; cf. New Hampshire v. Maine, 532 U.S. 742, 749-50 (2001) (discussing equitable doctrine of "judicial estoppel," which in some circumstances prevents parties that have taken one legal position from reversing course "simply because [their] interests have changed" (cleaned up)). During the motion hearing, the State plaintiffs raised this issue, and the defendants offered no response.

B.   Preliminary Injunction Analysis[11]

The familiar standard governs the plaintiffs' requests for interlocutory relief.  To secure the "extraordinary remedy" provided by preliminary injunctions, each group of plaintiffs "must establish" that: 1) they are "likely to succeed on the merits," 2) they are "likely to suffer irreparable harm in the absence of preliminary relief," 3) "the balance of equities tips in [their] favor," and 4) "an injunction is in the public interest."  Winter v. Nat. Def. Res. Council, Inc., 555 U.S. 7, 20 (2008).

"The first two factors of the traditional standard are the most critical."  Nken v. Holder, 556 U.S. 418, 434 (2009).  Courts consider them in tandem.  See Vaqueria Tres Monjitas, Inc. v. Irizarry, 587 F.3d 464, 485 (1st Cir. 2009) (noting "irreparable harm is not a rigid" factor, but rather "a sliding scale, working in conjunction with" the first factor); EEOC v. Astra U.S.A., Inc., 94 F.3d 738, 743 (1st Cir. 1996) ("[W]hen the likelihood of success on the merits is great, a movant can show somewhat less in the way of irreparable harm and still garner preliminary injunctive relief.").  The third and fourth factors of the injunction test "merge when the Government is the opposing party."  Nken, 556 U.S. at 435.

---

[11] The defendants proposed, in a footnote, that the Court proceed now to enter or deny a final, permanent injunction.  See New Jersey, Doc. No. 92 at 50 n.6.  The plaintiffs expressed no objection to this proposal during the motion hearing, agreeing that the Court could now enter a final injunction if it concluded an injunction was warranted.  After consideration, the Court resolves now only the plaintiffs' original requests for preliminary relief.  The defendants are correct that the plaintiffs' causes of action "are purely legal," id., but they are wrong to imply that facts are immaterial here.  The test for injunctive relief requires the plaintiffs to prove, and the Court to evaluate, questions of harm that bear on the scope of any permanent relief ultimately awarded.  Though the defendants have leveled no challenges to the plaintiffs' factual submissions, the Court has an independent duty to ensure that any relief provided is appropriately tailored to address the harms established by the parties before it.  Cf. DraftKings Inc. v. Hermalyn, 118 F.4th 416, 423 (1st Cir. 2024) (noting trial judge is "uniquely placed to design" injunctive relief that corresponds to "specific harm" proven based on facts found by judge).  To that end, further factual development may be required before the Court crafts a final judgment.

Measured against these standards, the plaintiffs' submissions support entry of the injunctions they seek, with only minor adjustments explained below.

      1.   *Likelihood of Success*

"The sine qua non of th[e] four-part inquiry" governing motions for preliminary injunctions is the first factor: "likelihood of success on the merits." New Comm Wireless Servs., Inc. v. SprintCom, Inc., 287 F.3d 1, 9 (1st Cir. 2002). This factor weighs strongly in the plaintiffs' favor. The plain language of the Citizenship Clause—as interpreted by the Supreme Court more than a century ago and routinely applied by all branches of government since then— compels a finding that the plaintiffs' challenges to the EO are nearly certain to prevail.

The Citizenship Clause speaks in plain and simple terms. "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside." U.S. Const. amend. XIV, § 1. The words chosen by the drafters and ratified by the states, understood "in their normal and ordinary" way, United States v. Sprague, 282 U.S. 716, 731 (1931), bestow birthright citizenship broadly to persons born in the United States. The text is directed at the person born (or naturalized). It does not mention the person's parents at all, let alone expressly condition its grant of citizenship on any characteristic of the parents. So, at the outset, the EO and its focus on the immigration status of a child's parents find no support in the text.

One phrase in the Citizenship Clause is at the heart of the parties' disagreement. The constitutionality of the EO, and the success of the plaintiffs' claims, turns on the meaning of "subject to the jurisdiction thereof." To understand that phrase, however, this Court need look no further than United States v. Wong Kim Ark, 169 U.S. 649 (1898).[12] In that case, the

---

[12] In a line of cases not directly relevant here, courts have considered whether a person born in an unincorporated territory of the United States—such as American Samoa or, for a time, the

Supreme Court meticulously reviewed the contours of citizenship under English and early American common law, under the 1866 Civil Rights Act and the Fourteenth Amendment, and as reflected in legal scholarship and court decisions in the decades leading up to the turn of the twentieth century. See generally id. at 653-704. From these sources, the Supreme Court concluded that "subject to the jurisdiction thereof" was meant "to exclude, by the fewest and fittest words," the following categories of persons: "children of members of the Indian tribes," "children born of alien enemies in hostile occupation, and children of diplomatic representatives of a foreign state."[13] Id. at 682. As to all other persons, "the fundamental rule of citizenship by birth within the dominion of the United States, notwithstanding alienage of parents," applied. Id. at 689.[14]

Applying this longstanding and "fundamental rule of citizenship," the Supreme Court held that the petitioner—born in the United States to Chinese-citizen parents, who were living and working in the United States at the time of the child's birth, but who were prevented by law from naturalizing and eventually returned to China—was a citizen "by virtue of the

---

Philippines—was born "in the United States" for purposes of the Citizenship Clause. E.g., Tuaua v. United States, 788 F.3d 300, 302 (D.C. Cir. 2015). That language is not the focus of the present dispute, nor was it the Supreme Court's focus in Wong Kim Ark.

[13] Neither the EO nor the defendants' brief has suggested that all (or any) persons within the EO's categories are "children born of alien enemies in hostile occupation," specified which portions of the country are presently so occupied, or identified which foreign powers or organizations are the "enemies" presently controlling those areas. See New Jersey, Doc. No. 92 at 38 (quoting another Executive Order and summarily stating that plaintiffs' view might grant citizenship to children of "unlawful enemy combatants who enter this country in an effort to create sleeper cells or other hostile networks"). Accordingly, the Court need not consider this exception to birthright citizenship.

[14] This rule has been reiterated by the Supreme Court. See, e.g., Perkins v. Elg, 307 U.S. 325, 329 (1939) (citing Wong Kim Ark majority's "comprehensive review" supporting "decision . . . that a child born here of alien parentage becomes a citizen of the United States"); Weedin v. Chin Bow, 274 U.S. 657, 660, 670 (1927) (stating "learned and useful opinion" of Wong Kim Ark majority "held that . . . one born in the United States, although . . . of a parentage denied naturalization under the law, was nevertheless . . . a citizen" under Fourteenth Amendment).

15

[C]onstitution itself." Wong Kim Ark, 169 U.S. at 652-53, 703-05. This holding followed

"irresistibly" from the extensive analysis the majority articulated. Id. at 693. Throughout that

analysis, the availability of birthright citizenship "irrespective of parentage" was repeatedly

emphasized. E.g., id. at 690. The duration of the parents' residency in the United States was not

assessed, nor did laws preventing the parents from seeking naturalization influence the Court's

determination of the petitioner's status. The question was resolved, for purposes of the

Citizenship Clause, by the location of the petitioner's birth, and the inapplicability of the narrow

exceptions to birthright citizenship that had been identified by the Court. Understood this way—

indeed, the way all branches of government have understood the decision for 125 years—Wong

Kim Ark leaves no room for the defendants' proposed reading of the Citizenship Clause. Of

course, the defendants can seek to revisit this long-settled rule of law, but that is a matter for the

Supreme Court, not a district judge.

 The defendants accept that this Court is bound by the prior holdings of the Supreme

Court. See New Jersey, Doc. No. 92 at 44; Mot. Hr'g Tr. at 48. Nevertheless, they urge the

Court to essentially ignore all but a handful of sentences from Wong Kim Ark, arguing the bulk

of the majority's lengthy opinion is dicta. See New Jersey, Doc. No. 92 at 44 (urging Wong Kim

Ark resolved only whether Citizenship Clause extended to "children of parents with 'a

permanent domicile and residence in the United States,'" and that "[t]he case should not be read

as doing anything more than answering that question" (quoting 169 U.S. at 653)). At the motion

hearing, the defendants doubled down on this point, brazenly claiming that "dicta can be

disregarded." Mot. Hr'g Tr. at 75. That position reflects a serious misunderstanding at best—

and a conscious flouting at worst—of the judicial process and the rule of law.

Lower federal courts are not merely obligated to apply the holdings of Supreme Court decisions; they also "are bound by the Supreme Court's 'considered dicta.'" United Nurses & Allied Prof'ls v. NLRB, 975 F.3d 34, 40 (1st Cir. 2020) (quoting McCoy v. Mass. Inst. of Tech., 950 F.2d 13, 19 (1st Cir. 1991)). "Carefully considered statements of the Supreme Court, even if technically dictum, must be accorded great weight and should be treated as authoritative when . . . badges of reliability abound." United States v. Santana, 6 F.3d 1, 9 (1st Cir. 1993). If such a statement "bears the earmarks of deliberative thought purposefully expressed," concerns an issue that was "thoroughly debated in the recent past," and "has not been diluted by any subsequent pronouncement" of the Supreme Court, a lower federal court must adhere to it. Id.

To the extent the thorough analysis in Wong Kim Ark of the Fourteenth Amendment's common-law foundations, the purpose and intent of its drafters, and its application during the first thirty years after its ratification can be called "dicta" at all, it is undoubtedly the "considered" and "authoritative" sort that this Court is bound to apply. The sheer detail and length of the discussion by the Court's majority make this plain. Add to that the fact that the opposite view—the one the defendants advance to justify the EO—was rejected by the majority in Wong Kim Ark (in the portions of the decision now labeled "dicta" by the defendants) and endorsed only by the dissent. See 169 U.S. at 705-32. The plaintiffs are not relying on a stray "remark" that lacks "care and exactness," standing "wholly aside from the question in judgment" and "unsupported by any argument, or by any reference to authorities," that might not "control the judgment" of a lower court. 169 U.S. at 678. They are "leaning into" the central reasoning of the Supreme Court in support of its holding. Mot. Hr'g Tr. at 48. The defendants' argument to the contrary invites the Court to commit legal error.

17

Whether "holding" or "considered dicta," the straightforward rule and limited exceptions identified in Wong Kim Ark and summarized above have been applied repeatedly and without hesitation, including by the Supreme Court and the First Circuit.  For example:

- In Morrison v. California, despite statutes that then rendered Japanese persons "ineligible" for citizenship via naturalization, the Supreme Court stated without qualification: "A person of the Japanese race is a citizen of the United State if he was born within the United States."  291 U.S. 82, 85 (1934).

- In Dos Reis ex rel. Camara v. Nicolls, the First Circuit described a person "born in Massachusetts" as having become "an American citizen, not by gift of Congress, but by force of the constitution," despite his parents' status as foreign nationals "never naturalized in the United States," and despite his own "dual nationality" that led to his "service as a draftee in the Portuguese army."  161 F.2d 860, 861-62 (1st Cir. 1947).

- In Kawakita v. United States, a person "born in this country in 1921 of Japanese parents who were citizens of Japan" was "a citizen of the United States by birth"—a status the person did not lose despite later committing treason by acts of cruelty undertaken while working at a Japanese camp for American prisoners during World War II.  343 U.S. 717, 720 (1952).  See also Nishikawa v. Dulles, 356 U.S. 129, 131 (1958) (finding Japanese military service during World War II was basis for expatriation of U.S.-born citizen of Japanese-citizen parents only if service was voluntary); Hirabayashi v. United States, 320 U.S. 81, 96-97 (1943) (noting, in context of World War II, that tens of thousands of "persons of Japanese descent" living on Pacific coast "are citizens because born in the United States," even though "under many circumstances" they also were citizens of Japan "by Japanese law").

- In United States ex rel. Hintopoulous v. Shaughnessy, all members of the Supreme Court considered a child born to foreigners, both of whom had entered the U.S. with temporary permission but remained after their authorization expired, to be "of course[] an American citizen by birth," despite the parents' "illegal presence."  353 U.S. 72, 73 (1957); see id. at 79 (reflecting dissent's agreement that the child was a citizen).

- In INS v. Errico, two different children "acquired United States citizenship at birth" despite their parents having gained admission to this country by misrepresenting material facts about themselves and thereby evading statutory restrictions on lawful immigration.  385 U.S. 214, 215-16 (1966).

- In INS v. Rios-Pineda, a unanimous Supreme Court viewed a child "born in the United States" as "a citizen of this country," even though the father had entered the country "illegally" on his own and "returned to Mexico . . . under threat of deportation"; both parents had then "paid a professional smuggler . . . to transport them" across the border; and the father, when apprehended again, had failed to depart voluntarily "as promised."  471 U.S. 444, 446 (1985).

18

- In <u>Hamdi v. Rumsfeld</u>, at least six Justices treated the petitioner as a citizen of the United States based on his birth in Louisiana, without even discussing his parents' status (they were present lawfully but temporarily), despite the petitioner's active participation in a foreign terrorist organization. <u>542 U.S. 507, 510</u> (2004).[15]

- In <u>Mariko v. Holder</u>, a panel of the First Circuit considered a child "born in the United States" to be "a United State citizen" despite the parents' concession that both of them "were here illegally" and therefore removable. <u>632 F.3d 1, 3</u>, <u>8</u> & n.4 (1st Ci<u>r. 2011</u>).

- In <u>Hasan v. Holder</u>, a different panel of the First Circuit similarly viewed as "a U.S. citizen" a child born in California to foreign-national parents who had overstayed their nonimmigrant visas. <u>673 F.3d 26, 28</u> & n.1 (1st Ci<u>r. 2012</u>).

This line of decisions—which is not limited to the cases described above—further undermines the defendants' proposed interpretation.[16]

If that were not enough to find that the plaintiffs are likely to succeed on the merits (and it is), the fact that Congress incorporated the language of the Citizenship Clause into provisions of the INA passed more than forty years after <u>Wong Kim Ark</u> cements the meaning of the disputed phrase and provides the plaintiffs an independent avenue to prevailing here. In the INA, Congress conferred birthright citizenship via statute on several categories of individuals, the first of which is described using language mirroring the Citizenship Clause. <u>8 U.S.C.</u>

---

[15] Justice Scalia, joined by Justice Stevens, referred to Hamdi as a "presumed American citizen." <u>542 U.S. at 554</u> (Scalia, J., dissenting); <u>see</u> <u>Hamdi v. Rumsfeld</u>, <u>243 F. Supp. 2d 527, 534</u> (E.D. Va. 2002) (noting Hamdi had "identified himself as a Saudi citizen who had been born in the United States" when detained and interrogated by the American military). No justice took up the invitation of one amicus in the case to revisit the meaning of the Citizenship Clause, correct the "erroneous interpretation" adopted in <u>Wong Kim Ark</u>, and conclude Hamdi was not a citizen because his parents, though living in Louisiana lawfully at the time of his birth, had only temporary work visas authorizing their presence in this country. <u>See</u> Br. Amicus Curiae The Claremont Inst. Ctr. Const. Jurisprudence at 2-3, 5, <u>Hamdi v. Rumsfeld</u>, No. 03-6696, <u>2004 WL 871165</u> (U.S. Ma<u>r. 29</u>, <u>2004)</u>.

[16] So does the fact that the Supreme Court has cited <u>Wong Kim Ark</u> as an example of how to properly assess the original meaning of language in the Constitution or a federal statute. <u>See</u> <u>Standard Oil Co. v. United States</u>, <u>221 U.S. 1, 59</u> & n.6 (1911); <u>cf.</u> <u>BNSF Ry. Co. v. Loos</u>, <u>586 U.S. 310, 329</u> (2019) (Gorsuch, J., dissenting) (citing <u>Wong Kim Ark</u> majority opinion as authority reflecting "everyone agrees" that "record of *enacted* changes Congress made" to relevant text "over time" is "textual evidence" that "can sometimes shed light on meaning").

§ 1401(a) (confirming citizenship of "a person born in the United States, and subject to the jurisdiction thereof"). As the plaintiffs point out, this provision was enacted in 1940 and "re-codified" in 1952. See Doe, Doc. No. 33 at 2; see also Doe, Doc. No. 11 at 15 (raising statutory claim and advancing brief but distinct argument about likelihood of success thereunder). Because it uses the same language chosen by the Fourteenth Amendment's drafters—words that had been studied in Wong Kim Ark decades earlier—the statute must be understood to have incorporated the Supreme Court's interpretation of those words. See Bostock v. Clayton Cnty., 590 U.S. 644, 654 (2020) (explaining statute "normally" is interpreted "in accord with the ordinary public meaning of its terms at the time of its enactment").[17]

Here, the fundamental rule conveyed by the Citizenship Clause was clear by the time § 1401 was enacted, and the legislators who chose to include the same phrase the Supreme Court already had examined presumably intended the same words would be accorded the same meaning in both contexts. See Taggart v. Lorenzen, 587 U.S. 554, 560 (2019) (recognizing "longstanding interpretive principle" that if statutory term "is obviously transplanted from another legal source, it brings the old soil with it" (cleaned up)). Thus, the statute supports a related but distinct claim upon which the plaintiffs are likely to succeed.[18]

---

[17] Justice Gorsuch went on to explain why this is so: "If judges could add to, remodel, update, or detract from old statutory terms inspired only by extratextual sources and our own imaginations, . . . we would deny the people the right to continue relying on the original meaning of the law they have counted on to settle their rights and obligations." Bostock, 590 U.S. at 654-55.

[18] The defendants advance no separate challenge to the plaintiffs' statutory claim, choosing to "focus . . . on the constitutional provision" which is "coterminous" with the statute. New Jersey, Doc. No. 92 at 25 n.4. By opting not to address the statute, or the manner in which its enactment necessarily strengthens the plaintiffs' interpretation of the relevant language, the defendants have waived any discrete argument related to the statutory claim for purposes of the pending motions. Cf. United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (applying "settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed augmentation, are deemed waived").

Beyond sidestepping <u>Wong Kim Ark</u>, the defendants urge the Court to read three specific requirements into the phrase "subject to the jurisdiction thereof." The defendants contend these requirements are necessary to ensure adherence to the phrase's original meaning. None of these requirements, however, find support in the text itself or the cases construing and applying it. And, more importantly, each of them, if applied as argued, would prevent the Citizenship Clause from reaching groups of persons to whom even the defendants concede it must apply.

<u>First</u>, the defendants suggest the "jurisdiction" phrase is satisfied only by persons who owe the United States "allegiance" that is "direct," "immediate," "complete," and "unqualified by allegiance to any alien power." <u>New Jersey</u>, <u>Doc. No. 92 at 27-28</u> (cleaned up). Certainly, allegiance matters. Various sources link the "jurisdiction" phrase and concepts of allegiance, including <u>Wong Kim Ark</u>. <u>See, e.g.</u>, <u>169 U.S. at 654</u> (noting English common law provided citizenship to those "born within the king's allegiance, and subject to his protection"). The defendants veer off course, however, by suggesting allegiance must be exclusive, and that it derives from the status of a child's parents. If that were so, then the children of dual citizens or LPRs could not receive birthright citizenship via the Fourteenth Amendment. A dual citizen necessarily bears some allegiance to both the United States and the second nation of which they are a citizen. LPRs, unless and until naturalized, remain foreign nationals who are citizens of other countries bearing some allegiance to their places of origin. This principle would also rule out the petitioner in <u>Wong Kim Ark</u>, whose parents resided for years in the United States but remained "subjects of the emperor of China" (and, indeed, returned to China when their U.S.-born son was a teenager). <u>169 U.S. at 652-53</u>. The defendants, however, agree that children of dual citizens and LPRs are entitled to birthright citizenship, and that the petitioner in <u>Wong Kim Ark</u> was as well.

21

These anomalies are avoided by focusing on the allegiance of the child, not the parents. As noted earlier, the Citizenship Clause itself speaks only of the child. A child born in the United States necessarily acquires at birth the sort of allegiance that justified birthright citizenship at the common law. That is, they are born "locally within the dominions of" the United States and immediately "derive protection from" the United States. Id. at 659. A child born here is both entitled to the government's protection and bound to adhere to its laws. This is true regardless of the characteristics of the child's parents, subject only to the narrow exceptions identified in Wong Kim Ark. Allegiance, in this context, means nothing more than that. See id. at 662 ("Birth and allegiance go together."). As James Madison explained:

> It is an established maxim that birth is a criterion of allegiance. Birth however derives its force sometimes from place and sometimes from parentage, but in general place is the most certain criterion; it is what applies in the United States; it will be therefore unnecessary to investigate any other.

Founders Online, Citizenship, Nat'l Archives (May 22, 1789), https://founders.archives.gov /documents/Madison/01-12-02-0115 [https://perma.cc/ZC4B-NS9R]. So, "allegiance" does not mean what the defendants think it means, and their first proposed rule founders.[19]

Next, the defendants seek to graft concepts of social-contract theory onto the "jurisdiction" clause of the Fourteenth Amendment by arguing birthright citizenship requires "mutual consent between person and polity." New Jersey, Doc. No. 92 at 45. The defendants again center their argument on the parents at the expense of the child whose birthright is at stake—perhaps, in part, because infants are incapable of consent in the legal sense. In the

---

[19] To the extent the defendants believe temporary, lawful visitors to this country are people who "do not owe an allegiance to the United States," Mot. Hr'g Tr. at 55, the Supreme Court disagrees, see Wong Kim Ark, 169 U.S. at 685 (quoting Schooner Exchange v. McFaddon, 11 U.S. (7 Cranch) 116, 144 (1812), and its description of the "temporary and local allegiance" private visitors from other countries owe the United States while passing through or doing business here).

22

defendants' view, mutual consent is lacking where a person (the parent) has entered the United States without permission to do so, or without permission to remain here permanently. The absence of "mutual consent" in those circumstances means, according to the defendants, that the children of such parents fall beyond the "jurisdiction" of the United States for Fourteenth Amendment purposes.

This argument fares even worse than the first. The Fourteenth Amendment enshrined in the Constitution language ensuring "the fundamental principle of citizenship by birth" in the United States applied regardless of race—including, and especially, to formerly enslaved persons. 169 U.S. at 675; see Afroyim v. Rusk, 387 U.S. 253, 262-63 (1967). The defendants do not (and could not) deny this. Enslaved persons, of course, did not "consent" to come to the United States or to remain here. They were brought here violently, in chains, without their consent. These conditions persisted after their arrival. Against this backdrop, it verges on frivolous to suggest that Congress drafted, debated, and passed a constitutional amendment, thereafter enacted by the states, that imposed a consent requirement necessarily excluding the one group of people the legislators and enactors most specifically intended to protect.

Finally, the defendants seek to transform the use of the term "reside" at the end of the Citizenship Clause into a basis for finding that the "jurisdiction" phrase eliminates any person without a lawful "domicile" in the United States. The defendants contend that persons here with temporary visas retain "domiciles" in their native countries, and persons here without lawful status cannot establish a true "domicile." And so, the argument goes, they cannot "reside" in any state, and they remain outside the "jurisdiction" of the United States for Fourteenth Amendment purposes. This, once again, shifts the focus away from the child and the location of birth to the parents and the status and duration of their presence in this country.

23

The word "reside" appears in the Citizenship Clause only in the phrase specifying that a person entitled to birthright citizenship becomes a citizen not only of the United States, but also of the state where they live.  For example, a state within the former Confederacy (or any other state) could not constitutionally deny state citizenship to the child of a formerly enslaved person who lived and gave birth there.  The word "reside" does not inject a "domicile" requirement limiting the reach of the Citizenship Clause as a whole and justifying examination of the immigration status of a child's parents.  See New Jersey, Doc. No. 123 at 11-12 (articulating the flaws in this theory).  In any event, it is not so clear that "illegal entry into the country would . . . , under traditional criteria, bar a person from obtaining domicile within a State." Plyler, 457 U.S. at 227 n.22.

In sum, the defendants invite the Court to adopt a set of rules that work (except when they don't).  None of the principles the defendants advance are sturdy enough to overcome the settled interpretation and longstanding application of the Citizenship Clause described above. Each principle, applied uniformly, would lead to unintended results at odds with the text, meaning, and intent of the Fourteenth Amendment—and, in some instances, with the parameters set out in the EO itself.

For all these reasons, the Court finds the plaintiffs are exceedingly likely to prevail on the merits of their constitutional and statutory claims.  This conclusion would allow the plaintiffs to "show somewhat less in the way of irreparable harm."  Astra U.S.A., 94 F.3d at 743.  That relaxed burden, however, is not essential, as the second factor also favors the plaintiffs strongly.

2.  *Irreparable Harm*

The plaintiffs have supported their assertions of irreparable harm with numerous declarations detailing the imminent and damaging impacts they anticipate will flow from the EO.

24

See Doe, Doc. Nos. 11-1 to -10; New Jersey, Doc. Nos. 5-2 to -21, -23.[20]  Upon review, the

Court accepts and credits those declarations, which the defendants have not disputed or rebutted

in any way.  The declarations establish that the State plaintiffs do not stand to lose discrete

amounts of one-time funds; they face unpredictable, continuing losses coupled with serious

administrative upheaval.  They have established irreparable harm.

As for the Doe plaintiffs, what is at stake is a bedrock constitutional guarantee and all of

its attendant privileges.  The loss of birthright citizenship—even if temporary, and later restored

at the conclusion of litigation—has cascading effects that would cut across a young child's life

(and the life of that child's family), very likely leaving permanent scars.  The record before the

Court establishes that children born without a recognized or lawful status face barriers to

accessing critical healthcare, among other services, along with the threat of removal to countries

they have never lived in and possible family separation.[21]  That is irreparable harm.[22]

---

[20] Not every State plaintiff has submitted its own declarations, but the complaint alleges that all face the same categories of harm.  E.g., New Jersey, Doc. No. 1 ¶ 122.  The record supports that allegation, for example, by reflecting that each official attesting to health-insurance-related impacts describes the same federal programs used the same way and forecasts the loss of the same types of federal reimbursements.  See, e.g., Doc. Nos. 5-2, -6, -11, -12, -16, -19.  At this stage, that is enough to find that all State plaintiffs would suffer irreparable harm absent injunctive relief.  The defendants do not contend otherwise.

[21] Doe, for example, has a pending asylum petition and an older child who is a U.S. citizen by birthright—assuming the defendants do not later reconsider the effective date contained in the EO and opt to apply their reading of the Citizenship Clause retroactively, a possibility they did not definitively rule out during the motion hearing.  Mot. Hr'g Tr. at 45-47.  Her family would be placed at a distressing crossroads if her new baby were to face removal from the country.

[22] The defendants' only responses are to suggest that the plaintiffs wait and see how the EO will be implemented, and hope that Doe's asylum application is granted.  Or, in the worst case, "if any removal action were initiated against the children of any of the private plaintiffs at issue in this case, the [child] subject of the action could assert their claim to citizenship as defense in that proceeding."  New Jersey, Doc. No. 92 at 48.  That answer is not persuasive.  Cf. Texas v. EEOC, 933 F.3d 433, 448 & n.29 (5th Cir. 2019) (stating "it would strain credulity to find that an agency action targeting" conduct the agency has deemed "presumptively unlawful" would not trigger implementation "immediately enough to constitute" nonspeculative injury).

The plaintiffs in both cases have shown they are likely to suffer substantial and irreparable harm in the absence of a preliminary injunction. Thus, the two most important factors strongly favor the plaintiffs.

### 3.    *Balance of Harms and Public Interest*

The final merged factors also support the plaintiffs' requests for relief. On the plaintiffs' side of the scales, there is a grave risk of significant and irreparable harm arising from the EO. Children not yet born will be stripped of birthright citizenship constitutionally guaranteed to them, as confirmed by settled law and practice spanning more than a dozen decades. They will be deprived of a "title" that is, as "Justice Brandeis observed, . . . superior to the title of President." Tuaua, 788 F.3d at 301. And that harm will arise from an EO that is unconstitutional on its face—an assessment that has now been echoed by multiple federal courts in different jurisdictions. E.g., Prelim. Inj. Order at 6, N.H. Indonesian Cmty. Support v. Trump, No. 25-cv-38 (D.N.H. Feb. 11, 2025), ECF No. 79.

It is difficult to imagine a government or public interest that could outweigh the harms established by the plaintiffs here. Perhaps that is why the defendants have identified none. Instead, they point only to the Executive Branch's discretion in matters of immigration. New Jersey, Doc. No. 92 at 49. But this case is not about how "to manage the immigration system." Id. It is about the Constitution's guarantee of citizenship by virtue of birth. When this right was enshrined in the Fourteenth Amendment, it was moved firmly beyond the bounds of the "core executive authority" the defendants invoke. Id.; see Afroyim, 387 U.S. at 263 (noting framers of Fourteenth Amendment "wanted to put citizenship beyond the power of any governmental unit to destroy"). The defendants' only argument, therefore, adds nothing to their side of the scales.

Though the government has waived any other arguments on these final factors by not developing them in their opposition memorandum, see Zannino, 895 F.2d at 17, the Court makes

two more observations.  First, the government has no legitimate interest in pursuing unconstitutional agency action; "it is always in the public interest to prevent the violation of a party's constitutional rights."  Dorce v. Wolf, 506 F. Supp. 3d 142, 145 (D. Mass. 2020) (cleaned up); accord League of Women Voters v. Newby, 838 F.3d 1, 12 (D.C. Cir. 2016).  Second, an injunction will do no more than maintain a status quo that has been in place for well over a century.  The defendants have not even attempted to demonstrate how they or the public will be harmed by continuing, for the duration of this action, to adhere to the interpretation of birthright citizenship that has been consistently applied by the Executive Branch throughout that time period—including under this President during his first term in office.

The scales tip decisively toward the plaintiffs.  Because all factors favor entry of injunctive relief, the Court ends by explaining the appropriate parameters of such relief.

C.    Scope of Injunction

Both sets of plaintiffs ask the Court to universally enjoin the defendants from implementing the EO.  That is, they seek an order that prevents the defendants from applying the EO not only to them—to Doe, to members of the plaintiff associations, and to the State plaintiffs—but at all, to anyone, anywhere.  Orders like those the plaintiffs seek here have become "increasingly common" over the last twenty years.  Dep't of Homeland Sec. v. New York, 140 S. Ct. 599, 600 (2020) (mem.) (Gorsuch, J., concurring in grant of stay); see generally Developments in the Law—District Court Reform: Nationwide Injunctions, 137 Harv. L. Rev. 1701, 1703-15 (2024) (quantifying rise in such injunctions and examining consequences).  That trend raises meaningful concerns about the appropriate scope of a single district judge's equitable powers.  See Trump v. Hawaii, 585 U.S. 667, 713-21 (2018) (Thomas, J., concurring) (examining reasons to be "skeptical that district courts have the authority to enter universal injunctions").

27

Alluding to such concerns, the defendants urge the Court to enter relief that is limited in scope. New Jersey, Doc. No. 92 at 49-50. Though the defendants have not proposed specific terms, two of the limitations they urge merit consideration.[23] First, the defendants argue "the Court should limit any relief to any party before it that is able to establish an entitlement to preliminary injunctive relief." Id. at 50. As explained above, the Court has concluded all plaintiffs are so entitled. But that conclusion does not alone justify relief that is universal in scope. The Court still must confront the general principle that injunctive relief should be tailored to the parties before it. Cf. Califano v. Yamasaki, 442 U.S. 682, 702 (1979) (noting "injunctive relief should be no more burdensome . . . than necessary to provide complete relief to the plaintiffs"). Here, the Court finds this principle leads to different results for the two sets of plaintiffs.

For Doe and the members of the two plaintiff organizations, the record before the Court does not demonstrate that universal relief is necessary to "provide complete relief to," and protect the rights of, those parties. An injunction that prevents the defendants and their agents from implementing and applying the EO against Doe or any member of either plaintiff organization suffices to protect them from harm during the pendency of this lawsuit. The record does not establish how awarding similar relief to other persons or organizations that are not parties to this lawsuit is necessary to provide complete relief to the Doe plaintiffs.

---

[23] The third, which urges the Court to reject any facial challenge to the EO and require "individual as-applied challenges," can be rejected out of hand. The plaintiffs have advanced substantial facial challenges that the Court has deemed likely to succeed. The defendants do not explain how their third proposal, which is supported only by a citation to general language from a criminal case in which injunctive relief was not at issue, has anything to do with the scope of injunctive relief. See New Jersey, Doc. No. 92 at 50.

Different considerations arise as to the State plaintiffs. They have identified harms that do not hinge on the citizenship status of one child, or even of all children born within their borders. The harms they have established stem from the EO's impact on the citizenship status— and the ability to discern or verify such status—for any child located or seeking various services within their jurisdiction. For example, Massachusetts will suffer the identified harms not only if children born and living there are unlawfully denied citizenship, but also if a pregnant woman living in the northeastern part of the Commonwealth gives birth across the border in a nearby New Hampshire hospital, or if a family moves to Massachusetts from Pennsylvania (or any other state that has not joined this lawsuit) after welcoming a new baby. These examples illustrate why injunctive relief limited to the State plaintiffs is inadequate. In both, children born in states that are not parties to this lawsuit (such as New Hampshire and Pennsylvania) would theoretically lack birthright citizenship even after returning or moving to—and seeking various services in—a state that is among the plaintiffs here.

That result not only fails in providing complete relief to the State plaintiffs, but also risks creating a new set of constitutional problems. See Saenz v. Roe, 526 U.S. 489, 500-04 (1999) (identifying as component of "right to travel" protected by Fourteenth Amendment "the right of the newly arrived citizen to the same privileges and immunities enjoyed by other citizens of the same State"). For the State plaintiffs, then, universal or nationwide relief is necessary to prevent them from suffering irreparable harm. Cf. Trump v. Int'l Refugee Assistance Project, 582 U.S. 571, 579-83 (2017) (narrowing in part but upholding in part injunction that protected nonparties similarly situated to the plaintiffs).

Only one issue remains.  The defendants assert the Court may not enjoin the President.[24]
New Jersey, Doc. No. 92 at 50.  The Doe plaintiffs offer no response to this point, see generally
Doe, Doc. No. 33, but the State plaintiffs disagree in a footnote citing instances where executive
orders have been enjoined, see New Jersey, Doc. No. 123 at 15 n.8.  Assuming without deciding
that this Court is empowered to issue an injunction directly constraining the President's actions
in any set of circumstances, nothing in the record suggests such relief is necessary here.  The
President has signed the EO.  No further action by him is described by the EO or predicted by the
plaintiffs.  Other officers and agencies within the Executive Branch are responsible for
implementing the EO, and it is their conduct that the plaintiffs really seek to restrain.  Thus, for
purposes of the preliminary injunction, the relief will be awarded against all other defendants
besides the President, and against any other officers or agents acting on behalf of the President,
but not against the President himself.[25]

III.    CONCLUSION

"What the Constitution has conferred neither the Congress, nor the Executive, nor the
Judiciary, nor all three in concert, may strip away."  Nishikawa, 356 U.S. at 138 (Black, J.,
concurring).  Here, the Constitution confers birthright citizenship broadly, including to persons
within the categories described in the EO.  Under the plain language of the Citizenship Clause
and the INA provision that later borrowed its wording, and pursuant to binding Supreme Court
precedent, the Court concludes that the plaintiffs' constitutional and statutory challenges to the
EO are likely to prevail, the plaintiffs face serious and irreparable harm in the absence of relief,

---

[24] They also suggest the Court should dismiss the President as a defendant, New Jersey, Doc. No.
92 at 50, but a request like that is properly advanced in a motion (not an opposition brief), after
conferral and in compliance with the Local Rule governing motion practice in this Court.  See
generally L.R. 7.1.
[25] Should circumstances arise that merit reconsideration of this aspect of the injunction, the
plaintiffs may bring them to the Court's attention via an appropriate motion.

the defendants face no cognizable harm from a preliminary injunction, and the public interest is served by preventing the implementation of a facially unconstitutional policy.

Accordingly, the plaintiffs' motions (<u>Doe</u>, <u>Doc. No. 10</u>, and <u>New Jersey</u>, <u>Doc. No. 3</u>) are ALLOWED as described herein.  Separate orders will issue in each case memorializing the preliminary injunctions entered by the Court.

SO ORDERED.

 /s/ Leo T. Sorokin                             
United States District Judge

31

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STATE OF NEW JERSEY et al., | ) |
| Plaintiffs, | ) |
| v. | ) Civil No. 25-10139-LTS |
| DONALD J. TRUMP et al., | ) |
| Defendants. | ) |

<u>PRELIMINARY INJUNCTION</u>

February 13, 2025

SOROKIN, J.

For the reasons set forth in the Memorandum of Decision issued today, <u>Doc. No. 144</u>, the plaintiffs' motion for preliminary injunction (<u>Doc. No. 3</u>) is ALLOWED.  As explained in the Memorandum, the plaintiffs have advanced valid causes of action seeking equitable relief, and they have standing to pursue such claims.  They also have demonstrated that each factor governing their request for preliminary injunctive relief weighs strongly in their favor.  The plaintiffs are likely to succeed on the merits of their claims under the Citizenship Clause and <u>8 U.S.C. § 1401</u>, they are likely to suffer irreparable harm in the absence of relief, the balance of harms tips overwhelmingly in their favor, and the public interest favors an injunction.  Additionally, the record establishes that universal relief is required in order to provide complete relief to the eighteen states and two cities that have brought this case.

Accordingly, pursuant to <u>Federal Rule of Civil Procedure 65(a)</u>, this Court ORDERS as follows:

1. The United States Department of State, the Secretary of State, the United States
   Department of Homeland Security, the Secretary of Homeland Security, the United States
   Department of Health and Human Services, the Acting Secretary of Health and Human
   Services, the United States Social Security Administration, the Acting Commissioner of
   Social Security, and all officers, agents, employees, attorneys, and any other persons
   acting in concert with or behalf of any named defendant in this action (including agents,
   employees, and other representatives of President Donald J. Trump), are ENJOINED
   from implementing and enforcing Executive Order No. 14,160, "Protecting the Meaning
   and Value of American Citizenship."

2. No security under Federal Rule of Civil Procedure 65(c) is necessary or warranted in the
   circumstances of this case, where the plaintiffs seek to vindicate an important
   constitutional and federal statutory right, and the injunction will not expose the
   defendants to financial loss.  See da Silva Medeiros v. Martin, 458 F. Supp. 3d 122, 130
   (D.R.I. May 1, 2020) (citing Crowley v. Loc. No. 82, 679 F.2d 978, 1000-01 (1st Cir.
   1982)).

3. This preliminary injunction shall take effect immediately upon the docketing of this
   Order and shall remain in effect until the entry of judgment in this matter, unless this
   Court, the United States Court of Appeals for the First Circuit, or the United States
   Supreme Court order otherwise.

SO ORDERED.

 /s/ Leo T. Sorokin
United States District Judge

2

**United States District Court**

**District of Massachusetts**

## Notice of Electronic Filing

The following transaction was entered on 2/13/2025 at 3:13 PM EST and filed on 2/13/2025

| | |
|---|---|
| **Case Name:** | State of New Jersey et al v. Trump et al |
| **Case Number:** | 1:25−cv−10139−LTS |
| **Filer:** | |
| **Document Number:** | 146(No document attached) |

**Docket Text:**
 **District Judge Leo T. Sorokin: ELECTRONIC ORDER entered.**

The letter request filed pro se by Rubin Young (Doc. No. [131]) seeking permission to file an amicus brief (Doc. No. [132]) is DENIED. Acceptance of an amicus brief is a matter of discretion, and these submissions do not establish that Mr. Young "has a special interest that justifies his having a say" in this case. Strasser v. Doorley, 432 F.2d 567, 569 (1st Cir. 1970).

The "Notice of Branzburg v. Hayes Motion" filed pro se by Mark Marvin (Doc. No. [140]) is DENIED to the extent it seeks dismissal of this action. Mr. Marvin is neither a party nor an intervenor and has not otherwise sought and obtained leave to participate in this action.

The Emergency and Ex Parte Motion to Intervene (Doc. No. [141]) filed pro se by Melvin Jones Jr. is DENIED. Even construed liberally, the submission fails to satisfy the movant's burden to establish entitlement to intervention pursuant to Fed. R. Civ. P. 24(a)–(b).

The Court directs the Clerk not to place any future filing by Mr. Young, Mr. Marvin, or Mr. Jones on the docket for this case unless the filing is a motion for reconsideration or a notice of appeal of this order.

(FGD)


**1:25−cv−10139−LTS Notice has been electronically mailed to:**

George W. Vien     gwv@dcglaw.com, jck@dcglaw.com, jdl@dcglaw.com, lam@dcglaw.com

Frank L. McNamara, Jr     franklmcnamara@gmail.com

Jonathan Benjamin Miller     jon@publicrightsproject.org

Andrew C. Coulam     andrew.coulam@ag.tn.gov

Katherine Connolly Sadeck     ksadeck@riag.ri.gov, kragosta@riag.ri.gov

Jared B. Cohen     jared.b.cohen@mass.gov

William M. Tong     ag.court.tong@ct.gov

Ryan P. McLane     ryan@mclanelaw.com, 3494083420@filings.docketbird.com, alexa@mclanelaw.com

Sean D. Magenis     sean.d.magenis@maine.gov, laura.solisfarias@maine.gov

Adam Kirschner     akirschner@oag.state.md.us

Christopher J. Hajec     chajec@irli.org

Gerard J. Cedrone     gerard.cedrone@mass.gov

Pietro A. Conte     pac@dcglaw.com

Nathaniel M. Lindzen     nlindzen@corpfraudlaw.com

Stacey M. Metro     stacey.metro@ag.ny.gov

Matthew James O'Brien     mobrien@irli.org, mattcrapo@recap.email, mcrapo@irli.org

Brad P. Rosenberg     brad.rosenberg@usdoj.gov, FedProg.ECF@usdoj.gov, bilqees.stover@usdoj.gov, matthew.l.carney@usdoj.gov

Viviana Maria Hanley     viviana.hanley@njoag.gov

Nicole Suzanne Hill     nicole.hill@dc.gov, Chloe.Pan@dc.gov, Jeremy.Girton@dc.gov

David Scott Louk     david.louk@sfcityatty.org, christine.hoang@sfcityatty.org, cmplxafflit@recap.email

Molly J. Alarcon     molly.alarcon@sfcityatty.org, christine.hoang@sfcityatty.org, cmplxafflit@recap.email

James Grayson     jgrayson@nmag.gov

Zoe Levine     zoe.levine@ag.ny.gov

Daniel Paul Mosteller     dmosteller@ncdoj.gov

Shannon Wells Stevenson     shannon.stevenson@coag.gov, alex.miller@coag.gov

Delbert Tran     delbert.tran@doj.ca.gov

Lorraine Lopez     lorraine.lopez@doj.ca.gov

Annabelle Cathryn Wilmott     annabelle.wilmott@doj.ca.gov

Marissa Malouff     marissa.malouff@doj.ca.gov

Denise Yesenia Levey     denise.levey@doj.ca.gov

Irina Trasovan     irina.trasovan@doj.ca.gov

Kalikoonalani Diara Fernandes     kaliko.d.fernandes@hawaii.gov, derek.r.matsumoto@hawaii.gov,

tammy.d.tam@hawaii.gov

Leonard Giarrano, IV     lgiarrano@riag.ri.gov, mspooner@riag.ri.gov

Toni L. Harris     harrist19@michigan.gov, JensonM1@michigan.gov, LaneL5@michigan.gov,
pungl@michigan.gov

Neil Giovanatti     giovanattin@michigan.gov, JensonM1@michigan.gov, LaneL5@michigan.gov,
SheltonE1@michigan.gov, pungl@michigan.gov

Stephanie M. Service     services3@michigan.gov, JensonM1@michigan.gov, LaneL5@michigan.gov,
montemayorm@michigan.gov, pungl@michigan.gov

John C. Keller     john.keller@ag.state.mn.us

Robert Charles Merritt     robert.c.merritt@usdoj.gov

Yuri Fuchs     yuri.s.fuchs@usdoj.gov

Janelle Medeiros     janelle.medeiros@ct.gov

Elizabeth R. Walsh     elizabeth.walsh@law.njoag.gov

Shefali Saxena     shefali.saxena@law.njoag.gov

Shankar Duraiswamy     shankar.duraiswamy@njoag.gov

Jeremy Feigenbaum     jeremy.feigenbaum@njoag.gov

Heidi Parry Stern     hstern@ag.nv.gov, rcarreau@ag.nv.gov, sgeyer@ag.nv.gov

Gabe Johnson–Karp     johnsonkarpg@doj.state.wi.us

Julio A Thompson     julio.thompson@vermont.gov

R. Trent McCotter     tmccotter@boydengray.com

Whitney D. Hermandorfer     whitney.hermandorfer@ag.tn.gov

James Matthew Rice     matt.rice@ag.tn.gov

Eric Hamilton     eric.hamilton@usdoj.gov

**1:25–cv–10139–LTS Notice will not be electronically mailed to:**

Leonard W. Houston(Terminated)
148 Deer Court Drive, Bldg. 4
Middletown, NY 10940

Mark Marvin
135 Mills Road
Walden, NY 12586

Rubin Young
14060 SW 258th St.
Homestead, FL 33032

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

STATE OF NEW JERSEY, *et al.*,

      *Plaintiffs*,

  v.

DONALD J. TRUMP, *et al.*,

      *Defendants*.

No. 1:25-cv-10139-LTS

# *NOTICE OF APPEAL to the 1st Circuit Court of Appeals:*

OFFICE OF THE CLERK

## UNITED STATES COURT OF APPEALS

FOR THE FIRST CIRCUIT

ANASTASIA DUBROVSKY

CLERK

JOHN JOSEPH MOAKLEY
UNITED STATES COURTHOUSE
1 COURTHOUSE WAY, SUITE 2500
BOSTON, MA 02210
(617) 748-9057

*appeal of denial of Ecf Doc. #41 in civil case #25-cv-10139*

*...regarding the district court order set forth in Ecf #146, and*

*Ecf Doc. #145 and Ecf Doc. 144#  ...because [we] believe that the outcome of the GRANTING of the Preliminary Injunction would have BEEN DIFFERENT had our emergency and ex parte motion to intervene been*

*GRANTED [and/ or] granted along with Ecf Doc # 131, and #132 and #140 ...taken all together (see the courts order Ecf Doc. # 146)... which is also given NOTICE OF APPEAL.  Here [we] believe that as a MATTER  OF LAW*

*...there is substantial prejudicial constitutional manifest ERROR in said District Court order[s] and thereby DE NOVO REVIEW on appeal is required here.*

*Also, [we] intend upon seeking IFP status in the 1st circuit court of appeals [and] IF such is somehow denied... then [we] intend somehow to PAY the appeal fee.*

*Further, it appear that the 1st Circuit has an*

*"accommodation coordinator"... although NOT [of course] voluntarily complying with the ADA.... and so, [we] will request ORAL argument... and a "communication disability" accommodation for*

*Melvin Jones Jr.  [due to his history of CVA and Stroke] ...whereby said accommodation will be sought  from the 1st circuit accommodations specialist AFTER docketing of our notice of appeal in the 1st circuit court of*

*appeals [e.g. transmittal of such by the clerks office in the US District Court].*
*Thank you.*
*Best,*


*(continued on the NEXT page)...*

*2-14-2025*

_ _ _ _ _ _ _ _ _ _ _ _ _ _

*Colleen Connors*

*Email:*

*cmcolleen4@gmail.com*

*Date: 2-14-2025*



—————————————————

*Melvin Jones Jr.*
*Email:*
*jonesjrmel@gmail.com*

## Proof of Service:
*The Notice of Docket*
*Activity that is*

*generated by the court's electronic filing system constitutes service on all ECF filers. 1st Cir. R. 25.0(e).*