OFFICE OF THE CLERK

# UNITED STATES COURT OF APPEALS

FOR THE FIRST CIRCUIT

ANASTASIA DUBROVSKY

CLERK

JOHN JOSEPH MOAKLEY
UNITED STATES COURTHOUSE
1 COURTHOUSE WAY, SUITE 2500
BOSTON, MA 02210
(617) 748-9057



✓ **Final**

**UNITED STATES COURT OF APPEALS**
**FOR THE ▮▮▮ CIRCUIT**

**25-1158**

**Appeal #** — 1st

Case Number: 25-cv-10139

Case Name: State of New Jersey et al vs. President Donald Trump, et al

Name: Melvin Jones Jr., and Colleen Connors - pro se appellants

Address: 1935 Hosler St.

City: Flint          State: MI     Zip Code: 48503

**Emergency** — **PRO SE APPELLANT'S BRIEF**

*Pro Se Appellants Colleen Cinnors and Mevin Jones Jr's - EMERGENCY APPELLANTS' APPEAL BRIEF with a MOTION to EXPEDITE the briefing schedule:*

*Jurisdictional statement, including: (A) the basis for the district court's or agency's subject-matter jurisdiction, with citations to applicable statutory provisions and stating relevant facts establishing jurisdiction;*

See the Exhibits attached

*(B) the basis for the court of appeals' jurisdiction, with citations to applicable statutory provisions and stating relevant facts establishing jurisdiction;*

"

*(C) the filing dates establishing the timeliness of the appeal or petition for review; and*

"

*(D) an assertion that the appeal is from a final order or judgment that disposes of all parties' claims, or information establishing the court of appeals' jurisdiction on some other basis;*

"

*(5) a statement of the issues presented for review;*

See our statements as set forth below

*(6) a concise statement of the case setting out the facts relevant to the issues submitted for review, describing the relevant procedural history, and identifying the rulings presented for review, with appropriate references to the record (see Rule 28(e));*

''

*(7) a summary of the argument, which must contain a succinct, clear, and accurate statement of the arguments made in the body of the brief, and which must not merely repeat the argument headings;*

''

*(8) the argument, which must contain:*
*(A) appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies; and*

''

*(B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);*

''

*(9) a short conclusion stating the precise relief sought.*

Reverse and Remand

**INTRODUCTION:**

*Recall the classic case of Flood v. Kuhn, where the U.S. Supreme Court had to decide whether the Sherman Antitrust Act applied to professional baseball.*

*The Court was not writing on a blank slate in Kuhn; fifty years earlier in Federal Baseball Club of Baltimore Inc. v. National League of Professional Baseball Clubs, it held that the Sherman Act did not cover professional baseball.*

*But in the meantime, the Supreme Court had interpreted the Sherman Act to reach professional boxing*

*By the time of Flood v. Kuhn, Federal Baseball Club was an outlier, and yet the Court adhered to baseball's unique exemption from antitrust liability on the grounds of stare decisis.*

*Now let's put a twist on that story. Imagine that at Time 1, a federal court of appeals, rather than the Supreme Court, decided Federal Baseball Club and held professional baseball to be exempt from the Sherman Act. Subsequently at Time 2, the U.S.*

*Supreme Court held that the Sherman Act was applicable to professional boxing and football. At Time 3, the equivalent of Flood v. Kuhn, challenging the continued viability of Federal Baseball Club, comes before the court of appeals. How should the court proceed in light of the Time 2 Supreme Court decisions that cast doubt on, but do not directly overturn, the appellate court's Time 1 precedent?*

*The problem of undermined-but-not-overruled circuit precedent is a recurring dilemma for federal courts of appeals.*

*While the problem of undermined circuit precedent is frequently presented, the circuits have not developed a sufficiently nuanced framework for handling these challenging cases. The courts of appeals take disparate approaches in addressing these situations, and notably, no circuit tailors its approach to the specific legal context presented by the case.*

*In light of the motivations behind vertical and horizontal stare decisis, this [our] instant appeal brief (among other things) argues that circuit court panels ought to apply a general presumption in favor of overruling an undermined circuit precedent…. In light of the*

motivations behind vertical and horizontal stare decisis, this Note argues that circuit court panels ought to apply a general presumption in favor of overruling an undermined circuit precedent. Importantly, however, special circumstances justify a stronger or weaker application of this general rule. This Note proceeds in four parts. Here, the appeals court should DE NOVO, examine how the federal courts of appeals have handled latent conflicts between on-point circuit precedents and intervening Supreme Court cases that undermine those decisions..... the practice of stare decisis in the American judiciary. It explains the potential constitutional, statutory, and pragmatic sources of vertical and horizontal precedent at the court of appeals level. And [we]/ pro se appellants Colleen Connors and Melvin Jones Jr., further raise the issue of manifest constitutional error/ prejudicial constitutional error that the district court as a matter of law wrongly left [it] up to the appeals court to determine an approach for how courts of appeals ought to handle these conflicts grounded in the justifications behind vertical and horizontal stare decisis.... without noting such as a caution IN THE GRANTING of the plaintiffs' preliminary injunction.

**... the core issue, but NOT limited to such, which we raise on appeal for DE NOVO review are/ is that of STARE DECISIS:**

*The doctrine of stare decisis, or "let the decision stand", is a principle that courts use to follow precedent. In the 1st Circuit Court of Appeals, stare decisis has been applied in cases such as <u>United States v. Moore-Bush (2020)</u>.*

*Explanation*

> *Stare decisis in the 1st Circuit*
> - *In United States v. Moore-Bush, the 1st Circuit ruled that the district court erred in departing from precedent when suppressing evidence. The court found that the district court violated stare decisis by departing from binding precedent in United States v. Bucci (2009).*
> - 
>
> *Stare decisis in general*
> - *Stare decisis is a cornerstone of the common law. It helps ensure that people in similar situations are treated similarly.*
> -

- **_MOST IMPORTANT here to the CORE issus which we raise for DENOVO review on appeal is… that Stare decisis is not a mechanical rule, and courts can revisit decisions if public policy or the law changes_**_; and as to the district court's orders which gave rise to our instant appeal… as a MATTER OF LAW… the district court {i.e. via fundamental and structural, manifest constitutional error as to DENIAL of our ex parte and emergency motion to intervene and GRANTING of preliminary injunction as to President Trump's EO {e.g. president issued "law"} at issue in the district court…. AS A MATTER OF LAW…. said EO (president issued Executive Order regarding defining "United States Citizenship")…. The district court AS A MATTER OF LAW misreads the EO… which asserts that NOW (e.g. just like the ERROR in law - DRED SCOTT I [one] decision many years ago… which through a SERIES of NON-STARE DECISIS rulings led to the 14th Amendment ….and NOW… AS A MATTER OF LAW… the current interpretation of the 14th amendment which the district court has misapplied by RIGID misapplication of the LAW of horizontal-stare decisis… failed to consider the_

*HEAVY "legal constructs" at issue ...making the CURRENT 14th amendment "birthright citizen claus" LEGALLY OUTDATED... as a matter of law;*

- 
- *Stare decisis is a LEGAL policy that promotes consistency and predictability in the legal system.*

*SPECIFICALLY... we raise on appeal that:*

*2023 (October Term)*

*[United States v. Hasan](), 84 M.J. 181 (under the doctrine of horizontal stare decisis, an appellate court must adhere to its own prior decisions, unless it finds compelling reasons to overrule itself; however, applying stare decisis is not an inexorable command, and a court is not bound by precedent when there is a significant change in circumstances after the adoption of a legal rule, or an error in legal analysis).*

*(stare decisis is most compelling where courts undertake statutory construction).*

*(to determine whether to depart from stare decisis, an appellate court applies the following factors: whether the prior decision is unworkable or poorly reasoned, any intervening events, the reasonable expectations of servicemembers, and the risk of undermining public confidence in the law; and the party requesting that a court overturn precedent bears a substantial burden of persuasion; in addition, a party must present a special justification for a court to overrule prior precedent).*

*2020 (October Term)*

*United States v. Cardenas, 80 M.J. 420 (when asked to overrule one of its precedents, an appellate court must analyze the matter under the doctrine of stare decisis).*

*(stare decisis is the doctrine of precedent, under which a court must follow earlier judicial decisions when the same points arise again; adherence to precedent is the preferred course because it promotes*

*the evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process).*

*(applying stare decisis is not an inexorable command, and an appellate court is not bound by precedent when there is a significant change in circumstances after the adoption of a legal rule, or an error in legal analysis; in evaluating the application of stare decisis, an appellate court considers (1) whether the prior decision is unworkable or poorly reasoned, (2) any intervening events, (3) the reasonable expectations of servicemembers, and (4) the risk of undermining public confidence in the law; as to the first factor, the appellate court considers not whether the interpretation at issue is plausible, but whether the decisions are so unworkable or poorly reasoned that they should be overruled).*

*2018 (October Term)*

*United States v. Tovarchavez*, 78 M.J. 458 (horizontal stare decisis requires an appellate court to adhere to its own prior decisions, unless it finds compelling reasons to overrule itself).

*(overruling by implication is disfavored; lower courts should follow the case which directly controls, leaving to the superior court the prerogative of overruling its own decisions).*

*(forfeited errors are subject to plain error review, while preserved errors are not; under Article 59, UCMJ, all errors of law - preserved or not - must have prejudiced an appellant's rights, and the test employed to determine prejudice depends on the nature of the right).*

*2017 (October Term)*

*United States v. Dinger*, 77 M.J. 447 (when an appellate court is asked to overrule one of its precedents, it analyzes the matter under the doctrine of stare decisis).

*(stare decisis is a principle of decision-making, under which a court follows earlier judicial decisions when the same issue arises in other cases; although the doctrine of stare decisis is of fundamental importance to the rule of law, a court's precedents are not sacrosanct, and prior decisions may be overruled where the necessity and propriety of doing so has been established).*

*(in evaluating the application of stare decisis, an appellate court considers whether the prior decision is unworkable or poorly reasoned, any intervening events, the reasonable expectations of servicemembers, and the risk of undermining public confidence in the law).*

*[United States v. Andrews](#), 77 M.J. 393 (stare decisis is defined as the doctrine of precedent, under which a court must follow earlier judicial decisions when the same points arise again in litigation; the doctrine encompasses at least two distinct concepts: (1) an appellate court must adhere to its own prior*

*decisions, unless it finds compelling reasons to overrule itself; and (2) courts must strictly follow the decisions handed down by higher courts; adherence to precedent is the preferred course because it promotes the evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process; an appellate court will not overturn precedent that has been treated as authoritative for a long time unless the most cogent reasons and inescapable logic require it; stare decisis is most compelling where courts undertake statutory construction; the party requesting that a court overturn precedent bears a substantial burden of persuasion).*

*(applying stare decisis is, however, not an inexorable command; an appellate court is not bound by precedent where there has been a significant change in circumstances after the adoption of a legal rule, or an error in legal analysis, and it is willing to depart*

*from precedent when it is necessary to vindicate plain, obvious principles of law and remedy continued injustice).*

*(an appellate court considers the following factors in evaluating the application of stare decisis: whether the prior decision is unworkable or poorly reasoned; any intervening events; the reasonable expectations of servicemembers; and the risk of undermining public confidence in the law; even if these factors weigh in favor of overturning long-settled precedent, an appellate court still requires special justification, not just an argument that the precedent was wrongly decided).*

*(under the doctrine of stare decisis, the question is not whether the interpretation at issue is plausible; it is whether the decision is so unworkable or poorly reasoned that it should be overruled).*

*(when a court is clearly convinced that precedent is no longer sound because of changing conditions and*

*that more good than harm will come by departing from precedent, that court is not inexorably bound by its own precedents).*

*[United States v. Blanks](#), 77 M.J. 239 (when an appellate court considers a request to overrule a prior decision of the court, it analyzes the matter under the doctrine of stare decisis).*

*(the doctrine of stare decisis provides that adherence to precedent is the preferred course because it promotes the evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process).*

*(stare decisis is most compelling where courts undertake statutory construction).*

*(the doctrine of stare decisis is not an inexorable command; an appellate court considers the following factors in evaluating the application of stare decisis: whether the prior decision is unworkable or poorly*

*reasoned; any intervening events; the reasonable expectations of servicemembers; and the risk of undermining public confidence in the law; a party must present a special justification for us to overrule prior precedent).*

*[United States v. Mangahas](#), 77 M.J. 220 (courts do not lightly overrule precedent, but stare decisis is a principle of decision making, not a rule, and need not be applied when the precedent at issue is badly reasoned).*

**2014 (September Term)**

*[United States v. Quick](#), 74 M.J. 332 (the doctrine of stare decisis is most compelling where courts undertake statutory construction).*

*(when considering whether to overrule a precedent, an appellate court is guided by the doctrine of stare decisis; under this fundamental principle, adherence to precedent is the preferred course because it promotes the evenhanded, predictable, and consistent*

*development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process; stare decisis is a principle of decision making, not a rule, and need not be applied when the precedent at issue is unworkable or badly reasoned; as a general matter, however, adhering to precedent is usually the wise policy, because in most matters it is more important that the applicable rule of law be settled than it be settled right).*

*(under the doctrine of stare decisis, a decision should not be overruled without examining intervening events, reasonable expectations of servicemembers, and the risk of undermining public confidence in the law).*

*(for purposes of an appellate court's analysis under the doctrine of stare decisis, the court does not limit its review to whether the prior precedent was wrongly decided, but rather it examines whether the prior decision is unworkable or poorly reasoned, any*

*intervening events, the reasonable expectations of servicemembers, and the risk of undermining public confidence in the law).*

*(with respect to the prior precedent that authorized the CCAs the legal authority to order sentence-only rehearings under Article 66(d), UCMJ, the process may be cumbersome, but is not unworkable; also, the prior precedent is not poorly reasoned, and there have been no intervening events; in fact, the power of the CCAs to order sentence-only rehearings has been recognized by both the executive and legislative branches of government; in addition, servicemembers have come to rely on the authority of CCAs to order sentence-only rehearings where it has been accepted procedure in the military justice system for over sixty years; finally, because the prior procedural precedent has provided a predictable and consistent appellate remedy for both litigants and lower courts to follow for years, changing precedent would run the risk of undermining public confidence; as such, the*

*government has failed to establish sufficient justification to depart from the doctrine of stare decisis).*

*2010 (September Term)*

[United States v. Fosler](#)*, 70 M.J. 225 (the doctrine of stare decisis does not apply when a statute, executive order, or other basis for a decision changes).*

*(stare decisis cannot possibly be controlling when the decision in question has been proved manifestly erroneous and its underpinnings eroded by subsequent decisions of the Supreme Court).*

*2008 (Transition)*

[United States v. Falcon](#)*, 65 M.J. 386 (the doctrine of stare decisis plays an important role in an appellate court's decision-making; applying stare decisis is the preferred course because it promotes the evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial*

*decisions, and contributes to the actual and perceived integrity of the judicial process; however, stare decisis is not an inexorable command; rather, it is a principle of policy and not a mechanical formula of adherence to the latest decision).*

*(precedent can be overruled if changes in society or in the law dictate that the values served by stare decisis yield in favor of a greater objective).*

*(where a judicial decision is based on public policy and that policy has changed, the doctrine of stare decisis does not prohibit an appellate court from revisiting that decision).*

**2003**

*[United States v. Rorie](), 58 MJ 399 (CAAF is not unmindful of the importance that the doctrine of stare decisis plays in its decision-making; the doctrine of*

*stare decisis is the preferred course because it promotes the evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process).*

*(a decision to alter a policy of abatement ab initio does not fall into any of the categories identified as important areas within which to preserve precedent under stare decisis; the issue is not one of constitutional or statutory interpretation, nor has it been presented with any reliance interests of appellant).*

*(stare decisis is a principle of decision-making, not a rule, and need not be applied when the precedent at issue is unworkable or badly reasoned; admittedly, the current policy of abatement cannot be considered unworkable; however, CAAF believes that the weight of reason supports a change in the rule).*

*(CAAF may alter its policy in regard to abatement ab initio without being constrained by stare decisis; CAAF is less constrained by the doctrine of stare decisis in this instance because it is determining a matter of court policy rather than contemplating a change in the law or a change impacting upon an articulable right of an appellant).*

*United States v. Inong, 58 MJ 460 (this Court is respectful of the important doctrine of stare decisis; under this fundamental principle, adherence to precedent is the preferred course because it promotes the evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process;*

*Here.... As a matter of law — stare decisis is a principle of decision making, not a rule, and*

==need not be applied when the precedent at issue is unworkable or badly reasoned).==

"*On his first day in office, President Trump issued an [executive order](#) that purports to end birthright citizenship for certain children. It does so despite Section 1 of the 14th Amendment, which [declares](#), "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside."*

*The central question raised by Mr. Trump's order is what it means to be "subject to the jurisdiction" of the United States. The answer most legal observers give is that it includes*

virtually anyone born on American soil, including those whom the order is meant to exclude, namely children born to parents in the country illegally or temporarily. Indeed, on Monday, the American Bar Association described the order as an attack on a "constitutionally protected" right. Federal judges in four states have enjoined the order, with one claiming that it "conflicts with the plain language of the 14th Amendment."

Not necessarily.

The Supreme Court has held, in the 1898 case United States v. Wong Kim Ark, that children born here to permanent residents are citizens. But it has never squarely held that children born to

those illegally present are citizens. When the court addresses that question — which it almost certainly must — it should consider the 14th Amendment's original purpose and the common-law principle of "jus soli," or birthright citizenship, which informed the original public meaning of the text. Both relate to the idea of social compact and contradict today's general assumption that the common-law principle depends solely upon place of birth.

## The 14th Amendment's Roots

At the time of its adoption, the publicly known purpose of the 14th Amendment was to extend the benefits of the social compact — including, specifically, the

privileges and immunities of citizenship — to African Americans newly freed after the Civil War. (Due in large part to a series of egregious Supreme Court rulings gutting the original letter and spirit of the amendment, that promise of equal citizenship was largely denied for decades.)   Abraham Lincoln's administration, rejecting the reasoning of [Dred Scott v. Sandford](), had already acknowledged that free African Americans were citizens. As Edward Bates, Lincoln's first attorney general, wrote in 1862, in an official [opinion](), "The Constitution uses the word 'citizen' only to express the political quality of the individual in his relations to the

nation; to declare that he is a member of the body politic, and bound to it by the reciprocal obligation of allegiance on the one side and protection on the other."

The equal protection clause, also found in Section 1 of the amendment, provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." This clause was based on the same allegiance-for-protection theory enunciated by Bates.

According to this view, individuals give up their personal executive power to enforce their inalienable natural rights

and agree instead to obey the laws of civil society — to pledge, if you will, allegiance — in exchange for civil society's protection of those rights. As William Blackstone, an English authority widely read and respected by the founders, [wrote](), "Allegiance is a debt due from the subject, upon an implied contract with the prince, that so long as the one affords protection, so long the other will demean himself faithfully."

Both the Lincoln administration and the Congress that proposed the 14th Amendment held this allegiance-for-protection view, with this difference: In England, the allegiance

expected of a subject was obedience to the sovereign monarch in return for his protection. In the American Republic, where the people are sovereign, the allegiance expected of a citizen was obedience to the laws.

## Who Bears Allegiance?

It is widely agreed that "subject to the jurisdiction" excluded the children of diplomats, Native Americans subject and with allegiance to tribal authority (this changed with the [Indian Citizenship Act of 1924](#)) and members of invading armies. The common-law principle of jus soli also excluded these groups. The crucial question is, why?

Many scholars take the view that "subject to the jurisdiction" meant simply subject to the power of the U.S. government, its army, its courts and its laws. This view, however, cannot explain several anomalies, including the status of children born to citizens residing within enemy-occupied territory, who appear to have been considered citizens if their parents remained loyal (the Supreme Court outlined this scenario in the 1830 case [Inglis v. Trustees of Sailor's Snug Harbor](#)). And it cannot

explain the status of children born to foreigners on foreign public vessels in U.S. waters, who were not considered citizens.

According to the allegiance-for-protection theory articulated in the Bates opinion, none of the excluded groups was "subject to the jurisdiction" of the United States because none of the members of these groups had entered into the social compact with the people of the United States and none gave allegiance to the United States.

*That still leaves this question: Can a person within the territorial boundaries of a state enter into the social compact and give allegiance without being a citizen?*

*Yes. [Calvin's Case](#) was a 1608 judicial decision about who were birthright subjects of the English monarch, written by Edward Coke, one of the judges in the case and a legal thinker revered by the framers of the Constitution. It explained that foreigners who came in "amity" — friendship — gave a "local" allegiance to the sovereign*

*and an "obedience" to the laws while residing in his realm such that they were entitled to the protection and benefit of those laws. Their children were therefore born under the protection of the sovereign and had to, in their own turn, give allegiance to the sovereign. They were natural-born subjects even though their parents were not citizens. The decision makes clear that both the parents' allegiance and the child's birthplace were relevant.*

In Wong Kim Ark, the leading case on birthright citizenship, the Supreme Court explained that "jurisdiction" referred to being born "within the allegiance" of the sovereign. The court held that a child born of parents with a "permanent domicile and residence in the United States" was a birthright citizen. Wong Kim Ark's parents, as persons who came in amity, had entered into the social compact and were entitled to all the benefits of that compact, including not only the protection of the laws

*but also the benefits of citizenship for their children. Under the common law, the court observed, "such allegiance and protection were mutual." This is also why, as prominent [editions](#) of Blackstone's commentaries explained, invading armies were excluded. "It is not cœlum nec solum" — it is neither the climate nor the soil — that makes a natural-born subject, "but their being born within the allegiance and under the protection of the king."*

**Have Unlawful Entrants Given Allegiance?**

Which brings us to the children of people who are present in the United States illegally. Has a citizen of another country who violated the laws of this country to gain entry and unlawfully remain here pledged obedience to the laws in exchange for the protection and benefit of those laws?

Clearly, the parents are not enemies in the sense of an invading army, but they did not come in amity. They gave no obedience or allegiance to the country when they entered — one cannot give

allegiance and promise to be bound by the laws through an act of defiance of those laws. Such persons can even be summarily removed from the country without judicial procedures of the sort that would protect citizens. If the allegiance-for-protection view informed the original meaning of the text, then they and their children are therefore not under the protection or "subject to the jurisdiction" of the nation in the relevant sense.

*The executive order's exclusion of children born to mothers who are "lawful but temporary" residents is a more complicated question not addressed here. And whether Congress ought to grant naturalized citizenship to children born to those illegally present in the United States is a policy issue distinct from whether the 14th Amendment has already done so. The Supreme Court has, in a [footnote](), presumed that the 14th Amendment's jurisdictional phrase applied equally to people who are*

here illegally, but the issue was neither briefed nor argued in that case; nor was it material to its outcome.

When they finally consider this question, the justices will find that the case for Mr. Trump's order is stronger than his critics realize."

*Randy E. Barnett is a professor of constitutional law at the Georgetown University Law Center and an author of "[The Original Meaning of the 14th Amendment: Its Letter and Spirit](#)." Ilan Wurman is a professor of constitutional law at the University of Minnesota and the author of "[The Second Founding: An Introduction to the 14th Amendment](#)."*

*Source:*

*https://www.nytimes.com/2025/02/15/opinion/trump-birthright-citizenship.html*

- ***EMERGENCY PRO SE APPEAL BRIEF continued*** .....
- *Appellants [Melvin Jones Jr and Colleen Connors]*
- *Note:* **appellants hereby MOTION the appeals court for an emergency and expedited briefing schedule** ... *whereby upon submission to the 1st Circuit Court of Appeals case manager of our PRO SE emergency appellant's BRIEF US mail.... [or] via PACER submission .... then the appellee's will/ shall have 5 business days within which to file on the docket for the instant appeal their RESPONSE... and due to the urgent matter[s] pending in the US District court #25-cv-10139 ...**NO REPLY BRIEFS shall be allowed here.**

- *ADDITIONAL   ISSUES which [we] Colleen Connors and Melvin Jones Jr. wish to/ do RAISE on appeal are as follows... whereby due to the URGENT nature of our appeal and emergency ex parte motion to intervene which was DENIED in the district court — we request that our PRO SE appellants brief be construed LIBERALLY ...to where we do NOT need to provide the SAME case law NOR format as a party who is represented by counsel/ an attorney:*

- *We respectfully raise the issue on appeal here that AS A MATTER OF LAW... the district court MISAPPLIED the LAW as to the US Supreme Court case - the United States vs. WONG KIM ARK.... which is to say... we believe and assert as a matter of law and prejudicial and constitutional harm which we suffer NOW with the district courts orders which are being appealed here {SEE OUR ATTACHED NOTICE OF APPEAL and the US*

*DISTRICT CLERKS transmittal of the "record of the relevant parts of the docket in the lower court also affixed hereto}.... That the District Courts preliminary injunction should include the following CLARIFICATION and/ or notation defining US Citizenship birthright... and along with such... our emergency and ex parte motion to intervene should have been GRANTED — which [is]: A dissenting opinion by Chief Justice Fuller, which Justice Harlan joined, disagreed with the majority's view that the Fourteenth Amendment was intended as a continuation of the English common law rule stemming from Calvin's Case . In particular, the dissent*

*viewed children born to U.S. citizens born overseas as more deserving of being natural-born citizens than those born in the United States to non-citizen parents, and yet they are not afforded the Constitution's protection. Further, the dissent argued that the "and not subject to any foreign power" provision in the Civil Rights Act of 1866 showed that Congress intended to exclude children of foreign citizens from the Fourteenth Amendment, as they would be subjects of the same foreign power as their parents.*

- *Here.... In all, Chinese Americans filed more than 10,000 lawsuits to fight the discriminatory laws enacted in the United States in the late 1800s and early 1900s. Twenty of these cases were heard by the US Supreme Court. These cases set legal precedents for many landmark human rights lawsuits, for example, US citizenship by birth right. Other cases defeated discrimination by ordering San Francisco schools to educate Chinese American children, and argued for equal treatment using the 14th Amendment right to equal protection under law, a tactic later used to overturn Jim Crow laws in the South. Another case established that the federal government holds sole authority to regulate immigration.*

- *Some pivotal U.S. Supreme Court cases include:* **Yick Wo v. Hopkins, Tape v. Hurley and Chy Lung v. Freeman, and (of course).... United States v. Wong Kim Ark and SEE THE ATTACHED EXHIBIT wherein which our issues which [we] Colleen Connors and Melvin Jones Jr. raise on**

*appeal …that is to say that the attachments affixed hereto are referred to by reference and repeated and replead and fully incorporated herein as if fully set forth immediately herein {simply put IMPORTANT additional issues raised on appeal as set forth in said attached exhibits affixed hereto [additionally as set forth in our NOTICE OF APPEAL which is ALSO affixed hereto as an exhibit… we REQUEST a DE NOVO appellate court review here… as set forth herein]}.*

*NOTE: our respective SEPARATE motions for IFP status on appeal in the 1st circuit court of appeals will be forwarded to the case manager either via US mail or PACER pro se submission within 7 days of the docketing of our appeal with an APPEAL number and docketing of our instant pro se 'emergency' appeal brief.*

*Thank you.*
*Respectfully Submitted.*
*Best,*



[continued on the NEXT page]

==**REQUEST FOR LARGE PRINT ORDERS**==:

*Due to pro se appellant MELVIN JONES JR's serious vision impairments of PTOSIS and cataract[s] and strabismic amblyopia and [I] believe episodic dyslexia and my history of VERY painful and debilitating eye strain headaches and episodic very blurry vision and my history of LOW VISION and what I can best describe as episodic "legal blindness".... Which [I], Melvin Jones Jr., have noticed has WORSENED since May 6th, 2024 {a*

*"medical episode"... which resulted in my need to be taken/ driven to urgent care by Colleen Connors}....* **Accordingly... I, Melvin Jones Jr., respectfully request that ORDERS ISSUED BY THE APPEALS COURT BE/ ARE ISSUED IN THE INSTANT APPEAL IN at least 18 POINT FONT (which in reality most times seems like "SMALLISH" FONT to me)....due to my episodic BLURRY vision.**

*Also.... Pro se Appellant Colleen Connors requests LARGE PRINT ORDERS as well due to her history of vision impairment[s].*

Date: 2-19-2025

*Colleen Connors*
_____

**Colleen Connors - pro se Appellant**
**Email: cmcolleen4@gmail.com**
**1935 Hosler St.**
**Flint, Michigan 48503**

**Google voice to text phone number:** (use email)

**Date: February 19th, 2025**

*MELVIN JONES JR. - disabled pro se Appellant*

*Email: jonesjrmel@gmail.com*

*Google voice to text ph# 415-562-5074*

*1935 Hosler St. Flint, Michigan*

*48503*

**(SEE THE "EXHIBITS" ON THE NEXT PAGES)**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

STATE OF NEW JERSEY, *et al.*,

                *Plaintiffs*,

    v.

DONALD J. TRUMP, *et al.*,

                *Defendants.*

No. 1:25-cv-10139-LTS

# *NOTICE OF APPEAL to the 1st Circuit Court of Appeals:*

OFFICE OF THE CLERK

# UNITED STATES COURT OF APPEALS

FOR THE FIRST CIRCUIT

ANASTASIA DUBROVSKY

CLERK

JOHN JOSEPH MOAKLEY
UNITED STATES COURTHOUSE
1 COURTHOUSE WAY, SUITE 2500
BOSTON, MA 02210
(617) 748-9057

*appeal of denial of Ecf Doc. #41 in civil case #25-cv-10139*

*...regarding the district court order set forth in Ecf #146, and*

*Ecf Doc. #145 and Ecf Doc. 144#  ...because [we] believe that the outcome of the GRANTING of the Preliminary Injunction would have BEEN DIFFERENT had our emergency and ex parte motion to intervene been*

*GRANTED [and/ or] granted along with Ecf Doc # 131, and #132 and #140 ...taken all together (see the courts order Ecf Doc. # 146)... which is also given NOTICE OF APPEAL.  Here [we] believe that as a MATTER  OF LAW*

*...there is substantial prejudicial constitutional manifest ERROR in said District Court order[s] and thereby DE NOVO REVIEW on appeal is required here.*

*Also, [we] intend upon seeking IFP status in the 1st circuit court of appeals [and] IF such is somehow denied... then [we] intend somehow to PAY the appeal fee.*

*Further, it appear that the 1st Circuit has an*

*"accommodation coordinator"... although NOT [of course] voluntarily complying with the ADA…. and so, [we] will request ORAL argument… and a "communication disability" accommodation for*

*Melvin Jones Jr.  [due to his history of CVA and Stroke] ...whereby said accommodation will be sought  from the 1st circuit accommodations specialist AFTER docketing of our notice of appeal in the 1st circuit court of*

*appeals [e.g. transmittal of such by the clerks office in the US District Court].*
*Thank you.*
*Best,*

*(continued on the NEXT page)...*

2-14-2025

_____

Colleen Connors

Email:

cmcolleen4@gmail.com


Date: 2-14-2025



—————————————————————

*Melvin Jones Jr.*

*Email:*

*jonesjrmel@gmail.com*

*Proof of Service:*

*The Notice of Docket*

*Activity that is*

*generated by the court's electronic filing system constitutes service on all ECF filers. 1st Cir. R. 25.0(e).*

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

## CLERK'S CERTIFICATE AND APPEALS COVER SHEET

## ABBREVIATED ELECTRONIC RECORD

Case Caption:            State of New Jersey et al v. Trump et al

District Court Number:    25cv10139-LTS

Fee:    Paid?   Yes _____ No __X__   Government filer _____   *In Forma Pauperis* Yes _____ No _____

Motions Pending      Yes _____ No __X__         Sealed documents      Yes _____ No __X__
*If yes, document #* _____         *If yes, document #* _____

*Ex parte* documents    Yes __X__ No _____      Transcripts           Yes __X__ No _____
*If yes, document #* 141                        *If yes, document #* 142

Notice of Appeal filed by: Plaintiff/Petitioner _____   Defendant/Respondent _____   Other: __X__

Appeal from:

#144 Memorandum of Decision, #145 Preliminary Injunction,#146 Electronic Order
Other information:

I, Robert M. Farrell, Clerk of the United States District Court for the District of Massachusetts, do hereby certify that the annexed electronic documents:

#144, #145, #146, and #150
with the electronic docket sheet, constitute the abbreviated record on appeal in the above entitled case for the Notice of Appeal # 150 filed on February 14, 2025 .

In testimony whereof, I hereunto set my hand and affix the seal of this Court on February 14, 2025 .

**ROBERT M. FARRELL**
Clerk of Court

/s/Matthew A. Paine
Deputy Clerk

COURT OF APPEALS DOCKET NUMBER ASSIGNED: _____

**PLEASE RETURN TO THE USDC CLERK'S OFFICE**

 **Gmail**

MEL JONES JR <jonesjrmel@gmail.com>

# # 25-cv-10139 --- urgent update as to what [we]/ Colleen and I intend upon motioning in the 1st circuit court of appeal [e.g. which is -- An "expedited briefing schedule on appeal" refers to a shortened timeline for filing legal briefs in an appellate court, where the parties are required to submit their arguments much faster than in a standard appeal, typically due to urgent circumstances requiring a quicker resolution of the case/appeal ]...

1 message

---

**MEL JONES JR** <jonesjrmel@gmail.com>               Fri, Feb 14, 2025 at 4:51 PM
To: Zeldin.Lee@epa.gov, mobrien@irli.org, chajec@irli.org, gcanaan@irli.org, gww@dcglaw.com, tmccotter@boydengray.com, daniel.epstein@aflegal.com, "jon@publicrightsproject.org" <jon@publicrightsproject.org>, serviceS3@michigan.gov, giovanatiN@michigan.gov, Stacey.Metro@ag.ny.gov, Annabelle.Wilmott@doj.ca.gov, Lorraine.Lopez@doj.ca.gov, Delbert.Tran@doj.ca.gov, zoe.levine@ag.ny.gov, Irina.Trasovan@doj.ca.gov, "denise.levey@doj.ca.gov" <denise.levey@doj.ca.gov>, "nicole.hill@dc.gov" <nicole.hill@dc.gov>, "robert.c.merritt@usdoj.gov" <robert.c.merritt@usdoj.gov>, "gerard.cedrone@mass.gov" <gerard.cedrone@mass.gov>, "brad.rosenberg@usdoj.gov" <brad.rosenberg@usdoj.gov>, jgrayson@nmdoj.gov, molly.alarcon@sfcityatty.org, "david.louk@sfcityatty.org" <david.louk@sfcityatty.org>, shannon.stevenson@coag.gov, ksadeck@riag.ri.gov, jared.b.cohen@mass.gov, john.keller@ag.state.mn.us, johnsonkarpg@doj.state.wi.us, julio.thompson@vermont.gov, dmosteller@ncdoj.gov, "jeremy.feigenbaum@njoag.gov" <Jeremy.feigenbaum@njoag.gov>, shankar.duraiswamy@njoag.gov, Viviana.hanley@njoag.gov, shefali.saxena@law.njoag.gov, Elizabeth.walsh@law.njoag.gov, HStern@ag.nv.gov, akirschner@oag.state.md.us, Janelle.Medeiros@ct.gov, PolicyOffice@epa.gov, EIS-Filing@epa.gov, education@epa.gov, NEPAssisthelp@epa.gov, NEPA@epa.gov, eric.wessan@ag.iowa.gov, matt.rice@ag.tn.gov, nlindzen@corpfraudlaw.com
Cc: Colleen Connors <CMColleen4@gmail.com>, "Marissa.Malouff@doj.ca.gov" <Marissa.Malouff@doj.ca.gov>, "vanessa.kassab@delaware.gov" <vanessa.kassab@delaware.gov>, "kaliko.d.fernandes_hawaii_gov" <kaliko.d.fernandes@hawaii.gov>, "jeremy.feigenbaum@njoag.gov" <jeremy.feigenbaum@njoag.gov>, "harrist19@michigan.gov" <harrist19@michigan.gov>, "eng.connie@epa.gov" <eng.connie@epa.gov>, "egle-nondiscriminationCC@michigan.gov" <egle-nondiscriminationCC@michigan.gov>, "Cormack, Hayley" <Cormack.Hayley@epa.gov>, "EGLE-Accessibility@michigan.gov" <EGLE-Accessibility@michigan.gov>, "Faltin, Todd (he/they)" <Faltin.Todd@epa.gov>, "Oviedo, Luis" <oviedo.luis@epa.gov>, "MacMillan-Sanchez, Ariel (she/her/hers)" <MacMillanSanchez.Ariel@epa.gov>, "Johnson, Johahna (she/her/hers)" <Johnson.Johahna@epa.gov>, "Mason, Trinita" <Mason.Trinita@epa.gov>, "Moore, Tammy" <moore.tammy@epa.gov>, "Walts, Alan (he/him/his)" <walts.alan@epa.gov>, Deborah Greenspan <deborah.greenspan@blankrome.com>, "Risley, David" <Risley.David@epa.gov>, "tmlewis@cityofflint.com" <tmlewis@cityofflint.com>, "cmcgehee@pittlawpc.com" <cmcgehee@pittlawpc.com>, "eric.a.rey@usdoj.gov" <eric.a.rey@usdoj.gov>, "Jason.T.Cohen@usdoj.gov" <Jason.T.Cohen@usdoj.gov>, "OIG_Hotline@epa.gov" <OIG_Hotline@epa.gov>, Corey <cstern@levylaw.com>, Patrick Lanciotti <PLanciotti@napolilaw.com>, "dpettway@cityofflint.com" <dpettway@cityofflint.com>, "saneeley@cityofflint.com" <saneeley@cityofflint.com>, "mbard@cityofflint.com" <mbard@cityofflint.com>, "michelle.t.domingue.II@usdoj.gov" <michelle.t.domingue.II@usdoj.gov>, "Kaplan, Robert (he/him/his)" <kaplan.robert@epa.gov>, Mel jones jr <meljonesjr@gmail.com>, "marianne.f.kies@usdoj.gov" <marianne.f.kies@usdoj.gov>, "daniel.c.eagles@usdoj.gov" <daniel.c.eagles@usdoj.gov>, "kuhlr@michigan.gov" <kuhlr@michigan.gov>, "gambilln@michigan.gov" <gambilln@michigan.gov>, "MitosinkaA@michigan.gov" <MitosinkaA@michigan.gov>, "gaiello@mayerbrown.com" <gaiello@mayerbrown.com>, "jkuptz@cityofflint.com" <jkuptz@cityofflint.com>, "dfaraci@campbell-trial-lawyers.com" <dfaraci@campbell-trial-lawyers.com>, "alin@eisnerlaw.com" <alin@eisnerlaw.com>, "ccmushatt@cityofflint.com" <ccmushatt@cityofflint.com>, "heidy.gonzalez@usdoj.gov" <heidy.gonzalez@usdoj.gov>, AG attorney as to MI COC civil case #23-000115-MZ <bettenhausenm@michigan.gov>, robinsonr11 <robinsonr11@michigan.gov>, Justus Brown <jubrown@cityofflint.com>, Kameshia Ar-Rahmaan <kar-rahmaan@cityofflint.com>, Davina Donahue <ddonahue@cityofflint.com>, City of Flint Clerk's Office <cityclerk@cityofflint.com>, Davina Donahue <CouncilPublicComment@gmail.com>, "trachelleyoung@gmail.com" <trachelleyoung@gmail.com>, Ladel Lewis <llewis@cityofflint.com>, Judy Priestley <jpriestley@cityofflint.com>, Tonya Burns <tburns@cityofflint.com>, Mark Cuker <mark@cukerlaw.com>, "michael.l.williams@usdoj.gov" <michael.l.williams@usdoj.gov>, "molsen@mayerbrown.com" <molsen@mayerbrown.com>, "jcampbell@campbell-trial-lawyers.com" <jcampbell@campbell-trial-lawyers.com>, "mnguyen-dang@mayerbrown.com" <mnguyen-dang@mayerbrown.com>, "pnapoli_napolilaw.com" <pnapoli@napolilaw.com>, Renee Auten <rauten@thelandbank.org>, Jennifer Riggs <jriggs@thelandbank.org>, Jeremy Maltz <jeremy@lehotskykeller.com>,

"hammoudf1@michigan.gov" <HammoudF1@michigan.gov>, Michigan Attorney General <miag@michigan.gov>, "dweyre@mcalpinepc.com" <dweyre@mcalpinepc.com>, "g@mayerbrown.com" <g@mayerbrown.com>, "ljiang@susmangodfrey.com" <ljiang@susmangodfrey.com>, mpitt <mpitt@pittlawpc.com>, Hunter Shkolnik <hunter@napolilaw.com>, "arosenman@mayerbrown.com" <arosenman@mayerbrown.com>, Theodore Leopold <tleopold@cohenmilstein.com>, Emmy Levens <elevens@cohenmilstein.com>, Flint Mayor <mayor@cityofflint.com>, "frank.bednarz@hlli.org" <frank.bednarz@hlli.org>, "ted.frank@hlli.org" <ted.frank@hlli.org>, Diane <russell.diane@epa.gov>, Amanda Trujillo <atrujillo@cityofflint.com>, "King-Piepenbrok, Pier (AG)" <KingP1@michigan.gov>, "jonhoma@sinasdramis.com" <jonhoma@sinasdramis.com>, "val@vlwlegal.com" <val@vlwlegal.com>, "sdg@miller.law" <sdg@miller.law>, "sparadise@eisnerlaw.com" <sparadise@eisnerlaw.com>, "echeverria.marietta@epa.gov" <echeverria.marietta@epa.gov>, "thompkins.anita@epa.gov" <thompkins.anita@epa.gov>, "burneson.eric@epa.gov" <burneson.eric@epa.gov>, "travers.david@epa.gov" <travers.david@epa.gov>, "waters.tom@epa.gov" <waters.tom@epa.gov>, "davis.angela@epa.gov" <davis.angela@epa.gov>, "robert.c.merritt@usdoj.gov" <robert.c.merritt@usdoj.gov>, "brad.rosenberg@usdoj.gov" <brad.rosenberg@usdoj.gov>, "denise.levey@doj.ca.gov" <denise.levey@doj.ca.gov>, "gerard.cedrone@mass.gov" <gerard.cedrone@mass.gov>, "nicole.hill@dc.gov" <nicole.hill@dc.gov>, "david.louk@sfcityatty.org" <david.louk@sfcityatty.org>, nlindzen@corpfraudlaw.com, franklmcnamara@gmail.com, mriordan@publicinterestlegal.org, eric.hamilton@usdoj.gov, "ryan@mclanelaw.com" <ryan@mclanelaw.com>, Zeldin.Lee@epa.gov, zoe.levine@ag.ny.gov, MEL JONES JR <jonesjrmel@gmail.com>
Bcc: UrbanForestNewYork@gmail.com, Mel jones jr <meljonesjr@gmail.com>

# 2-14-2025

# <u>EXHIBIT TO CONNORS/ JONES JR PRO SE APPEAL BRIEF</u>

To: ALL

Good afternoon,
[I] am reliably informed that:
1.) as to <u># 25-cv-10139 --- urgent update as to what [we]/ Colleen and I intend upon motioning in the 1st circuit court of appeal [e.g. which is -- An "expedited briefing schedule on appeal" refers to a shortened timeline for filing legal briefs in an appellate court, where the parties are required to submit their arguments much faster than in a</u>

<u>standard appeal, typically due to urgent circumstances requiring a quicker resolution of the case/appeal ]...</u>

2.) that is to say... [as best that I am informed].... our appeal in the 1st circuit court of appeals will be "rooted" mainly but NOT entirely in issues presented on appeal of "stare decisis", in that here... the US district court as a matter of LAW committed manifest constitutional error in the application of LAW as to STARE DECISIS... in dealing with the granting of the preliminary injunction and denial of our emergency and ex parte motion to intervene.

Simply put --- IF stare decisis is the ABSOLUTE law of the land... then black african americans ARE STILL SLAVES and NOT legally human beings ...but chattel like a cow or horse.

Further - IF stare decisis is the ABSOLUTE and rigid law of the land/ US Courts and United States... then Black African Americans CANNOT VOTE.

Additionally - IF stare decisis is the absolute and rigid law of the LAND... then GAY men and LESBIAN women CANNOT marry each other.... here, [I] think the reader NOW gets our point.

Which is: ...it is exactly the misapplication of LAW as to stare decisis which (e.g. combined with some liberal States' AGs dislike for president  Donald Trump)..... which gave rise to the constitutional challenge [e.g. with LAW underpinnings of stare decisis]... as to the "interpretation of BIRTH RIGHT citizenship"... without APPLYING the LEGAL CONTEXT of stare decisis [e.g. the LAW] properly.... which is to say --- HOW IS IT NOW FOR MANY YEARS ...slavery is unlawful... and the answer is... that SOCIETAL INTOLERANCE [e.g. social norms simply changed in the United States].... and then ALONG with Dred Scott I.... so did the LAW as to such. Here... there is CLEAR societal intolerance for MASS INVASIONS of illegal aliens [e.g. whether via tourism birth immigration scams] or illegal border crossings at the US northern or southern border... [or the illegal SEX SLAVE TRADE and prostitution of (undocumented/ illegal alien woman from ASIAN/ THAILAND and VIETNAM... who literally become NUDE COFFE HOUSE WAITRESS' as a FRONT for organized crime PROSTITION SEX TRADE/ SLAVERY).... and what causes such.... and here... the answer is ALSO

SIMPLE.... [the precious and priceless (MOTH TO THE FLAME).... currently flawed with NO clarified conditions thereto --- birth right citizenship]....

***and... whichever plaintiffs' States AG is/ will be the "point person" as to the appellee's response brief on appeal... please [as a courtesy to me and Colleen]... put such in 18 point font.***

Thank you,
Best.
/s/
~Mel
email: jonesjrmel@gmail.com

---

📄 **Colleen and Mels Notice of Appeal in #25-cv-10139.pdf**
102K



### #25-cv-10139 ....Chy Lung v. FreemanIn the Chy Lung v. Freeman case of 1875, the U.S. Supreme Court sided with twenty-two women who had sailed from China to San Francisco, deciding that only U.S. Congress, not individual states, had the power to regulate immigration

1 message

**MEL JONES JR <jonesjrmel@gmail.com>**                                                                    Fri, Feb 14, 2025 at 10:40 PM
To: Zeldin.Lee@epa.gov, mobrien@irli.org, chajec@irli.org, gcanaan@irli.org, gwv@dcglaw.com,
tmccotter@boydengray.com, daniel.epstein@aflegal.com, "jon@publicrightsproject.org" <jon@publicrightsproject.org>,
serviceS3@michigan.gov, giovanatiN@michigan.gov, Stacey.Metro@ag.ny.gov, Annabelle.Wilmott@doj.ca.gov,
Lorraine.Lopez@doj.ca.gov, Delbert.Tran@doj.ca.gov, zoe.levine@ag.ny.gov, Irina.Trasovan@doj.ca.gov,
"denise.levey@doj.ca.gov" <denise.levey@doj.ca.gov>, "nicole.hill@dc.gov" <nicole.hill@dc.gov>,
"robert.c.merritt@usdoj.gov" <robert.c.merritt@usdoj.gov>, "gerard.cedrone@mass.gov" <gerard.cedrone@mass.gov>,
"brad.rosenberg@usdoj.gov" <brad.rosenberg@usdoj.gov>, jgrayson@nmdoj.gov, molly.alarcon@sfcityatty.org,
"david.louk@sfcityatty.org" <david.louk@sfcityatty.org>, shannon.stevenson@coag.gov, ksadeck@riag.ri.gov,
jared.b.cohen@mass.gov, john.keller@ag.state.mn.us, johnsonkarpg@doj.state.wi.us, julio.thompson@vermont.gov,
dmosteller@ncdoj.gov, "jeremy.feigenbaum@njoag.gov" <Jeremy.feigenbaum@njoag.gov>, shankar.duraiswamy@njoag.gov,
Viviana.hanley@njoag.gov, shefali.saxena@law.njoag.gov, Elizabeth.walsh@law.njoag.gov, HStern@ag.nv.gov,
akirschner@oag.state.md.us, Janelle.Medeiros@ct.gov, PolicyOffice@epa.gov, EIS-Filing@epa.gov, education@epa.gov,
NEPAssisthelp@epa.gov, eric.wessan@ag.iowa.gov, matt.rice@ag.tn.gov, nlindzen@corpfraudlaw.com
Cc: Colleen Connors <CMColleen4@gmail.com>, "Marissa.Malouff@doj.ca.gov" <Marissa.Malouff@doj.ca.gov>,
"vanessa.kassab@delaware.gov" <vanessa.kassab@delaware.gov>, "kaliko.d.fernandes_hawaii_gov"
<kaliko.d.fernandes@hawaii.gov>, "jeremy.feigenbaum@njoag.gov" <jeremy.feigenbaum@njoag.gov>,
"harrist19@michigan.gov" <harrist19@michigan.gov>, "eng.connie@epa.gov" <eng.connie@epa.gov>, "egle-
nondiscriminationCC@michigan.gov" <egle-nondiscriminationCC@michigan.gov>, "Cormack, Hayley"
<Cormack.Hayley@epa.gov>, "EGLE-Accessibility@michigan.gov" <EGLE-Accessibility@michigan.gov>, "Faltin, Todd
(he/they)" <Faltin.Todd@epa.gov>, "Oviedo, Luis" <oviedo.luis@epa.gov>, "MacMillan-Sanchez, Ariel (she/her/hers)"
<MacMillanSanchez.Ariel@epa.gov>, "Johnson, Johanna (she/her/hers)" <Johnson.Johanna@epa.gov>, "Mason, Trinita"
<Mason.Trinita@epa.gov>, "Moore, Tammy" <moore.tammy@epa.gov>, "Walts, Alan (he/him/his)" <walts.alan@epa.gov>,
Deborah Greenspan <deborah.greenspan@blankrome.com>, "Risley, David" <Risley.David@epa.gov>,
"tmlewis@cityofflint.com" <tmlewis@cityofflint.com>, "cmcgehee@pittlawpc.com" <cmcgehee@pittlawpc.com>,
"eric.a.rey@usdoj.gov" <eric.a.rey@usdoj.gov>, "Jason.T.Cohen@usdoj.gov" <Jason.T.Cohen@usdoj.gov>,
"OIG_Hotline@epa.gov" <OIG_Hotline@epa.gov>, Corey <cstern@levylaw.com>, Patrick Lanciotti
<PLanciotti@napolilaw.com>, "dpettway@cityofflint.com" <dpettway@cityofflint.com>, "saneeley@cityofflint.com"
<saneeley@cityofflint.com>, "mbard@cityofflint.com" <mbard@cityofflint.com>, "michelle.t.domingue.II@usdoj.gov"
<michelle.t.domingue.II@usdoj.gov>, "Kaplan, Robert (he/him/his)" <kaplan.robert@epa.gov>, Mel jones jr
<meljonesjr@gmail.com>, "marianne.f.kies@usdoj.gov" <marianne.f.kies@usdoj.gov>, "daniel.c.eagles@usdoj.gov"
<daniel.c.eagles@usdoj.gov>, "kuhlr@michigan.gov" <kuhlr@michigan.gov>, "gambilln@michigan.gov"
<gambilln@michigan.gov>, "MitosinkaA@michigan.gov" <MitosinkaA@michigan.gov>, gaiello@mayerbrown.com"
<gaiello@mayerbrown.com>, "jkuptz@cityofflint.com" <jkuptz@cityofflint.com>, "dfaraci@campbell-trial-lawyers.com"
<dfaraci@campbell-trial-lawyers.com>, "alin@eisnerlaw.com" <alin@eisnerlaw.com>, "ccmushatt@cityofflint.com"
<ccmushatt@cityofflint.com>, "heidy.gonzalez@usdoj.gov" <heidy.gonzalez@usdoj.gov>, AG attorney as to MI COC civil
case #23-000115-MZ <bettenhausenm@michigan.gov>, robinsonr11 <robinsonr11@michigan.gov>, Justus Brown
<jubrown@cityofflint.com>, Kameshia Ar-Rahmaan <kar-rahmaan@cityofflint.com>, Davina Donahue
<ddonahue@cityofflint.com>, City of Flint Clerk's Office <cityclerk@cityofflint.com>, Davina Donahue
<CouncilPublicComment@cityofflint.com>, "trachelleyoung@gmail.com" <trachelleyoung@gmail.com>, Ladel Lewis
<llewis@cityofflint.com>, Judy Priestley <jpriestley@cityofflint.com>, Tonya Burns <tburns@cityofflint.com>, Mark Cuker
<mark@cukerlaw.com>, "michael.l.williams@usdoj.gov" <michael.l.williams@usdoj.gov>, "molsen@mayerbrown.com"
<molsen@mayerbrown.com>, "jcampbell@campbell-trial-lawyers.com" <jcampbell@campbell-trial-lawyers.com>, "mnguyen-
dang@mayerbrown.com" <mnguyen-dang@mayerbrown.com>, "pnapoli_napolilaw.com" <pnapoli@napolilaw.com>, Renee
Auten <rauten@thelandbank.org>, Jennifer Riggs <jriggs@thelandbank.org>, Jeremy Maltz <jeremy@lehotskykeller.com>,
"hammoudf1@michigan.gov" <HammoudF1@michigan.gov>, Michigan Attorney General <miag@michigan.gov>,
"dweyre@mcalpinepc.com" <dweyre@mcalpinepc.com>, "g@mayerbrown.com" <g@mayerbrown.com>,
"ljiang@susmangodfrey.com" <ljiang@susmangodfrey.com>, mpitt <mpitt@pittlawpc.com>, Hunter Shkolnik

<hunter@napolilaw.com>, "arosenman@mayerbrown.com" <arosenman@mayerbrown.com>, Theodore Leopold <tleopold@cohenmilstein.com>, Emmy Levens <elevens@cohenmilstein.com>, Flint Mayor <mayor@cityofflint.com>, "frank.bednarz@hlli.org" <frank.bednarz@hlli.org>, "ted.frank@hlli.org" <ted.frank@hlli.org>, Diane <russell.diane@epa.gov>, Amanda Trujillo <atrujillo@cityofflint.com>, "King-Piepenbrok, Pier (AG)" <KingP1@michigan.gov>, "jonhoma@sinasdramis.com" <jonhoma@sinasdramis.com>, "val@vlwlegal.com" <val@vlwlegal.com>, "sdg@miller.law" <sdg@miller.law>, "sparadise@eisnerlaw.com" <sparadise@eisnerlaw.com>, "echeverria.marietta@epa.gov" <echeverria.marietta@epa.gov>, "thompkins.anita@epa.gov" <thompkins.anita@epa.gov>, "burneson.eric@epa.gov" <burneson.eric@epa.gov>, "travers.david@epa.gov" <travers.david@epa.gov>, "waters.tom@epa.gov" <waters.tom@epa.gov>, "davis.angela@epa.gov" <davis.angela@epa.gov>, "robert.c.merritt@usdoj.gov" <robert.c.merritt@usdoj.gov>, "brad.rosenberg@usdoj.gov" <brad.rosenberg@usdoj.gov>, "denise.levey@doj.ca.gov" <denise.levey@doj.ca.gov>, "gerard.cedrone@mass.gov" <gerard.cedrone@mass.gov>, "nicole.hill@dc.gov" <nicole.hill@dc.gov>, "david.louk@sfcityatty.org" <david.louk@sfcityatty.org>, nlindzen@corpfraudlaw.com, franklmcnamara@gmail.com, mriordan@publicinterestlegal.org, eric.hamilton@usdoj.gov, "ryan@mclanelaw.com" <ryan@mclanelaw.com>, Zeldin.Lee@epa.gov, zoe.levine@ag.ny.gov, MEL JONES JR <jonesjrmel@gmail.com>
Bcc: UrbanForestNewYork@gmail.com, Mel jones jr <meljonesjr@gmail.com>

# EXHIBIT - B  of Connors/ Jones Jr. pro se appellants Brief:

February 14th, 2025

TO: ALL

Good evening...
## SEE THE "CASE LAW" which is, we believe, more on ALL FOURS as to the instant civil case #25-cv-10139 and is PART of our pro se appellants brief:
### Chy Lung v. Freeman

## In the Chy Lung v. Freeman case of 1875, the U.S. Supreme Court sided with twenty-two women who had sailed from China to San Francisco, deciding that

2/15/25, 6:32 AM          Gmail - #25-cv-10139 ....Chy Lung v. FreemanIn the Chy Lung v. Freeman case of 1875, the U.S. Supreme Court sided with twenty…

**only U.S. Congress**, **not individual states**, **had the power to regulate immigration**. *Because the women traveled alone, the California Commissioner of Immigration had determined that they were "lewd and debauched women" (prostitutes).* **They were held on a $500 bond until the U.S. Supreme Court ordered their release, declaring that only a federal immigration authority had the power to determine the women's status.** *{Simply put, as to the specific orders being appealed in this instant appeal... and our ex parte and emergency motion to intervene as to the LAW and application of the LAW.... and misapplication of Stare Decisis by the District Court and granting of the preliminary injunction by the District Court... there is STRONG indication that with respect to and to the extent that the President Donald Trump EO at issue --- that at the end of the day.... [it] is the Trump administration immigration department who/ that has the CONSTITUTIONAL authority to determine the "status" of the pregnant women ..who are or have been set to give*

**birth on US soil... [IF] the birth mother is an illegal alien [or] through her husband or lover who impregnated her... POSES A RISK to the United States.).**

## Yick Wo v. Hopkins

*Yick Wo came to the United States from China in 1861. In 1864, he set up a laundry business at 349 Third Street in San Francisco. He maintained a licensed laundry in San Francisco for at least twenty-two years before he was imprisoned for ignoring a San Francisco supervisors' ordinance in 1885 that required permits for laundry businesses in San Francisco that were not in brick or stone buildings.*

*Nick Wo's case was heard by the California Supreme Court and then the U.S. Supreme Court in 1886. Yick Wo v. Hopkins became a landmark case in which the U.S. Supreme Court ruled that a San Francisco law was unconstitutional because the permits were preferentially denied to Chinese laundries. The Court held that the law violated the Equal Protection Clause of the Fourteenth Amendment, which requires that laws*

be applied equally to all citizens and not be selectively enforced based on race or nationality. This decision established the principle that the Fourteenth Amendment protects individuals from discriminatory laws and actions by government authorities.  (here, as relevant to civil case #25-cv-10139... and birthright citizenship - US citizens born to lawfully admitted [or] already US citizen parents are treated in a discriminatory manner by the various 20 plaintiff states AG's and their local government and currently via fraud, waste and abuse and discriminatory allocation of Federal Funding for babies born of illegal aliens on United States' soil... whereby literally billions of dollars of said States' TAX dollars and US tax dollars and monies from the United States GENERAL FUND [e.g. which significantly and adversely DRAINS and depletes and REDUCES the yearly/ annual COLA for disabled folks such as myself who rely on SSA/ SSI welfare benefits as [my] sole means of subsistence - keeping in mind that  {disabled pro se appellant Melvin Jones Jr. CANNOT afford an apartment in nearly ALL of the United States' urban and/ or suburban areas in the nearly 20 plaintiffs' AG states as to

_the instant lawsuit - and currently nearly ALL of the States in the United States literally administer their housing subsidies and SECTION 8 programs to ONLY benefit babies and moms of babies where BOTH parents are illegal aliens --- which then is discriminatory against BOTH appellants Colleen Connors and Melvin Jones Jr. })._

NOTE: ...now, we (e.g. Colleen Connors and [me] disabled Melvin Jones Jr.).... consider our pro se appellants brief pretty much written -- and so, as a matter of courtesy.... the FINAL and complete draft for filing with the 1st circuit appeals court will be sent via email to ALL on or before 5pm on this Sunday ,February 15th, 2025.

Thank you,
Best.
/s/
~Mel
email: jonesjrmel@gmail.com

📄 **Gmail - # 25-cv-10139 --- urgent update as to what [we]_ Colleen and I intend upon motioning in the 1st circuit court of appeal [e.g. which is -- An _expedited briefing schedule on appeal_ refers to a shortened**



See page # 2

LII > Wex > **United States v. Wong Kim Ark**

# United States v. Wong Kim Ark

169 U.S. 649 (1898)

The Supreme Court held that citizenship as prescribed in the Fourteenth Amendment extends to U.S.-born children of foreign subjects or citizens who, at the time of the child's birth, are permanent residents and are carrying on business in the United States. Such children acquire U.S. citizenship at birth, but this does not apply if the parents are in the United States in any diplomatic or official capacity. (Read the opinion United States v. Wong Kim Ark here .)

The person named in the case, Wong Kim Ark, was born in San Francisco in 1873 to laborers of Chinese descent. His parents were Chinese subjects but maintained a permanent domicile in San Francisco. After arriving back from a temporary visit to China in 1895, Wong Kim Ark was detained at the port of San Francisco and refused permission to land. This was due to the Chinese Exclusion Act , which came into force in 1882, in general forbidding Chinese persons from entering the United States and Chinese residents from naturalizing as citizens. Wong Kim Ark contended that he was a U.S. citizen as prescribed by the Fourteenth Amendment due to his birth in the United States, and therefore the Chinese Exclusion Act did not apply to him. The government argued that since Wong Kim Ark's parents were Chinese subjects, he did not fall under U.S. jurisdiction and so failed the "subject to the jurisdiction thereof" qualification of the Amendment in conferring citizenship at birth.

In a majority opinion delivered by Justice Gray, the Court first noted that there is no statutory definition of a citizen, except the inclusionary clause in the Fourteenth Amendment stating that "all persons born or naturalized in the United States, and subject to the jurisdiction thereof" are citizens. The Court therefore relied on common law to interpret this and other clauses concerning citizenship. The main principle that the Court chose to draw was from *Calvin's Case* , a 17 th century English common law case that held a person born within the territory of a King owes him allegiance, and is therefore the King's subject. The Court then

referenced a series of commentaries and cases in both English and U.S. common law that showed subsequent decisions since *Calvin's Case* have been consistent with this principle. Persons born within the United States have always been in general assumed to be British subjects, and later U.S. citizens. In particular, this treatment was applied equally to those born to non-citizen parents, except in cases where a child was born in territory occupied by a foreign invasion or where the parents are foreign diplomats or officials.

The Court was also interested in the circumstances surrounding the adoption of the Fourteenth Amendment. It pointed to the Civil Rights Act of 1866, which was passed by the same Congress that adopted the Fourteenth Amendment, stipulating citizenship for "all persons born in the United States, and not subject to any foreign power, excluding Indians not taxed." From this the Court reasoned that "the opening sentence of the Fourteenth Amendment is throughout affirmative and declaratory, intended to allay doubts and to settle controversies which had arisen, and not to impose any new restrictions upon citizenship." Further, the Court noted the general principle that "[t]he jurisdiction of the nation within its own territory is necessarily exclusive and absolute. It is susceptible of no limitation not imposed by itself." The Court therefore interpreted that "subject to the jurisdiction thereof" qualification of the Fourteenth Amendment applies to children of foreign citizens in the United States, except in recognized exceptions of occupied territory and foreign diplomats having immunity from jurisdiction. Combined with the principle of citizenship being conferred through territoriality, which was well-established before the Fourteenth Amendment, the Court decided Wong Kim Ark must have been a citizen from birth.

A dissenting opinion by Chief Justice Fuller, which Justice Harlan joined, disagreed with the majority's view that the Fourteenth Amendment was intended as a continuation of the English common law rule stemming from *Calvin's Case* . In particular, the dissent viewed children born to U.S. citizens born overseas as more deserving of being natural-born citizens than those born in the United States to non-citizen parents, and yet they are not afforded the Constitution's protection. Further, the dissent argued that the "and not subject to any foreign power" provision in the Civil Rights Act of 1866 showed that Congress intended to exclude children of foreign citizens from the Fourteenth Amendment, as they would be subjects of the same foreign power as their parents.

*Authored by* : Xiang Long, Cornell Law School

## Wex

- CIVICS
- immigration law
- the Constitution
- wex articles



*District Judge Leo T. Sorokin: ELECTRONIC ORDER entered. The letter request filed pro se by Rubin Young (Doc. No. 131 ) seeking permission to file an amicus brief (Doc. No. 132 ) is DENIED. Acceptance of an amicus brief is a matter*

of discretion, and these submissions do not establish that Mr. Young "has a special interest that justifies his having a say" in this case. *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970).The "Notice of Branzburg v. Hayes Motion" filed pro

se by Mark Marvin (Doc. No. 140 ) is DENIED to the extent it seeks dismissal of this action. Mr. Marvin is neither a party nor an intervenor and has not otherwise sought and obtained leave to participate in this action.The Emergency

*and Ex Parte Motion to Intervene (Doc. No. 141) filed pro se by Melvin Jones Jr. is DENIED. Even construed liberally, the submission fails to satisfy the movant's burden to establish entitlement to intervention pursuant to Fed. R. Civ. P.*

*24(a)-(b). The Court directs the Clerk not to place any future filing by Mr. Young, Mr. Marvin, or Mr. Jones on the docket for this case unless the filing is a motion for reconsideration or a notice of appeal of this*

*order. (FGD) (Entered: 02/13/2025)*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STATE OF NEW JERSEY et al., )<br><br>Plaintiffs, )<br><br>v. )<br><br>DONALD J. TRUMP et al., )<br><br>Defendants. ) | Civil No. 25-10139-LTS |

PRELIMINARY INJUNCTION

February 13, 2025

SOROKIN, J.

For the reasons set forth in the Memorandum of Decision issued today, Doc. No. 144, the

plaintiffs' motion for preliminary injunction (Doc. No. 3) is ALLOWED.  As explained in the

Memorandum, the plaintiffs have advanced valid causes of action seeking equitable relief, and

they have standing to pursue such claims.  They also have demonstrated that each factor

governing their request for preliminary injunctive relief weighs strongly in their favor.  The

plaintiffs are likely to succeed on the merits of their claims under the Citizenship Clause and 8

U.S.C. § 1401, they are likely to suffer irreparable harm in the absence of relief, the balance of

harms tips overwhelmingly in their favor, and the public interest favors an injunction.

Additionally, the record establishes that universal relief is required in order to provide complete

relief to the eighteen states and two cities that have brought this case.

Accordingly, pursuant to Federal Rule of Civil Procedure 65(a), this Court ORDERS as

follows:

1. The United States Department of State, the Secretary of State, the United States Department of Homeland Security, the Secretary of Homeland Security, the United States Department of Health and Human Services, the Acting Secretary of Health and Human Services, the United States Social Security Administration, the Acting Commissioner of Social Security, and all officers, agents, employees, attorneys, and any other persons acting in concert with or behalf of any named defendant in this action (including agents, employees, and other representatives of President Donald J. Trump), are ENJOINED from implementing and enforcing Executive Order No. 14,160, "Protecting the Meaning and Value of American Citizenship."

2. No security under Federal Rule of Civil Procedure 65(c) is necessary or warranted in the circumstances of this case, where the plaintiffs seek to vindicate an important constitutional and federal statutory right, and the injunction will not expose the defendants to financial loss.  See da Silva Medeiros v. Martin, 458 F. Supp. 3d 122, 130 (D.R.I. May 1, 2020) (citing Crowley v. Loc. No. 82, 679 F.2d 978, 1000-01 (1st Cir. 1982)).

3. This preliminary injunction shall take effect immediately upon the docketing of this Order and shall remain in effect until the entry of judgment in this matter, unless this Court, the United States Court of Appeals for the First Circuit, or the United States Supreme Court order otherwise.

SO ORDERED.

 /s/ Leo T. Sorokin
United States District Judge

*#25-1158*

# CERTIFICATE OF SERVICE FORM
# FOR ELECTRONIC FILINGS

*→ OF FILING PRO SE*
*APPEAL - BRIEF*

I hereby certify that on [*date*] I electronically filed the foregoing document with the United States Court of Appeals for the First Circuit by using the CM/ECF system. I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system: [*list the name of each case participant who is registered as an ECF Filer*].

### *IF ANY PARTIES ARE NOT REGISTERED AS ECF FILERS,*
### *ADD THIS SENTENCE*:

I further certify that on [*date*] I served a copy of the foregoing document on the following parties or their counsel of record by [*insert method of service: hand, U.S. mail, or commercial carrier for delivery within 3 days*]: [*list the name and address of each case participant who is not registered as an ECF Filer*].

s/ _____