IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CASA, INC., *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civ. No. DLB-25-0201 |
| DONALD J. TRUMP, *et al.*, | * | |
| Defendants. | * | |

## ORDER

On February 5, 2025, the Court granted a nationwide preliminary injunction enjoining the enforcement and implementation of Executive Order 14160, titled "Protecting the Meaning and Value of American Citizenship" (the "Executive Order"). ECF 66. The defendants appealed the preliminary injunction order to the United States Court of Appeals for the Fourth Circuit. They now move for a partial stay of the order pending appeal, ECF 70. Specifically, they ask the Court to "stay the injunction's nationwide application so the injunction provides relief only to the individual plaintiffs and the members of the organizational plaintiffs who have been identified in Plaintiffs' complaint or preliminary injunction papers." ECF 70-1, at 2. They also ask the Court to enjoin only the enforcement of the Executive Order, not the implementation of it. *Id.* at 7. The plaintiffs oppose the motion. ECF 74. The Court declines to narrow the scope of the preliminary injunction pending appeal. The defendants' motion for a partial stay is denied.

"A request for a stay pending appeal is committed to the exercise of judicial discretion." *Doe #1 v. Trump*, 957 F.3d 1050, 1058 (9th Cir. 2020) (citing *Virginian Ry. v. United States*, 272 U.S. 658, 672 (1926)). Courts consider four factors when determining whether to stay an order pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3)

whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). Of these factors, "[t]he first two . . . are the most critical." *Id.* The party seeking the stay bears the burden of showing that the circumstances justify an exercise of judicial discretion. *Id.* at 433–34.

The defendants are not likely to prevail on their argument that the preliminary injunction should provide relief only to the individual plaintiffs and the members of the organizational plaintiffs identified in the complaint and the briefing. The Court issued a nationwide injunction for two reasons.[1] ECF 65, at 32. Both remain valid. First, the 680,000 members of the Asylum Seeker Advocacy Project ("ASAP"), a plaintiff organization, reside in all 50 states and several U.S. territories. Many of those members are pregnant, and their unborn children fall within the scope of the Executive Order. A nationwide injunction is appropriate to give ASAP's members effective relief. The fact that similarly situated people who are not members of ASAP also enjoy the benefit of nationwide injunctive relief is no reason to narrow the scope of the injunction. *See Trump v. Int'l Refugee Assistance Project*, 582 U.S. 571, 579 (2017) (declining to stay nationwide injunction enjoining enforcement of immigration policy "with respect to respondents and those similarly situated"); *Roe v. Dep't of Def.*, 947 F.3d 207, 231 (4th Cir. 2020) (affirming nationwide injunction and noting "the equitable power of district courts, in appropriate cases, to issue nationwide injunctions extending relief to those who are similarly situated to the litigants"). Second, the Court found a nationwide injunction was necessary because the Executive Order is a "categorical policy"

---

[1] The plaintiffs asked the Court to characterize the injunction as "universal" rather than "nationwide." ECF 74, at 3 n.1. The Court's order granting a preliminary injunction applies "throughout these United States." ECF 66, at 2–3. The Court's intent is to enjoin enforcement and implementation of the Executive Order throughout the United States. The nationwide injunction in this case is a universal injunction.

2

that addresses the citizenship status of people born anywhere in the United States. *See* ECF 65, at 32 (quoting *HIAS, Inc. v. Trump*, 985 F.3d 309, 326 (4th Cir. 2021)). Were the Court to limit the injunction to the plaintiffs and the members of the plaintiff organizations, a person's citizenship status during the pendency of this case would depend on their parents' decision to bring this lawsuit or their parents' membership in one of two voluntary, private organizations. That would make no sense.[2] Citizenship rules should be uniform and consistent across the country. Uniformity and consistency can be ensured only through a nationwide injunction. The Fourth Circuit and other courts of appeal have approved nationwide (or universal) injunctions when there is a need for a uniform national policy. *See, e.g.*, *HIAS*, 985 F.3d at 326–27 (affirming nationwide injunction because plaintiff refugee resettlement organizations resettled refugees "throughout the country" and a limited injunction would "undermine the very national consistency that the Refugee Act is designed to protect"); *Nebraska v. Biden*, 52 F.4th 1044, 1048 (8th Cir. 2022) (granting preliminary injunction enjoining enforcement of student loan policy because "an injunction limited to the plaintiff States, or even more broadly to student loans affecting the States, would be impractical and would fail to provide complete relief to the plaintiffs" and because suspension of loan payments and interest was "universal"); *Doe #1*, 957 F.3d at 1069–70 (denying stay of nationwide injunction because the plaintiff class was nationwide, "a nationwide injunction [was] necessary to provide the class members with complete relief," and there is a need "for a 'comprehensive and unified' immigration policy" (quoting *Arizona v. United States*, 567 U.S. 387,

---

[2] If the Court limited the injunction as the defendants request, the result also would be impractical. *Cf. Nebraska v. Biden*, 52 F.4th 1044, 1048 (8th Cir. 2022) (granting nationwide preliminary injunction because injunction limited to plaintiff states would be impractical). If the defendants had their way, localities would have to determine whether a newborn's parent is a member of the plaintiff organizations before they issued a birth certificate or granted the child government benefits, and the federal government would have to make the same determination before it issued the child a social security card or passport.

3

401 (2012))); *E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 779 (9th Cir. 2018) ("In immigration matters, we have consistently recognized the authority of district courts to enjoin unlawful policies on a universal basis."); *Texas v. United States*, 809 F.3d 134, 187–88 (5th Cir. 2015) (affirming nationwide injunction enjoining immigration policy because "the immigration laws of the United States should be enforced vigorously and *uniformly*" and "there is a substantial likelihood that a geographically-limited injunction would be ineffective" because beneficiaries of the policy "would be free to move among states" (citation omitted)).

The defendants also ask the Court to enjoin only the enforcement of the Order, not the implementation of it. While this case is on appeal, the defendants apparently want to "tak[e] internal, preparatory steps regarding the EO's application and formulat[e] relevant policies and guidance." ECF 70-1, at 6. This request, too, is denied. The Court has found that the plaintiffs established a strong likelihood of success on the merits of their claim that the Executive Order violates the Fourteenth Amendment to the Constitution. Surely, the government has no valid interest in taking internal, preparatory steps to formulate policies and guidance on an unconstitutional Executive Order.

The defendants have not made a strong showing that they are likely to succeed on their claim that the Court erred by granting a nationwide injunction that enjoins the enforcement and the implementation of the Executive Order.

The defendants also have not shown that they will be irreparably injured without a partial stay. They claim that "any injunction that prevents the President from exercising his core authorities is 'itself an irreparable injury.'" ECF 70-1, at 6–7 (quoting *Doe #1*, 957 F.3d at 1084 (Bress, J., dissenting)). The President certainly has the core authority to issue Executive Orders. But the President has no authority to issue an Executive Order that purports to rewrite the

4

Constitution and that ignores 125 years of Supreme Court precedent. The President may not overrule the Constitution "by executive fiat." *See E. Bay Sanctuary Covenant*, 932 F.3d at 779. The defendants have not shown that they will be irreparably harmed by a nationwide injunction that maintains the status quo of citizenship by birth.

    The defendants' motion for a partial stay pending appeal, ECF 70, is DENIED.

Date: February 18, 2025

                                                              Deborah L. Boardman
                                                               United States District Judge