IN THE UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

STATE OF NEW JERSEY, et al.,

    Plaintiffs-Appellees,

v.

DONALD J. TRUMP, in his official capacity as President of the United States, et al.,

    Defendants-Appellees.

MELVIN JONES JR.; COLLEEN CONNORS,

    Interested Parties–Appellants.

No. 25-1158

**MOTION FOR SUMMARY AFFIRMANCE IN PART AND DISMISSAL IN PART FOR LACK OF JURISDICTION**

    This appeal was filed by nonparties Melvin Jones Jr. and Colleen Connors. In the underlying lawsuit, 18 States, the District of Columbia, and the City and County of San Francisco (collectively, the "States") challenge President Trump's Executive Order interpreting the Citizenship Clause of the Fourteenth Amendment. Jones filed a motion to intervene in the district court, which the district court denied. No. 25-cv-10139, Dkt. 146. Jones and Connors have now appealed, seeking to challenge not just the denial of intervention but also the district court's preliminary injunction barring

the defendants from implementing or enforcing the Executive Order.[1]  *See* No. 25-cv-10139, Dkt. 150 at 2-3 (appealing Dkts. 144, 145, and 146).

The appeal of the denial of intervention should be summarily affirmed.  And the nonparties' appeal of the preliminary injunction should be dismissed for lack of jurisdiction.

1.  On February 13, 2025, the district court issued a preliminary injunction. The operative text in the injunction provides:

> The United States Department of State, the Secretary of State, the United States Department of Homeland Security, the Secretary of Homeland Security, the United States Department of Health and Human Services, the Acting Secretary of Health and Human Services, the United States Social Security Administration, the Acting Commissioner of Social Security, and all officers, agents, employees, attorneys, and any other persons acting in concert with or behalf of any named defendant in this action (including agents, employees, and other representatives of President Donald J. Trump), are ENJOINED from implementing and enforcing Executive Order No. 14,160, "Protecting the Meaning and Value of American Citizenship."

No. 25-cv-10139, Dkt. 145 at 2.

2.  The States filed a motion on February 28, 2025, seeking summary affirmance of the district court's denial of intervention.  The defendants concur that, for the reasons set out in the States' motion, the district court's denial of intervention should be summarily affirmed.  Jones and Connors make no effort in their opening

---

[1] The defendants' appeal of that preliminary injunction is pending before this Court.  *New Jersey v. Trump*, No. 25-1170.  The defendants' appeal of a related case is also pending before this Court.  *Doe v. Trump*, No. 25-1169.

2

brief to show that the district court erred in concluding that they "fail[ed] to satisfy the movant's burden to establish entitlement to intervention pursuant to Fed. R. Civ. P. 24(a)-(b)." No. 25-cv-10139, Dkt. 146.

3. Because Connors and Jones were not parties in the district court, they lack standing to appeal the injunction. "The rule that only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment, is well settled." *Marino v. Ortiz*, 484 U.S. 301, 304 (1988). "[I]f any exceptions to the rule exist, those exceptions are few and far between." *Microsystems Software, Inc. v. Scandinavia Online AB*, 226 F.3d 35, 39 (1st Cir. 2000) (dismissing nonparty appeal of injunction). The injunction does not apply to the nonparties nor affect their legal rights.

"Since standing is jurisdictional," *id.*, this Court should dismiss the nonparties' appeal from the preliminary injunction without prejudice for lack of jurisdiction.[2]

## CONCLUSION

For the foregoing reasons, the defendants respectfully move for summary affirmance of the appeal of the denial of intervention and for dismissal without prejudice of the nonparties' appeal of the preliminary injunction.

---

[2] The defendants note that, on March 6, 2025, Jones and Connors filed a motion to dismiss their appeal with prejudice. This Court could grant that motion in part in lieu of summary affirmance of the appeal from the denial of intervention, and dismiss without prejudice the appeal of the preliminary injunction.

Respectfully submitted,

SHARON SWINGLE

*s/ Derek Weiss*
DEREK WEISS
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7325*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 616-5365*
  *derek.l.weiss@usdoj.gov*

March 2025

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the requirements of Federal Rules of Appellate Procedure 27(d)(2)(E) and 32(a)(5)-(6) because it has been prepared in 14-point Garamond, a proportionally spaced font. I further certify that this motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 603 words, according to the count of Microsoft Word.

*s/ Derek Weiss*
Derek Weiss

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2025, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the First Circuit by using the appellate CM/ECF system.

I certify that on March 11, 2025, I caused the foregoing motion to be served on appellants Melvin Jones Jr. and Colleen Connors by U.S. mail pursuant to Federal Rule of Appellate Procedure 25(c)(1)(B) to the following address:

Melvin Jones Jr. and Colleen Connors
1935 Hosler Street
Flint, MI 48503-4415

*s/ Derek Weiss*
Derek Weiss