UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

J.G.G., *et al.*,

    Plaintiffs,

    v.

DONALD J. TRUMP, *et al.*,

    Defendants.

Civil Action No. 25-766 (JEB)

## ORDER

On March 18, 2025, the Court ordered Defendants to provide by noon the following day specific information regarding flights carrying individuals subject to the Court's Temporary Restraining Orders issued three days before. See Minute Order of 3/18/25. Defendants instead filed a pleading shortly before the deadline seeking to stay the Order in large part on the ground that they were considering whether to invoke the state-secrets privilege. See ECF No. 37 (Stay Motion) at 3–4. Although skeptical of the applicability of such privilege, the Court granted Defendants another 24 hours either to release the information ordered or to invoke the privilege. See ECF No. 38 (Order).

In an *ex parte* pleading delivered shortly after today's deadline, the Government again evaded its obligations. It submitted a six-paragraph declaration from the Acting Field Office Director for Enforcement and Removal Operations at U.S. Immigration and Customs Enforcement's Harlingen, Texas, Field Office, the contents of which the Government has informed the Court may be disclosed. After four paragraphs of identifying information, he

1

repeated the same general information about the flights: "On March 15, 2025, two flights carrying aliens being removed under the AEA departed U.S. airspace before the Court's minute order of 7:25 PM EDT, and before the Court's oral statements during the hearing." Decl. of Robert L. Cerna, ¶ 5. He then stated, "<u>I understand</u> that Cabinet Secretaries are currently actively considering whether to invoke the state secrets privilege over the other facts requested by the Court's order. Doing so is a serious matter that requires careful consideration of national security and foreign relations, and it cannot properly be undertaken in just 24 hours." <u>Id.</u>, ¶ 6 (emphasis added).

      This is woefully insufficient. To begin, the Government cannot proffer a regional ICE official to attest to Cabinet-level discussions of the state-secrets privilege; indeed, his declaration on that point, not surprisingly, is based solely on his unsubstantiated "understand[ing]." Although its skepticism concerning the suitability of such privilege expressed in yesterday's Order remains, the Court at a minimum requires an official with direct involvement to swear that deliberations of the privilege's invocation are ongoing at the level Cerna attests. It further expects such deliberations to be concluded by March 25, 2025, which only exceedingly good cause may excuse.

      In addition, to avoid further delay, the Court will require Defendants to show cause on the facts that they have already disclosed as to why the failure to return the class members aboard the two earliest planes did not violate the Court's Temporary Restraining Orders. Further supplementation may be required once particulars are ultimately disclosed.

      The Court, accordingly, ORDERS that:

1. By March 21, 2025, at 10:00 a.m., Defendants shall submit a sworn declaration by a person with direct involvement in the Cabinet-level discussions regarding invocation of the state-secrets privilege;

2. By March 25, 2025, Defendants shall submit a declaration indicating whether or not the Government is invoking the privilege;

3. By March 25, 2025, Defendants shall file a brief showing cause why they did not violate the Court's Temporary Restraining Orders by failing to return class members removed from the United States on the two earliest planes that departed on March 15, 2025; and

4. Plaintiffs may file any response to such brief by March 31, 2025.

/s/ *James E. Boasberg*  
JAMES E. BOASBERG  
United States District Judge

Date: March 20, 2025

Case: 25-1158     Document: 00118262741     Page: 4     Date Filed: 03/22/2025     Entry ID: 6708500

See page #3

LIVE TV | NewsNation Live

# Deportation case judge may have reached limit: Ex-court official

- Judge vows to determine whether Trump admin. violated his order
- A judge has a variety of penalties to impose, ex-court official says
- Those penalties could include sanctions, fines and even jail stints



Michael Ramsey
Updated: MAR 21, 2025 / 09:26 PM CDT

*Not sure how to find NewsNation on your TV?* **Find your channel here**. *Get 24/7 fact-based unbiased news coverage with the* **NewsNation app.**

(NewsNation) — The federal judge locked in a dispute with the Trump administration over the deportation of alleged migrant gang members last weekend may be forced to use his authority against the Justice Department, a former court official says.

1798.

"I will get to the bottom of whether they violated my order, who ordered this and what the consequences will be," Boasberg said Friday.

### Accused Tren de Aragua, MS-13 gang members get harsh welcome in El Salvador

John E. Jones III, former chief judge of the U.S. District Court for the Middle District of Pennsylvania, says Boasberg appears ready to "go off" after DOJ attorneys played "hide the ball" with him this week. He said the judge could deploy sanctions, contempt powers, monetary penalties or even order someone jailed, though he likely doesn't want to go there.

"What he will do, and he has an obligation to do this as a judge, is to vindicate the order that he handed down, the injunction, and determine whether anybody violated that," Jones told ["Elizabeth Vargas Reports."](#)

William Brennan, a former Trump attorney who also appeared on "Vargas," said the administration may have a legal basis in trying to invoke the Alien Enemies Act to deport migrants who are members of gangs. But he said the judiciary should be respected.

ADVERTISEMENT

"Federal judges have immense power, and I think Judge Boasberg has been very good in being judicious in his response," Brennan said.



## Due process essential: Rep. Raskin

Rep. Jamie Raskin, a Maryland Democrat on the House Judiciary Committee, says the Trump administration's attempt to use the Alien Enemies Act to summarily deport alleged migrant gang members without due process is potentially dangerous for everyone.

"I don't care how unpopular those people are, because if they can do it to them, they can do it to anybody," he told "CUOMO."

**ELIZABETH VARGAS REPORTS**

Copyright 2025 Nexstar Media Inc. All rights reserved. This material may not be published, broadcast, rewritten, or redistributed.

## SPONSORED CONTENT

Privacy Policy

**Amazon Is Losing Money as Michigan Shoppers Are Canceling Prime for This Clever Hack**
Online Shopping Tools

**Girl Tells Parents She Has A "Twin" At School. Dad Files For Divorce When He Realizes The Truth**
universalinfonet.com

**Elevate Your Living Space**
TEMU                                                                                    Shop Now

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

J.G.G., et al.,

                    Plaintiffs,

    v.

DONALD J. TRUMP, et al.,

                    Defendants.

**DECLARATION**

Civil Action No. 25-766 (JEB)

1.     I am the Deputy Attorney General of the United States. I am submitting this Declaration in response to the Court's March 20, 2025 Order.

2.     On March 20, 2025, the Government submitted a declaration from Robert L. Cerna II, which stated: "I understand that Cabinet Secretaries are currently actively considering whether to invoke the state secrets privilege over the other facts requested by the Court's order. Doing so is a serious matter that requires careful consideration of national security and foreign relations, and it cannot properly be undertaken in just 24 hours."

3.     I attest to the accuracy of those statements based on personal knowledge of the events described by Mr. Cerna, including my direct involvement in ongoing Cabinet-level discussions regarding invocation of the state-secrets privilege.

4.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 21, 2025

                                                    Todd Blanche
                                                    Deputy Attorney General
                                                    United States Department of Justice

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| J.G.G., *et al.*, | ) | Civil Action No. 1:25-cv-00766 |
| Plaintiffs-Petitioners, | ) |  |
| v. | ) |  |
| DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, | ) |  |
| Defendants-Respondents. | ) |  |

## **NOTICE**

The attached declaration is being submitted in response to the Court's order dated March 20, 2025, ECF No. 47.

Respectfully Submitted,

PAMELA J. BONDI
U.S. Attorney General

TODD BLANCHE
Deputy Attorney General

EMIL BOVE
Principal Associate Deputy
Attorney General

CHAD MIZELLE
Acting Associate Attorney General

YAAKOV M. ROTH
Acting Assistant Attorney General

DREW C. ENSIGN
Deputy Assistant Attorney General

1

By:    */s/ August E. Flentje*
*Acting Director*
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Tel: (202) 514-3309
Email: August.Flentje@usdoj.gov

EREZ REUVENI
Assistant Director

BRIAN C. WARD
Acting Assistant Director

PATRICK GLEN
Senior Litigation Counsel

*Counsel for Defendants*