Presorted
First Class
U.S. POSTAGE
PAID
PBPS

IMPORTANT DOCUMENT ENCLOSED

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

**Lopes v. Kohls Department Stores, Inc. Paga Fund**
r c/o CPT Group, Inc.
50 Corporate Park
Irvine, CA 92606

RETURN SERVICE REQUESTED

15   BJCO1P1   48503

CPT Group, Inc
50 Corporate Park
Irvine, CA 92606
1(888) 921-6779

January 7, 2025

**Re:** **Payment From *Lopes v. Kohl's Department Stores*, No. RG08380189
(Alameda County Superior Court)**

Dear Current or Former Kohl's Department Stores Employee:

Enclosed is a check made payable to you. This is your payment from the PAGA seating settlement in the lawsuit entitled *Lopes v. Kohl's Department Stores*, Case No. RG08380189 (Alameda County Superior Court) (the "Action").

The Action was filed against Defendant Kohl's, Inc. fka Kohl's Department Stores, Inc. ("Defendant") pursuant to the California Private Attorneys General Act of 2004, Cal. Lab. Code § 2698 *et seq.* (called "PAGA"). The Action was brought by former employees of Defendant on behalf of the State of California and all allegedly "aggrieved employees" of Defendant. You have been identified as one of the employees on whose behalf the case was brought.

The Plaintiffs in the Action claimed that Defendant owed civil penalties recoverable under PAGA for Defendant's alleged failure to provide employees with suitable seating. Defendant denies that it violated the Labor Code or the California Wage Orders. Moreover, in agreeing to this settlement, Defendant does not admit that it is liable in any way for any penalties.

The Court has not ruled on the merits of the seating claim, but it has approved the settlement of PAGA civil penalties, of which 75% will be paid to the California Labor and Workforce Development Agency, and the remaining 25% will be paid to aggrieved employees. Pursuant to the settlement, the enclosed check is for your share of a portion of the civil penalties.

You are not a party to this lawsuit, but you and the government will be bound by the settlement in this matter as to civil penalties. If you have any questions, you may contact the settlement administrator (whose contact information is at the top of this letter).

Very Truly Yours,

CPT Group, Inc.

THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND ON WHITE PAPER

c/o CPT Group, Inc.
Settlement Administrator
50 Corporate Park
Irvine, CA 92606
1-888-921-6779

LOPES V KOHLS DEPARTMENT
STORES INC PAGA FUND
SCSCCA RG08380189

Enterprise Bank & Trust
Clayton
80-616/810

01/07/25          064667

$**0.17

ZERO DOLLARS AND SEVENTEEN CENTS************************************************************

*47205*

Void After 180 Days

PAY
TO THE
ORDER OF

MELVIN JONES JR.
1935 HOSLER ST
FLINT, MI 48503-4415



CPT Group Inc.

⑈064667⑈ ⑆081006162⑈ 91577049⑈

---

Attached is a check from the Lopes v Kohls
Department Stores Inc Settlement.

The Parties agree that 100% shall be allocated
as penalties and interest and will be reported
on IRS Form 1099.

Please keep the attached 1099 for your 2025 Tax
Return.

Allocated Amount:              $0.17
Amount Not Taxed:              $0.00
Amount 1099:                   $0.17
Amount W2:                     $0.00
    Fed-SS:                    $0.00
    Fed-Medicare:              $0.00
    State-SDI:                 $0.00
    State Tax:                 $0.00
    Federal Tax:               $0.00
    Misc:                      $0.00
    Backup Withholding:        $0.00

Check Amount:                  $0.17

| PAYER'S name, street address, city or town, state or province, country, zip or foreign postal code, and telephone no. | 1 Rents | 2 Royalties | OMB No. 1545-0115 |
|---|---|---|---|
| LOPES V KOHLS DEPARTMENT STORES INC PAGA FUND SCSCCA RG08380189 c/o CPT Group Inc. Settlement Administrator 50 Corporate Park Irvine, CA 92606 888-305-7140 | 3 Other Income $ 0.17 | 4 Federal income tax withheld | 2025 Miscellaneous Income Form 1099-MISC |
| | 5 Fishing boat proceeds | 6 Medical and health care | Copy B For Recipient |
| PAYER'S TIN 33-1615655 | RECIPIENT'S TIN XXX-XX-0015 | 7 Payer made direct sales of totaling $5000 or more of consumer products to recipient for resale ☐ | 8 Substitute payments in lieu of dividends or interest | This is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if this income is taxable and the IRS determines that it has not been reported. |
| RECIPIENT'S name and address MELVIN JONES JR. 1935 HOSLER ST FLINT, MI 48503-4415 | 9 Crop insurance proceeds | 10 Gross proceeds paid to an attorney | |
| | 11 Fish purchased for resale | 12 Section 409A deferrals | |
| | 13 Excess golden parachute payments | 14 Nonqualified deferred compensation | |
| Account number (see instructions) | 15 State tax withheld | 16 State/Payer's state no. | 17 State income |

Form 1099-MISC                                     Department of the Treasury - Internal Revenue Service

DocuSign Envelope ID: 420F228E-3EC0-493C-8C90-2EFFDBAE667C

1

2

3

4

5

6

7

8 SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 FOR THE COUNTY OF ALAMEDA – OAKLAND DIVISION

10

| | |
|---|---|
| NICOLE LOPES, individually and on behalf of other members of the general public similarly situated, and aggrieved employees,<br><br>        Plaintiff,<br><br>    vs.<br><br>KOHL'S DEPARTMENT STORES, INC., a Delaware Corporation; and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No. RG08380189<br>Consolidated with: RG11597341<br><br>**JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE** |
| ISAAC BOBADILLA and BRIAN PARADIS, individually, and on behalf of other members of the general public similarly situated,<br><br>        Plaintiffs,<br><br>    vs.<br><br>KOHL'S DEPARTMENT STORES, INC., a California Corporation; and DOES 1 through 10, inclusive,<br><br>        Defendants. | |

25

26

27

28

DocuSign Envelope ID: 420F228E-3EC0-493C-8C90-2EFFDBAE667C

### JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE

This Joint Stipulation of Class Action and PAGA Settlement and Release ("Settlement" or "Settlement Agreement") is made and entered into by and between Plaintiffs Nicole Lopes, Brian Paradis, and Isaac Bobadilla ("Plaintiffs" or "Class Representatives"), as individuals and on behalf of all others similarly situated, and Defendant Kohl's, Inc., fka Kohl's Department Stores, Inc., ("Defendant") (collectively with Plaintiffs, the "Parties").

### DEFINITIONS

The following definitions are applicable to this Settlement Agreement. Definitions contained elsewhere in this Settlement Agreement will also be effective:

1.      "Actions" means *Lopes v. Kohl's Department Stores, Inc.*, No. RG08380189 (Alameda County Superior Court) and *Bobadilla v. Kohl's Department Stores, Inc.*, No. RG11597341 (Alameda County Superior Court).

2.      "Attorneys' Fees and Costs" means attorneys' fees agreed upon by the Parties and approved by the Court for Class Counsel's litigation and settlement of the Claims, and all out-of-pocket costs incurred and to be incurred by Class Counsel to litigate and settle the Claims, including but not limited to expert/consultant fees, investigation costs, and costs associated with documenting the Settlement, providing any notices required as part of the Settlement or Court order, securing the Court's approval of the Settlement, administering the Settlement, and obtaining entry of an order granting final approval of the Settlement. Class Counsel will request attorneys' fees and costs/expenses in a combined amount not to exceed Three Million Dollars ($3,000,000). Based on the extensive amount of work observed by Defendant that was done by Class Counsel over the course of the Actions, Defendant has agreed not to oppose Class Counsel's request for fees and reimbursement of costs as set forth above.

3.      "Claims" means, collectively, Class-A Released Claims, Class-B Released Claims, and PAGA Released Claims.

4.      "Class Counsel" means Capstone Law APC, Law Offices of Mark Yablonovich, and Goldstein, Borgen, Dardarian & Ho.

5.      "Class Member(s)" or "Settlement Class" means all non-exempt, hourly employees of Defendant who worked at one or more of Defendant's retail stores and/or Distribution Centers and/or E-

1    Fulfillment Center in the State of California at any time from April 4, 2004 through May 16, 2014, and

2    who did not previously opt out of the class certified by the Court in *Lopes v. Kohl's Department Stores,*

3    *Inc.*, No. RG08380189 (Alameda County Superior Court).

4    6.    "Class-A Fund" means the fund equal to exactly sixty percent (60%) of the Net

5    Settlement Fund that will be paid to all Class-A Members.

6    7.    "Class-A Members" means all Class Members, regardless whether they submit timely

7    and valid Requests for Exclusion.

8    8.    "Class-A Released Claims" means the class claims that were certified by the Court in

9    the Actions on May 16, 2014, and for which Class Members were provided notice and an opportunity to

10   opt out; namely: (a) all claims for the failure to pay overtime and meal and rest period premiums at the

11   regular rate of pay; (b) all claims for the failure to provide rest periods by requiring Class Members to

12   remain on premises during their rest periods; (c) all claims for the failure to provide accurate itemized

13   wage statements; and (d) the failure to pay all wages due upon termination of employment.

14   9.    "Class-B Fund" means the fund equal to exactly forty percent (40%) of the Net

15   Settlement Fund that will be paid to all Class-B Members.

16   10.   "Class-B Members" means all Class Members who do not submit timely and valid

17   Requests for Exclusion.

18   11.   "Class-B Released Claims" means all class claims that were alleged in the Actions but

19   not certified by the Court; namely: (1) all claims for the failure to provide meal periods; (2) all claims for

20   the failure to pay meal and rest period premiums based on any theory other than the failure to pay

21   premiums at the regular rate of pay; (3) all claims for the failure to pay wages for time spent undergoing

22   security bag checks; (4) all claims for the failure to pay reporting time pay; (5) all claims for the failure to

23   pay all vacation wages due at termination; (6) all claims for the failure to pay all wages timely during

24   employment; and (7) all claims for the failure to pay overtime based on any theory other than the

25   underlying failure to correctly calculate the regular rate of pay.

26   12.   "Class List" means a complete list of all Class Members that Defendant will diligently

27   and in good faith compile from its records and provide to the Settlement Administrator and Class

28   Counsel within twenty (20) calendar days after Preliminary Approval of this Settlement. The Class List

will be formatted in Microsoft Office Excel and will include each Class Member's full name; most recent mailing address and telephone number; Social Security Number; dates of employment, including termination dates during the Class Period and PAGA Period; the number of Workweeks each Class Members worked during the Class Period; the number of Workweeks each PAGA Member worked during the PAGA Period; and any other relevant information needed to calculate settlement payments.

13.    "Class Notice" means the Notice of Class Action Settlement, substantially in the form attached as Exhibit A.

14.    "Class Period" means the period from April 4, 2004 to May 16, 2014.

15.    "Class Representative Enhancement Payments" means the amounts to be paid to Plaintiffs in recognition of their effort and work in litigating and settling the Claims on behalf of Class Members and the LWDA, and for their general release of claims. Subject to the Court granting final approval of this Settlement and subject to the exhaustion of any and all appeals, Plaintiffs will request Court approval of Twenty-Five Thousand Dollars ($25,000) to Nicole Lopes and Twenty Thousand Dollars ($20,000), each, to Brian Paradis, and Isaac Bobadilla.

16.    "Court" means the Alameda County Superior Court.

17.    "Defendant" means Defendant Kohl's, Inc., fka Kohl's Department Stores, Inc.

18.    "Effective Date" means the later of: (a) the sixty-first (61st) calendar day after the date of Final Approval, provided no appeal is initiated by an objector; or (b) if a timely appeal is initiated by an objector, then the Effective Date will be the date of final resolution of that appeal (including any requests for rehearing and/or petitions for certiorari), resulting in final judicial approval of the Settlement.

19.    "Final Approval" means the date on which the Court enters an order granting final approval of the Settlement Agreement.

20.    "Gross Settlement Amount" means the Gross Settlement Amount of Seven Million Dollars ($7,000,000), to be paid by Defendant in full satisfaction of all Claims, which includes all Individual Settlement Payments, Attorneys' Fees and Costs, the Class Representative Enhancement Payments, the PAGA Settlement Amount, and Settlement Administration Costs. This Gross Settlement Amount has been agreed to by Plaintiffs and Defendant based on the aggregation of the agreed-upon settlement value of the Claims. In no event will Defendant be liable for more than the Gross Settlement

1    Amount for the settlement of the Claims, except as otherwise explicitly set forth herein. There will be no

2    reversion of the Gross Settlement Amount to Defendant. Defendant will be separately responsible for

3    any employer payroll taxes required by law, including the employer FICA, FUTA, and SDI

4    contributions, which shall not be paid from the Gross Settlement Amount.

5          21.     "Individual Settlement Payment" means each Class Member's and PAGA Member's

6    respective shares of the Net Settlement Fund and PAGA Fund.

7          22.     "Net Settlement Fund" means the portion of the Gross Settlement Amount remaining

8    after deducting the Attorneys' Fees and Costs, the Class Representative Enhancement Payments, the

9    PAGA Settlement Amount, and Settlement Administration Costs. There will be no reversion of the Net

10   Settlement Fund to Defendant.

11         23.     "Notice of Objection" means a Class Member's valid and timely written objection to the

12   Settlement Agreement. For the Notice of Objection to be valid, it must include: (a) the objector's full

13   name, signature, address, and telephone number, (b) a written statement of all grounds for the objection

14   accompanied by any legal support for such objection; (c) copies of any papers, briefs, or other

15   documents upon which the objection is based; and (d) a statement whether the objector intends to appear

16   at the final fairness hearing.

17         24.     "PAGA Released Claims" means all claims for civil penalties under California Labor

18   Code §§ 2698, *et seq.et seq.*, that were brought or could reasonably have been brought based on the same

19   facts alleged in Plaintiffs' LWDA letters during the PAGA Period except as provided for in this

20   Agreement. Specifically excluded from the definition of PAGA Released Claims are claims for violation

21   of Sections 14(A) and 14(B) of the applicable Wage Order(s).

22         25.     "PAGA Members" means all non-exempt, hourly employees of Defendant who worked

23   at one or more of Defendant's retail stores and/or Distribution Centers and/or E-Fulfillment Center in the

24   State of California at any time from February 25, 2007 through March 30, 2018.

25         26.     "PAGA Period" means the period from February 25, 2007 through March 30, 2018.

26         27.     "PAGA Settlement Amount" means the amount that the Parties have agreed to pay to

27   the Labor and Workforce Development Agency ("LWDA") and PAGA Members in connection with

28   Plaintiffs' claim under the Labor Code Private Attorneys General Act of 2004 (Cal. Lab. Code §§ 2698,

1    *et seq.et seq.*, "PAGA") ("PAGA Settlement"). The Parties have agreed that Two Hundred Thousand

2    Dollars ($200,000) of the Gross Settlement Amount will be allocated to the PAGA Settlement. Pursuant

3    to PAGA, Seventy-Five Percent (75%), or One Hundred Fifty Thousand Dollars ($150,000), of the

4    PAGA Settlement Amount will be paid to the California Labor and Workforce Development Agency

5    ("Labor and Workforce Development Agency Payment"), and Twenty-Five Percent (25%), or Fifty

6    Thousand Dollars ($50,000) ("PAGA Fund"), of the PAGA Settlement will be disbursed to PAGA

7    Members, and regardless of whether they request to be excluded from the Settlement Class.

8        28.   "Parties" means Plaintiffs and Defendant collectively.

9        29.   "Plaintiffs" means Nicole Lopes, Brian Paradis, and Isaac Bobadilla.

10       30.   "Preliminary Approval" means the date on which the Court enters an order granting

11   preliminary approval of the Settlement Agreement.

12       31.   "Released Parties" means Defendant, its past or present officers, directors, shareholders,

13   agents, principals, heirs, representatives, accountants, auditors, consultants, insurers and reinsurers, and

14   its respective successors and predecessors in interest, subsidiaries, affiliates, parents and attorneys, if any.

15       32.   "Request for Exclusion" means a timely letter submitted by a Class Member indicating a

16   request to be excluded from the release of the Class-B Released Claims. The Request for Exclusion

17   must: (a) set forth the name, address, telephone number and last four digits of the Social Security

18   Number of the Class Member requesting exclusion; (b) be signed by the Class Member; (c) be returned

19   to the Settlement Administrator; (d) clearly state that the Class Member wishes to opt out of the release

20   of the Class-B Released Claims; and (e) be faxed or postmarked on or before the Response Deadline.

21       33.   "Response Deadline" means the deadline by which Class Members must postmark or

22   fax to the Settlement Administrator Requests for Exclusion, postmark or fax disputes concerning the

23   calculation of Individual Settlement Payments, or postmark Notices of Objection to the Settlement

24   Administrator. The Response Deadline will be forty-five (45) calendar days from the initial mailing of

25   the Class Notice by the Settlement Administrator, unless the forty-fifth (45th) calendar day falls on a

26   postal holiday, in which case the Response Deadline will be extended to the next day on which the U.S.

27   Postal Service is open.

28       34.   "Settlement Administration Costs" means the costs payable from the Gross Settlement

1  Amount to the Settlement Administrator for administering this Settlement, including, but not limited to,

2  printing, distributing, and tracking documents for this Settlement, tax reporting, distributing the Gross

3  Settlement Amount, and providing necessary reports and declarations, as requested by the Parties. The

4  Settlement Administration Costs will be paid from the Gross Settlement Amount, including, if necessary,

5  any such costs in excess of the amount represented by the Settlement Administrator as being the

6  maximum costs necessary to administer the Settlement. Settlement Administration Costs are currently

7  estimated to be Two Hundred Seventy Thousand  Dollars ($270,000).

8       35.     "Settlement Administrator" means CPT Group, Inc., or any other third-party class action

9  settlement administrator agreed to by the Parties and approved by the Court for the purposes of

10  administering this Settlement. The Parties each represent that they do not have any financial interest in

11  the Settlement Administrator or otherwise have a relationship with the Settlement Administrator that

12  could create a conflict of interest.

13       36.     "Workweeks" means any week in which a check for regular hours during the Class

14  Period was issued. All Class Members will be credited with at least one Workweek during the Class

15  Period, and all PAGA Members will be credited with at least one Workweek during the PAGA Period.

16  All Class Members who were terminated during the Class Period will receive two extra Workweeks

17  during the Class Period to compensate them for their claim for waiting time penalties under Labor Code

18  section 203. All PAGA Members who were terminated during the PAGA Period will receive two extra

19  Workweeks during the PAGA Period to compensate them for their claim for waiting time penalties

20  under Labor Code section 203.

21  **TERMS OF AGREEMENT**

22       The Plaintiffs, on behalf of themselves and the Settlement Class, and Defendant agree as

23  follows:

24       37.     <u>Funding of the Gross Settlement Amount</u>. Defendant will make a one-time deposit of

25  the Gross Settlement Amount of Seven Million Dollars ($7,000,000) into a Qualified Settlement Fund to

26  be established by the Settlement Administrator. Defendant will pay the employer's share of payroll taxes

27  separately. After the Effective Date, the Gross Settlement Amount will be used for: (a) Individual

28  Settlement Payments; (b) the Labor and Workforce Development Agency Payment; (c) the Class

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

1    Representative Enhancement Payments; (d) Attorneys' Fees and Costs; and (e) Settlement

2    Administration Costs. Defendant will deposit the Gross Settlement Amount and the employer's share of

3    payroll taxes within ten (10) calendar days of the Effective Date ("Funding Date").

4          38.    <u>Attorneys' Fees and Costs</u>. In connection with the litigation and settlement of the

5    Claims, and based on the extensive amount of work observed by Defendant that was done by Class

6    Counsel over the course of the Actions, Defendant agrees not to oppose or impede any application or

7    motion for attorneys' fees and costs by Class Counsel for not more than Three Million Dollars

8    ($3,000,000), which will be paid from the Gross Settlement Amount.

9          39.    <u>Class Representative Enhancement Payments</u>. In exchange for a general release, and in

10   recognition of their effort and work in prosecuting and settling the Claims on behalf of Class Members

11   and the LWDA, Defendant agrees not to oppose or impede any application or motion by Plaintiffs for

12   Class Representative Enhancement Payments of up to Twenty-Five Thousand Dollars ($25,000) to

13   Nicole Lopes and Twenty Thousand Dollars ($20,000), each, to Brian Paradis, and Isaac Bobadilla. The

14   Class Representative Enhancement Payments will be paid from the Gross Settlement Amount and will

15   be in addition to Plaintiffs' Individual Settlement Payment paid pursuant to the Settlement. Plaintiffs will

16   be solely and legally responsible to pay any and all applicable taxes on the Class Representative

17   Enhancement Payments. Plaintiffs understand and agree that this Settlement Agreement shall remain in

18   full force and effect even if the full amount of Class Representative Enhancement Payments sought by

19   Plaintiffs is not ultimately awarded by the Court.

20         40.    <u>Settlement Administration Costs</u>. The Settlement Administrator will be paid for the

21   reasonable costs of administration of the Settlement and distribution of payments from the Gross

22   Settlement Amount, which is currently estimated to be Two Hundred Seventy Thousand Dollars

23   ($270,000). These costs of administration, which will be paid from the Gross Settlement Amount, will

24   include, *inter alia*, the required tax reporting on the Individual Settlement Payments, the issuing of 1099

25   and W-2 IRS Forms, distributing Class Notices, calculating and distributing the Gross Settlement

26   Amount, and providing necessary reports and declarations.

27         41.    <u>PAGA Settlement Amount</u>. Subject to Court approval, the Parties agree that the amount

28   of Two Hundred Thousand Dollars ($200,000) from the Gross Settlement Amount will be designated for

1  satisfaction of Plaintiffs' PAGA claim. Pursuant to PAGA, Seventy-Five Percent (75%), or One

2  Hundred Fifty Thousand Dollars ($150,000), of this sum will be paid to the LWDA and Twenty-Five

3  Percent (25%), or Fifty Thousand Dollars ($50,000), will be paid to PAGA Members in proportion to

4  the number of Workweeks worked during the PAGA Period.

5       42.    <u>No Right to Exclusion from the Release of the Class-A Released Claims</u>. Because Class

6  Members were previously afforded an opportunity to opt out of the class certified by the Court on May

7  16, 2014, the Parties agree that no Class Member has the right to exclude himself or herself from the

8  release of the Class-A Released Claims, and all Class Members will receive their shares of the Class-A

9  Fund.

10       43.    <u>No Right to Exclusion or Objections to the PAGA Settlement</u>. Because this Settlement

11  resolves claims brought pursuant to PAGA by Plaintiffs acting as proxies and as Private Attorneys

12  General of, and for, the State of California and the LWDA, the Parties agree that no PAGA Member has

13  the right to exclude himself or herself from the PAGA settlement, and all PAGA Members will receive

14  their shares of the PAGA Fund. The Parties also agree that no PAGA Member has the right to object to

15  the PAGA Settlement Amount.

16       44.    <u>Net Settlement Fund</u>. The entire Net Settlement Fund will be distributed to Class-A

17  Members and Class-B Members. No portion of the Net Settlement Fund will revert to or be retained by

18  Defendant.

19       45.    <u>PAGA Fund</u>. The entire PAGA Fund will be distributed to all PAGA Members. No

20  portion of the PAGA Fund will revert to or be retained by Defendant.

21       46.    <u>Individual Settlement Payment Calculations</u>. Individual Settlement Payments will be

22  calculated and apportioned from the Class-A Fund, Class-B Fund, and PAGA Fund based on the

23  number of Workweeks a Class Member worked during the Class Period and PAGA Period. Specific

24  calculations of Individual Settlement Payments will be made as follows:

25            46(a)    <u>Payments from the Class-A Fund</u>. Defendant will calculate the total number

26               of Workweeks worked by each Class Member during the Class Period and

27               the aggregate total number of Workweeks worked by all Class Members

28               during the Class Period. To determine each Class Member's estimated

1  "Individual Settlement Payment" from the Class-A Fund, the Settlement

2  Administrator will use the following formula: The Class-A Fund will be

3  divided by the aggregate total number of Workweeks in the Class Period,

4  resulting in the "Workweek Value." Each Class Member's "Individual

5  Settlement Payment" will be calculated by multiplying each individual

6  Class Member's total number of Workweeks by the Workweek Value. The

7  Individual Settlement Payment will be reduced by any required deductions

8  for each Class Member as specifically set forth herein, including employee-

9  side tax withholdings or deductions. The entire Class-A Fund will be

10  disbursed to all Class-A Members.

11  46(b)  <u>Payments from the Class-B Fund</u>. Defendant will calculate the total number

12  of Workweeks worked by each Class Member during the Class Period and

13  the aggregate total number of Workweeks worked by all Class Members

14  during the Class Period. To determine each Class Member's estimated

15  "Individual Settlement Payment" from the Class-B Fund, the Settlement

16  Administrator will use the following formula: The Class-B Fund will be

17  divided by aggregate total number of Workweeks in the Class Period,

18  resulting in the "Workweek Value." Each Class Member's "Individual

19  Settlement Payment" will be calculated by multiplying each individual

20  Class Member's total number of Workweeks by the Workweek Value. The

21  Individual Settlement Payment will be reduced by any required deductions

22  for each Class-B Member as specifically set forth herein, including

23  employee-side tax withholdings or deductions. The entire Class-B Fund will

24  be disbursed to all Class-B Members. If there are any valid and timely

25  Requests for Exclusion, the Settlement Administrator shall proportionately

26  increase the Individual Settlement Payment for each Class-B Member

27  according to the number of Workweeks worked, so that the amount actually

28  distributed to Class-B Members equals 100% of the Class-B Fund.

46(c)    <u>Payments from the PAGA Fund</u>. Defendant will calculate the total number of Workweeks worked by each PAGA Member during the PAGA Period and the aggregate total number of Workweeks worked by all PAGA Members during the PAGA Period. To determine each PAGA Member's estimated "Individual Settlement Payment," the Settlement Administrator will use the following formula: The PAGA Fund will be divided by the aggregate total number of Workweeks in the PAGA Period, resulting in the "PAGA Workweek Value." Each PAGA Member's "Individual Settlement Payment" will be calculated by multiplying each individual PAGA Member's total number of Workweeks by the PAGA Workweek Value. The entire PAGA Fund will be disbursed to all PAGA Members.

47.    <u>No Credit Toward Benefit Plans</u>. The Individual Settlement Payments made to Class Members under this Settlement, as well as any other payments made pursuant to this Settlement, will not be utilized to calculate any additional benefits under any benefit plans to which any Class Members may be eligible, including, but not limited to profit-sharing plans, bonus plans, 401(k) plans, stock purchase plans, vacation plans, sick leave plans, PTO plans, and any other benefit plan. Rather, it is the Parties' intention that this Settlement Agreement will not affect any rights, contributions, or amounts to which any Class Members may be entitled under any benefit plans.

48.    <u>Administration Process</u>. The Parties agree to cooperate in the administration of the settlement and to make all reasonable efforts to control and minimize the costs and expenses incurred in administration of the Settlement.

49.    <u>Delivery of the Class List</u>. Within twenty (20) calendar days of Preliminary Approval, Defendant will provide the Class List to the Settlement Administrator.

50.    <u>Notice by First-Class U.S. Mail</u>. Within fourteen (14) calendar days after receiving the Class List from Defendant, the Settlement Administrator will mail a Class Notice to all Class Members via regular First-Class U.S. Mail, using the most current, known mailing addresses identified in the Class List.

51.    <u>Confirmation of Updated Contact Information in the Class Lists</u>. Prior to mailing, the

DocuSign Envelope ID: 420F228E-3EC0-493C-8C90-2EFFDBAE667C

Settlement Administrator will perform a search based on the National Change of Address Database for information to update and correct for any known or identifiable address changes. Any Class Notices returned to the Settlement Administrator as non-deliverable on or before the Response Deadline will be sent promptly via regular First-Class U.S. Mail to the forwarding address affixed thereto and the Settlement Administrator will indicate the date of such re-mailing on the Class Notice. If no forwarding address is provided, the Settlement Administrator will promptly attempt to determine the correct address using a skip-trace, or other search using the name, address and/or Social Security Number of the Class Member involved, and will then perform a single re-mailing. Those Class Members who receive a re-mailed Class Notice, whether by skip-trace or by request, will have either (a) an additional fifteen (15) calendar days or (b) until the Response Deadline, whichever is later, to submit a Request for Exclusion or an objection to the Settlement.

52. _Class Notices_. All Class Members will be mailed a Class Notice. Each Class Notice will provide: (a) information regarding the nature of the Actions; (b) a summary of the Settlement's principal terms; (c) the Settlement Class and PAGA Member definitions; (d) the total number of Workweeks each respective Class Member and PAGA Member worked for Defendant during the Class Period and PAGA Period; (e) each Class Member's and PAGA Member's estimated Individual Settlement Payment and the formula for calculating Individual Settlement Payments; (f) the dates which comprise the Class Period and PAGA Period; (g) instructions on how to submit Requests for Exclusion or Notices of Objection; (h) the deadlines by which the Class Member must postmark or fax Requests for Exclusion, or postmark Notices of Objection to the Settlement; and (i) the claims to be released.

53. _Disputed Information on Class Notices_. Class Members will have an opportunity to dispute the information provided in their Class Notices. To the extent Class Members dispute their employment dates or the number of Workweeks on record, Class Members may produce evidence to the Settlement Administrator showing that such information is inaccurate. Defendant's records will be presumed correct, but the Settlement Administrator shall contact the Parties regarding the dispute and the Parties will work in good faith to resolve it. All disputes must be submitted by the Response Deadline, and will be decided within thirty (30) business days after the Response Deadline.

54. _Request for Exclusion Procedures_. Any Class Member wishing to opt-out of the release

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE
4885-0212-7477.1 / 110033-1009

of the Class-B Released Claims must sign and fax or postmark a written Request for Exclusion to the Settlement Administrator within the Response Deadline. In the case of Requests for Exclusion that are mailed to the Settlement Administrator, the postmark date will be the exclusive means to determine whether a Request for Exclusion has been timely submitted.

55. <u>Releases by Class-A Members</u>. Upon the Funding Date, and except as to such rights or claims as may be created by this Settlement Agreement, each Class-A Member, together and individually, on their behalf and on behalf of their respective heirs, executors, administrators, agents, and attorneys, shall fully and forever release and discharge all of the Released Parties, or any of them, from each of the Class-A Released Claims arising during the Class Period.

56. <u>Releases by Class-B Members</u>. Upon the Funding Date, and except as to such rights or claims as may be created by this Settlement Agreement, each Class-B Member, together and individually, on their behalf and on behalf of their respective heirs, executors, administrators, agents, and attorneys, shall fully and forever release and discharge all of the Released Parties, or any of them, from each of the Class-B Released Claims arising during the Class Period.

57. <u>Releases by Plaintiffs and LWDA</u>. Upon the Funding Date, and except as to such rights or claims as may be created by this Settlement Agreement, Plaintiffs, the State of California, and the LWDA shall fully and forever release and discharge all of the Released Parties, or any of them, from each of the PAGA Released Claims during the PAGA Period.

58. <u>Objection Procedures</u>. To object to the Settlement Agreement, a Class Member may either postmark a valid Notice of Objection to the Settlement Administrator on or before the Response Deadline, or in lieu of submitting a written Notice of Objection, appear in person at the Final Approval Hearing to object. Class Members who fail to object either by submitting a valid Notice of Objection or appearing in person at the Final Approval Hearing will be deemed to have waived all objections to the Settlement and will be foreclosed from making any objections, whether by appeal or otherwise, to the Settlement Agreement. At no time will any of the Parties or their counsel seek to solicit or otherwise encourage Class Members to submit written objections to the Settlement Agreement or appeal from the final approval order and judgment. Class Counsel will not represent any Class Members with respect to any such objections to this Settlement. If a Class Member timely submits both a Notice of Objection and

1   a Request for Exclusion, the Request for Exclusion will be given effect and considered valid, the Notice

2   of Objection shall be rejected, and the Class Member shall not participate in or be bound by the

3   Settlement.

4       59.    Certification Reports Regarding Individual Settlement Payment Calculations. The

5   Settlement Administrator will provide Defendant's counsel and Class Counsel a weekly report that

6   certifies the number of Class Members who have submitted valid Requests for Exclusion or objections to

7   the Settlement, and whether any Class Member has submitted a challenge to any information contained

8   in their Class Notice, including those received after the Response Deadline. Additionally, the Settlement

9   Administrator will provide to counsel for both Parties any updated reports regarding the administration

10   of the Settlement Agreement as needed or requested.

11       60.    Distribution Timing of Individual Settlement Payments. Within fourteen (14) calendar

12   days of the Funding Date, the Settlement Administrator will issue payments to: (a) Class Members and

13   PAGA Members; (b) the Labor and Workforce Development Agency; (c) Plaintiffs; and (d) Class

14   Counsel. The Settlement Administrator will also issue a payment to itself for Court-approved services

15   performed in connection with the Settlement.

16       61.    Uncashed Settlement Checks. Proceeds represented by Individual Settlement Payment

17   checks returned as undeliverable and Individual Settlement Payment checks remaining uncashed for

18   more than one hundred and eighty (180) calendar days after issuance will be tendered pursuant to Code

19   of Civil Procedure section 384 to the Justice Gap Fund maintained by The State Bar of California.

20       62.    Certification of Completion. Upon completion of administration of the Settlement, the

21   Settlement Administrator will provide a written declaration under oath to certify such completion to the

22   Court and counsel for all Parties.

23       63.    Treatment of Individual Settlement Payments. All Individual Settlement Payments will

24   be allocated as follows: (a) Twenty Percent (20%) of each Individual Settlement Payment will be

25   allocated as wages for which IRS Forms W-2 will be issued; and (b) Eighty Percent (80%) will be

26   allocated as non-wages for which IRS Forms 1099-MISC will be issued.

27       64.    Administration of Taxes by the Settlement Administrator. The Settlement Administrator

28   will be responsible for issuing to Plaintiffs, Class Members, PAGA Members, and Class Counsel any

DocuSign Envelope ID: 420F228E-3EC0-493C-8C90-2EFFDBAE667C

1  W-2, 1099, or other tax forms as may be required by law for all amounts paid pursuant to this

2  Settlement. The Settlement Administrator will also be responsible for forwarding all payroll taxes and

3  penalties to the appropriate government authorities.

4        65.    <u>Tax Liability</u>. Defendant makes no representation as to the tax treatment or legal effect

5  of the payments called for hereunder, and Plaintiffs and Class Members are not relying on any statement,

6  representation, or calculation by Defendant or by the Settlement Administrator in this regard.

7        66.    <u>Circular 230 Disclaimer</u>. EACH PARTY TO THIS AGREEMENT (FOR PURPOSES

8  OF THIS SECTION, THE "ACKNOWLEDGING PARTY" AND EACH PARTY TO THIS

9  AGREEMENT OTHER THAN THE ACKNOWLEDGING PARTY, AN "OTHER PARTY")

10  ACKNOWLEDGES AND AGREES THAT (1) NO PROVISION OF THIS AGREEMENT, AND

11  NO WRITTEN COMMUNICATION OR DISCLOSURE BETWEEN OR AMONG THE PARTIES

12  OR THEIR ATTORNEYS AND OTHER ADVISERS, IS OR WAS INTENDED TO BE, NOR

13  WILL ANY SUCH COMMUNICATION OR DISCLOSURE CONSTITUTE OR BE CONSTRUED

14  OR BE RELIED UPON AS, TAX ADVICE WITHIN THE MEANING OF UNITED STATES

15  TREASURY DEPARTMENT CIRCULAR 230 (31 CFR PART 10, AS AMENDED); (2) THE

16  ACKNOWLEDGING PARTY (A) HAS RELIED EXCLUSIVELY UPON HIS, HER, OR ITS

17  OWN, INDEPENDENT LEGAL AND TAX COUNSEL FOR ADVICE (INCLUDING TAX

18  ADVICE) IN CONNECTION WITH THIS AGREEMENT, (B) HAS NOT ENTERED INTO THIS

19  AGREEMENT BASED UPON THE RECOMMENDATION OF ANY OTHER PARTY OR ANY

20  ATTORNEY OR ADVISOR TO ANY OTHER PARTY, AND (C) IS NOT ENTITLED TO RELY

21  UPON ANY COMMUNICATION OR DISCLOSURE BY ANY ATTORNEY OR ADVISER TO

22  ANY OTHER PARTY TO AVOID ANY TAX PENALTY THAT MAY BE IMPOSED ON THE

23  ACKNOWLEDGING PARTY; AND (3) NO ATTORNEY OR ADVISER TO ANY OTHER

24  PARTY HAS IMPOSED ANY LIMITATION THAT PROTECTS THE CONFIDENTIALITY OF

25  ANY SUCH ATTORNEY'S OR ADVISER'S TAX STRATEGIES (REGARDLESS OF WHETHER

26  SUCH LIMITATION IS LEGALLY BINDING) UPON DISCLOSURE BY THE

27  ACKNOWLEDGING PARTY OF THE TAX TREATMENT OR TAX STRUCTURE OF ANY

28  TRANSACTION, INCLUDING ANY TRANSACTION CONTEMPLATED BY THIS

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE
4885-0212-7477.1 / 110033-1009

1    AGREEMENT.

2        67.    <u>No Prior Assignments</u>. The Parties and their counsel represent, covenant, and warrant

3 that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign,

4 transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of

5 action or right herein released and discharged.

6        68.    <u>Nullification of Settlement Agreement</u>. In the event that: (a) the Court does not finally

7 approve the Settlement as provided herein; or (b) the Settlement does not become final for any other

8 reason, then this Settlement Agreement, and any documents generated to bring it into effect, will be null

9 and void. Any order or judgment entered by the Court in furtherance of this Settlement Agreement will

10 likewise be treated as void from the beginning.

11        69.    <u>Preliminary Approval Hearing</u>. Plaintiffs will obtain a hearing before the Court to

12 request the Preliminary Approval of the Settlement Agreement, and the entry of a Preliminary Approval

13 Order for preliminary approval of the proposed Settlement Agreement, and setting a date for a final

14 fairness hearing. The Preliminary Approval Order will provide for the Class Notice to be sent to all Class

15 Members as specified herein. In conjunction with the Preliminary Approval hearing, Plaintiffs will

16 submit this Settlement Agreement, which sets forth the terms of this Settlement, and will include the

17 proposed Notice of Class Action Settlement, attached as Exhibit A. Class Counsel will be responsible for

18 drafting all documents necessary to obtain preliminary approval. Class Counsel will provide to the

19 LWDA in each of the Actions a copy of the Settlement Agreement at the same time that it is submitted

20 to the Court pursuant to Labor Code section 2699(*l*)(2).

21        70.    <u>Final Settlement Approval Hearing and Entry of Judgment</u>. Upon expiration of the

22 deadlines to postmark Requests for Exclusion or objections to the Settlement Agreement, and with the

23 Court's permission, a final fairness hearing will be conducted to determine the Final Approval of the

24 Settlement Agreement along with the amounts properly payable for: (a) Attorneys' Fees and Costs; (b)

25 the Class Representative Enhancement Payments; (c) Individual Settlement Payments; (d) the Labor and

26 Workforce Development Agency Payment; (e) all Settlement Administration Costs. The final fairness

27 hearing will not be held earlier than thirty (30) calendar days after the Response Deadline. Class Counsel

28 will be responsible for drafting all documents necessary to obtain final approval. Class Counsel will also

4885-0212-7477.1 / 110033-1009

1    be responsible for drafting the attorneys' fees and costs application to be heard at the final approval

2    hearing.

3         71.    <u>Judgment and Continued Jurisdiction</u>. Upon final approval of the Settlement by the

4    Court or after the final fairness hearing, the Parties will present the Judgment to the Court for its

5    approval. After entry of the Judgment, the Court will have continuing jurisdiction solely for purposes of

6    addressing: (a) the interpretation and enforcement of the terms of the Settlement, (b) Settlement

7    administration matters, and (c) such post-Judgment matters as may be appropriate under court rules or as

8    set forth in this Settlement Agreement. In addition to the Settlement Agreement and Class Notice, a copy

9    of the Judgment will be posted to the Settlement Administrator's website. Class Counsel will provide a

10    copy of the Judgment to the LWDA pursuant to Labor Code section 2699(*l*)(3).

11         72.    <u>Release by Plaintiffs</u>. Upon the Funding Date, in addition to the claims being released by

12    all Class Members, Plaintiffs will release and forever discharge the Released Parties, to the fullest extent

13    permitted by law, of and from any and all claims, known and unknown, asserted and not asserted, which

14    Plaintiffs have or may have against the Released Parties as of the date of execution of this Settlement

15    Agreement. To the extent the foregoing release is a release to which Section 1542 of the California Civil

16    Code or similar provisions of other applicable law may apply, Plaintiffs expressly waive any and all

17    rights and benefits conferred upon them by the provisions of Section 1542 of the California Civil Code

18    or similar provisions of applicable law which are as follows:

19         A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE

20         CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO

21         EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE

22         AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY

23         AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED

24         PARTY.

25         73.    <u>Exhibits Incorporated by Reference</u>. The terms of this Settlement Agreement include the

26    terms set forth in any attached Exhibits, which are incorporated by this reference as though fully set forth

27    herein. Any Exhibits to this Settlement Agreement are an integral part of the Settlement.

28         74.    <u>Entire Agreement</u>. This Settlement Agreement and any attached Exhibits constitute the

entirety of the Parties' settlement of the Claims. No other prior or contemporaneous written or oral agreements may be deemed binding on the Parties as to the Claims. The Parties expressly recognize California Civil Code Section 1625 and California Code of Civil Procedure Section 1856(a), which provide that a written agreement is to be construed according to its terms and may not be varied or contradicted by extrinsic evidence, and the Parties agree that no such extrinsic oral or written representations or terms will modify, vary or contradict the terms of this Settlement Agreement.

75.    Amendment or Modification. No amendment, change, or modification to this Settlement Agreement will be valid unless in writing and signed, either by the Parties or their counsel, and approved by the Court.

76.    Authorization to Enter Into Settlement Agreement. Counsel for all Parties warrant and represent they are expressly authorized by the Parties whom they represent to negotiate this Settlement Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Settlement Agreement to effectuate its terms and to execute any other documents required to effectuate the terms of this Settlement Agreement. The Parties and their counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement. If the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement, or on any supplemental provisions that may become necessary to effectuate the terms of this Settlement, the Parties may seek the assistance of the Court to resolve such disagreement.

77.    Binding on Successors and Assigns. This Settlement Agreement will be binding upon, and inure to the benefit of, the successors or assigns of the Parties hereto, as previously defined.

78.    California Law Governs. All terms of this Settlement Agreement and Exhibits hereto will be governed by and interpreted according to the laws of the State of California.

79.    Execution and Counterparts. This Settlement Agreement is subject only to the execution of all Parties. However, the Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them, including electronic (e.g., DocuSign), facsimile, and scanned copies of the signature page, will be deemed to be one and the same instrument.

80.    Acknowledgment that the Settlement is Fair and Reasonable. The Parties believe this Settlement Agreement is a fair, adequate and reasonable settlement of the Actions and have arrived at

this Settlement after arm's-length negotiations and in the context of adversarial litigation, taking into account all relevant factors, present and potential. The Parties further acknowledge that they are each represented by competent counsel and that they have had an opportunity to consult with their counsel regarding the fairness and reasonableness of this Settlement.

81.     <u>Invalidity of Any Provision</u>. Before declaring any provision of this Settlement Agreement invalid, the Court will first attempt to construe the provision as valid to the fullest extent possible consistent with applicable precedents so as to define all provisions of this Settlement Agreement valid and enforceable.

82.     <u>Waiver of Certain Appeals</u>. The Parties agree to waive appeals and to stipulate to class certification for purposes of this Settlement only; except, however, that Plaintiffs or Class Counsel may appeal any reduction to the Attorneys' Fees and Costs below the amount they request from the Court, and either party may appeal any court order regarding this settlement that materially alters the Settlement Agreement's terms.

83.     <u>Non-Admission of Liability</u>. The Parties enter into this Settlement to resolve the dispute that has arisen between them and to avoid the burden, expense and risk of continued litigation. In entering into this Settlement, Defendant does not admit, and specifically denies, that it violated any federal, state, or local law; violated any regulations or guidelines promulgated pursuant to any statute or any other applicable laws, regulations or legal requirements; breached any contract; violated or breached any duty; engaged in any misrepresentation or deception; or engaged in any other unlawful conduct with respect to its employees. Neither this Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations connected with it, will be construed as an admission or concession by Defendant of any such violations or failures to comply with any applicable law. Except as necessary in a proceeding to enforce the terms of this Settlement, this Settlement Agreement and its terms and provisions will not be offered or received as evidence in any action or proceeding to establish any liability or admission on the part of Defendant or to establish the existence of any condition constituting a violation of, or a non-compliance with, federal, state, local or other applicable law.

84.     <u>No Public Comment</u>: Prior to Preliminary Approval, the Parties and their counsel agree that they will not issue any press releases, initiate any contact with the press, respond to any press

1    inquiry, or have any communication with the press about the fact, amount or terms of the Settlement.

2        85.    <u>Waiver</u>. No waiver of any condition or covenant contained in this Settlement Agreement

3    or failure to exercise a right or remedy by any of the Parties hereto will be considered to imply or

4    constitute a further waiver by such party of the same or any other condition, covenant, right or remedy.

5        86.    <u>Enforcement Actions</u>. In the event that one or more of the Parties institutes any legal

6    action or other proceeding against any other Party or Parties to enforce the provisions of this Settlement

7    or to declare rights and/or obligations under this Settlement, the successful Party or Parties will be

8    entitled to recover from the unsuccessful Party or Parties reasonable attorneys' fees and costs, including

9    expert witness fees incurred in connection with any enforcement actions.

10       87.    <u>Mutual Preparation</u>. The Parties have had a full opportunity to negotiate the terms and

11   conditions of this Settlement Agreement. Accordingly, this Settlement Agreement will not be construed

12   more strictly against one party than another merely by virtue of the fact that it may have been prepared

13   by counsel for one of the Parties, it being recognized that, because of the arms'-length negotiations

14   between the Parties, all Parties have contributed to the preparation of this Settlement Agreement.

15       88.    <u>Representation By Counsel</u>. The Parties acknowledge that they have been represented

16   by counsel throughout all negotiations that preceded the execution of this Settlement Agreement, and

17   that this Settlement Agreement has been executed with the consent and advice of counsel. Further,

18   Plaintiffs and Class Counsel warrant and represent that there are no liens on the Settlement Agreement.

19       89.    <u>All Terms Subject to Final Court Approval</u>. All amounts and procedures described in

20   this Settlement Agreement herein will be subject to final Court approval.

21       90.    <u>Cooperation and Execution of Necessary Documents</u>. All Parties will cooperate in good

22   faith and execute all documents to the extent reasonably necessary to effectuate the terms of this

23   Settlement Agreement.

24       91.    <u>Binding Agreement</u>. The Parties warrant that they understand and have full authority to

25   enter into this Settlement Agreement, and further intend that this Settlement Agreement will be fully

26   enforceable and binding on all parties, and agree that it will be admissible and subject to disclosure in

27   any proceeding to enforce its terms, notwithstanding any mediation confidentiality provisions that

28   otherwise might apply under federal or state law.

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

DocuSign Envelope ID: 865060BA-3B07-40C7-8EC4-4028F61F40E9

**THE PARTIES HAVE READ THE SETTLEMENT AGREEMENT. THEY HAVE CONSULTED WITH LEGAL COUNSEL REGARDING THE SETTLEMENT AGREEMENT AND KNOW THE CONTENTS OF THE SETTLEMENT AGREEMENT AND SIGN THE SAME AS THEIR FREE, KNOWING, AND VOLUNTARY ACT AND DEED, BEING FULLY AWARE OF ITS CONSEQUENCES AND ITS FINAL AND BINDING EFFECT.**

**READ CAREFULLY BEFORE SIGNING**

**PLAINTIFF**

Dated: _____11/7/2023_____

DocuSigned by:

_____
1FDA1557DA874CA...

**PLAINTIFF**

Dated: _____

_____
Brian Paradis

**PLAINTIFF**

Dated: _____

_____
Isaac Bobadilla

**DEFENDANT**

Dated: _____

_____
[Name of Authorized Signatory]
**KOHL'S, INC., fka Kohl's Department Stores, Inc.**

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

**THE PARTIES HAVE READ THE SETTLEMENT AGREEMENT. THEY HAVE CONSULTED WITH LEGAL COUNSEL REGARDING THE SETTLEMENT AGREEMENT AND KNOW THE CONTENTS OF THE SETTLEMENT AGREEMENT AND SIGN THE SAME AS THEIR FREE, KNOWING, AND VOLUNTARY ACT AND DEED, BEING FULLY AWARE OF ITS CONSEQUENCES AND ITS FINAL AND BINDING EFFECT.**


**READ CAREFULLY BEFORE SIGNING**


**PLAINTIFF**


Dated: _____          _____

                                 Nicole Lopes


**PLAINTIFF**


Dated: _____11/7/2023_____        _____


**PLAINTIFF**


Dated: _____          _____

                                 Isaac Bobadilla


**DEFENDANT**


Dated: _____          _____

                                 [Name of Authorized Signatory]
                                 **KOHL'S, INC., fka Kohl's Department Stores, Inc.**

DocuSign Envelope ID: 420F228E-3EC0-493C-8C90-2EFFDBAE667C

**THE PARTIES HAVE READ THE SETTLEMENT AGREEMENT. THEY HAVE CONSULTED WITH LEGAL COUNSEL REGARDING THE SETTLEMENT AGREEMENT AND KNOW THE CONTENTS OF THE SETTLEMENT AGREEMENT AND SIGN THE SAME AS THEIR FREE, KNOWING, AND VOLUNTARY ACT AND DEED, BEING FULLY AWARE OF ITS CONSEQUENCES AND ITS FINAL AND BINDING EFFECT.**

**READ CAREFULLY BEFORE SIGNING**

**PLAINTIFF**

Dated: _____       _____

Nicole Lopes

**PLAINTIFF**

Dated: _____       _____

Brian Paradis

**PLAINTIFF**

Dated: _____11/9/2023_____

*Isaac Bobadilla* _____
A0BA63AC8AF5440...

**DEFENDANT**

Dated: _____       _____

[Name of Authorized Signatory]
**KOHL'S, INC., fka Kohl's Department Stores, Inc.**

1  THE PARTIES HAVE READ THE SETTLEMENT AGREEMENT. THEY HAVE
   CONSULTED WITH LEGAL COUNSEL REGARDING THE SETTLEMENT
2  AGREEMENT AND KNOW THE CONTENTS OF THE SETTLEMENT AGREEMENT
   AND SIGN THE SAME AS THEIR FREE, KNOWING, AND VOLUNTARY ACT AND
3  DEED, BEING FULLY AWARE OF ITS CONSEQUENCES AND ITS FINAL AND BINDING
   EFFECT.

4

5                          **READ CAREFULLY BEFORE SIGNING**

6

7                                          **PLAINTIFF**

8
   Dated: _____          _____
9                                    Nicole Lopes

10

11                                         **PLAINTIFF**

12
   Dated: _____          _____
13                                   Brian Paradis

14

15                                         **PLAINTIFF**

16                                   DocuSigned by:
   Dated: ___11/9/2023___           Isaac Bobadilla _____
17                                   A0BA83AC8AF5440

18

19

20                                         **DEFENDANT**

21   Dated: ___11/28/23___

22                                   [Name of Authorized Signatory]
                                     **KOHL'S, INC., fka Kohl's Department Stores,**
23                                   **Inc.**

24

25

26

27

28

**APPROVED AS TO FORM**

**CAPSTONE LAW APC**

Dated: 11/9/2023

By: _____
Raul Perez

Attorneys for Plaintiffs Nicole Lopes, Brian Paradis,
and Isaac Bobadilla

**LAW OFFICES OF MARK YABLONOVICH**

Dated: 11/9/2023

By: _____
Mark Yablonovich

Attorneys for Plaintiffs Nicole Lopes, Brian Paradis,
and Isaac Bobadilla

**GOLDSTEIN, BORGEN, DARDARIAN & HO**

Dated: _____

By: _____
Laura L. Ho

Attorneys for Plaintiffs Nicole Lopes, Brian Paradis,
and Isaac Bobadilla

**LITTLER MENDELSON, P.C.**

Dated: _____

By: _____
Keith A. Jacoby

Attorneys for Defendant Kohl's, Inc.

**OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.**

Dated: _____

By: _____
Tracie Childs

Attorneys for Defendant Kohl's, Inc.

1

**APPROVED AS TO FORM**

2

3  **CAPSTONE LAW APC**

Dated: _____11/9/2023_____

4  By: _____

Raul Perez

5

Attorneys for Plaintiffs Nicole Lopes, Brian Paradis,

6  and Isaac Bobadilla

7

8  **LAW OFFICES OF MARK YABLONOVICH**

9  Dated: _____    By: _____

Mark Yablonovich

10

Attorneys for Plaintiffs Nicole Lopes, Brian Paradis,

11  and Isaac Bobadilla

12

13  **GOLDSTEIN, BORGEN, DARDARIAN & HO**

14  Dated: _____    By: _____

Laura L. Ho

15

16  Attorneys for Plaintiffs Nicole Lopes, Brian Paradis,

and Isaac Bobadilla

17

18  **LITTLER MENDELSON, P.C.**

19  Dated: _____    By: _____

Keith A. Jacoby

20

21  Attorneys for Defendant Kohl's, Inc.

22

23  **OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

24  Dated: _____    By: _____

Tracie Childs

25

26  Attorneys for Defendant Kohl's, Inc.

27

28

1

**APPROVED AS TO FORM**

2

3 **CAPSTONE LAW APC**

Dated: _11/9/2023_

4 By: _____

Raul Perez

5

Attorneys for Plaintiffs Nicole Lopes, Brian Paradis,

6 and Isaac Bobadilla

7

8 **LAW OFFICES OF MARK YABLONOVICH**

9 Dated: _11/9/2023_ By: _____

Mark Yablonovich

10

Attorneys for Plaintiffs Nicole Lopes, Brian Paradis,

11 and Isaac Bobadilla

12

13 **GOLDSTEIN, BORGEN, DARDARIAN & HO**

14 Dated: _____ By: _____

Laura L. Ho

15

Attorneys for Plaintiffs Nicole Lopes, Brian Paradis,

16 and Isaac Bobadilla

17

18 **LITTLER MENDELSON, P.C.**

19 Dated: _11/28/23_ By: _____

Keith A. Jacoby

20

Attorneys for Defendant Kohl's, Inc.

21

22

**OGLETREE, DEAKINS, NASH, SMOAK &**
23 **STEWART, P.C.**

24 Dated: _November 28, 2023_ By: _____

Tracie Childs

25

Attorneys for Defendant Kohl's, Inc.

26

27

28

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

## Rene C. Davidson Courthouse

| | |
|---|---|
| Nicole Lopes  et al<br>                    Plaintiff/Petitioner(s)<br>                        vs.<br>Kohl's Department Stores, Inc., a Delaware Corporation et al<br>                    Defendant/Respondent<br>(s) | No.      RG08380189<br><br>Date:    12/11/2023<br>Time:    9:00 AM<br>Dept:    21<br>Judge:   Evelio Grillo<br><br>ORDER re: Hearing on Motion - Other Other Motion for Preliminary Approval of Class Action Settlement filed by Nicole Lopes (Plaintiff) on 11/14/2023 |

Prior to the hearing, the Court issued a tentative ruling, which was not contested and was affirmed as set forth below.

The Motion for Preliminary Approval of Settlement filed by Nicole Lopes on 11/14/2023 is Granted.

The Motion of Plaintiff for approval of class and PAGA settlement of wage, wage statement, and other claims is GRANTED.

CASE BACKGROUND

On 4/4/08, plaintiff Lopes filed this case asserting Labor Code violations related to a failure to provide suitable seats on behalf of a class and on behalf of the LWDA under the PAGA. The extensive background in this case is stated in the Orders of 7/27/22, 9/15/22, 11/9/22, and 6/27/23.

The trial has proceeded through four phases. On 9/17/15, Judge Carvill issued a statement of decision on Phase 1. On 11/17/15. Judge Carvill issued an order regarding an accounting of time records, which appears to be Phase 2. On 1/11/16, Judge Carvill issued a statement of decision on Phase 3 dismissing the derivative claims related to wage statements and waiting time penalties. On 4/28/16, Judge Carvill issued a statement of decision on Phase 4. There was a motion for summary adjudication in 2018-2019, but little activity 2019-2022. On 7/6/22, the court granted plaintiff's request to vacate the 1/11/16 statement of decision on Phase 3 to the

---

ORDER re: Hearing on Motion - Other Other Motion for Preliminary
Approval of Class Action Settlement filed by Nicole Lopes
(Plaintiff) on 11/14/2023                                                    Page 1 of 5

extent it is inconsistent with Naranjo v. Spectrum Security Services, Inc. (2022) 13 Cal.5th 93. (See generally Order entered on 9/15/22 [summary of case].)

On 7/27/22, the court set the trial for phase 5 for 5/15/23. On 11/9/22, the court continued the trial for phase 5 to 8/14/23.

On 11/14/23, plaintiffs filed a motion for approval of the suitable seating claims that plaintiffs asserted on behalf of the LWDA under the PAGA.

On 11/14/23, plaintiffs filed a separate motion for preliminary approval of a class action settlement of Labor Code claims regarding overtime pay, missed rest periods, and wage statements (non-suitable seating claims) that plaintiffs asserted on behalf of the class.

THE SETTLEMENT OF THE CLASS AND LWDA CLAIMS FOR NON-SUITABLE SEATING CLAIMS

The motion of plaintiffs for preliminary approval of class action settlement and PAGA settlement regarding overtime pay, missed rest periods, and wage statements (non-suitable seating claims) is GRANTED.

The complaint alleges various Labor Code claims.

The case preliminarily settled for a total of $7,000,000.

The settlement agreement states there will be attorneys' fees of up to $3,000,000 (42.8%), costs of up to $25,000, service award of $25,000 to Nicole Lopes and $20,000, each, to Brian Paradis, and Isaac Bobadilla $10,000 to each plaintiff, settlement administration costs of up to $270,000, and a PAGA payment of $200,000 (net of $150,000). After these expenses, the amount available to be distributed to the Class would be $ 3,465,000. Assuming that there are an estimated 100,000 Class Members, the average payment per Class Member would be $34.65.

The settlement divides the class into two parts. The Class A claims are the class claims that were certified by the Court on May 16, 2014. The settlement allocates 60% of the total to the Class A claims, which is $2,079,000 after fees and other expenses. The Class B claims are the class claims that were not certified by the Court on May 16, 2014. The settlement allocates 40% of the total to the Class A claims, which is $1,386,000 after fees and other expenses. The class period for both Class A and Class B is April 4, 2004 to May 16, 2014.

The motion makes an adequate analysis as required by Kullar v. Foot Locker Retail, Inc. (2008) 168 Cal.App.4th 116.

The proposed class notice form and procedure are adequate.

The proposed class is appropriate for class certification.

ORDER re: Hearing on Motion - Other Other Motion for Preliminary
Approval of Class Action Settlement filed by Nicole Lopes
(Plaintiff) on 11/14/2023

Page 2 of 5

The scope of the named plaintiff release is appropriate. (Agt para 72) The agreement for the named plaintiff may include a Civil Code 1542 waiver and a release of "individual PAGA claims."

The scope of the PAGA release is appropriate. (Agt para 57) The agreement releases the LWDA's claims. The agreement does not release claims by the Aggrieved Employees.

The scope of the class release is appropriate. (Agt para 55, 56.) The scope of the class release must be limited to the claims arising out of the claims in the complaint where the named plaintiffs are typical and can adequately represent the class. (Amaro v. Anaheim Arena Management, LLC (2021) 69 Cal.App.5th 521, 537-538.) The release of claims by the class is limited by the "factual predicate rule." (Hesse v. Sprint Corp. (9th Cir. 2010) 598 F.3d 581, 590.) (See also Hendricks v. Starkist Co (N.D. Cal. 2016) 2016 WL 692739 at * 2-4 [Denying motion for final approval of class settlement because scope of release overbroad].)

The Court notes and approves of the plan to distribute the settlement funds with no claims process.

The unclaimed funds will be distributed to Justice Gap Fund maintained by the State Bar of California. This is consistent with CCP 384. Counsel has not provided a declaration in support of the motion that provides the information required by CCP 382.4. A declaration is not required given the public entity nature of the recipient. (Agt para 61)

The Court will not approve the amount of attorneys' fees and costs until the final approval hearing. The Court cannot award attorneys' fees without reviewing information about counsel's hourly rate and the time spent on the case. This is the law even if the parties have agreed that Defendants will not oppose the motion for fees. (Robbins v. Alibrandi (2005) 127 Cal. App. 4th 438, 450-451.)

"Because absent class members are not directly involved in the proceedings, oversight to ensure settlements are fair and untainted by conflict is the responsibility of both the class representative and the court." (Mark v. Spencer (2008) 166 Cal.App.4th 219, 227.)

"In any class action there is always the temptation for the attorney for the class to recommend settlement on terms less favorable to his clients because a large fee is part of the bargain. ... [T]horough judicial review of fee applications is required in all class action settlements and the fairness of the fees must be assessed independently of determining the fairness of the substantive settlement terms." (Consumer Privacy Cases (2009) 175 Cal.App.4th 545, 555-556.)

The court sets out its standard analysis below. Counsel may address that analysis in the fee application.

The Ninth Circuit's benchmark is 25%. (Laffitte v. Robert Half Internat. Inc. (2016) 1 Cal.5th 480, 495.)

ORDER re: Hearing on Motion - Other Other Motion for Preliminary
Approval of Class Action Settlement filed by Nicole Lopes        Page 3 of 5
(Plaintiff) on 11/14/2023

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse

This court's benchmark for fees is 30% of the total fund. (Laffitte v. Robert Half Internat. Inc. (2016) 1 Cal.5th 480, 495; Schulz v. Jeppesen Sanderson, Inc. (2018) 27 Cal.App.5th 1167, 1175; Consumer Privacy Cases (2009) 175 Cal.App.4th 545, 557 fn 13; Chavez v. Netflix, Inc. (2008) 162 Cal.App.4th 43, 66 fn 11.)

When cross-checking with the lodestar/multiplier, the court will evaluate the lodestar based on reasonable fees that would have been charged at hourly rates and then apply a multiplier. The multiplier includes contingent fee risk and other factors.

When considering risk, the court considers there is less risk in a case with fee shifting statutes because counsel's potential fees are not limited by and coupled to the monetary recovery. "The law does not mandate ... that attorney fees bear a percentage relationship to the ultimate recovery of damages in a civil rights case." (Harman v. City and County of San Francisco (2007) 158 Cal.App.4th 407, 419.) (See also Heritage Pacific Financial, LLC v. Monroy (2013) 215 Cal.App.4th 972, 1006-1007.)

When counsel for the class file their motion for fees, the should consider the following: (1) counsel are seeking fees of $3,000,000 (42.8%), which is substantially above the court's benchmark; (2) the class period is April 4, 2004 to May 16, 2014, and the settlement will not be final until approximately April 2024, and the delay in bringing the case to a conclusion is a disservice to the members of the class given the probability that many, if not most, have moved in the past 10-20 years and the delay means that the distribution of settlement proceeds might not reach them; (3) there must be some explanation of how time was allocated between the settlement of the suitable seating claims and the settlement of the other claims.

The Court will not decide the amount of any service award until the final approval hearing. Plaintiff must provide evidence regarding the nature of his participation in the action, including a description of his specific actions and the amount of time he committed to the prosecution of the case. (Clark v. American Residential Services LLC (2009) 175 Cal.App.4th 785, 804-807.) The court's standard service award is $7,500.

The Court ORDERS that 10% of any fee award to be kept in the administrator's trust fund until the completion of the distribution process and Court approval of a final accounting.

The Court will set a compliance hearing after the completion of the distribution process and the expiration of the time to cash checks for counsel for plaintiff and the Administrator to comply with CCP 384(b) and to submit a summary accounting how the funds have been distributed to the class members and the status of any unresolved issues. If the distribution is completed, the Court will at that time release any hold-back of attorney fees.

The court will sign the proposed order, which is modified by this order. Plaintiff must reserve a hearing for the motion for final approval.

ORDER re: Hearing on Motion - Other Other Motion for Preliminary
Approval of Class Action Settlement filed by Nicole Lopes          Page 4 of 5
(Plaintiff) on 11/14/2023

The Court orders counsel to obtain a copy of this order from the eCourt portal.

Dated :  12/11/2023

*Evelio Grillo / Judge*

ORDER re: Hearing on Motion - Other Other Motion for Preliminary
Approval of Class Action Settlement filed by Nicole Lopes
(Plaintiff) on 11/14/2023

Page 5 of 5

Electronically Received 03/14/2024 12:37 PM

1  Raul Perez (SBN 174687)
   Raul.Perez@capstonelawyers.com
2  Melissa Grant (SBN 205633)
   Melissa.Grant@capstonelawyers.com
3  Bevin Allen Pike (SBN 221936)
   Bevin.Pike@capstonelawyers.com
4  Capstone Law APC
   1875 Century Park East, Suite 1000
5  Los Angeles, California 90067
   Telephone:    (310) 556-4811
6  Facsimile:    (310) 943-0396

7  Attorneys for Plaintiffs Nicole Lopes, Isaac Bobadilla,
   and Brian Paradis

8
   *Additional counsel on next page*
9

**FILED**
Superior Court of California
County of Alameda
03/18/2024
Clad Flike, Executive Officer / Clerk of the Court
By: _Nicole Hall_ Deputy
N. Hall

10         **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11         **FOR THE COUNTY OF ALAMEDA – OAKLAND DIVISION**

12  | NICOLE LOPES, individually and on behalf of other members of the general public similarly situated, and aggrieved employees, | Case No. RG08380189<br>Consolidated with: RG11597341 |
    | --- | --- |

13

14  Plaintiff,                                  Assigned to the Hon. Noël Wise

15  vs.                                         **JOINT STIPULATION TO AMEND THE SCHEDULE FOR SETTLEMENT ADMINISTRATION; AND [PROPOSED] ORDER**

16  KOHL'S DEPARTMENT STORES, INC., a Delaware Corporation; and DOES 1 through 10, inclusive,

17

18  Defendants.                                 Complaint Filed: April 4, 2008
                                                Trial Date: Vacated

19  ISAAC BOBADILLA and BRIAN PARADIS, individually, and on behalf of other members of the general public similarly situated,

20

21  Plaintiffs,

22  vs.

23  KOHL'S DEPARTMENT STORES, INC., a California Corporation; and DOES 1 through 10, inclusive,

24

25  Defendants.

26

27

28

Mark Yablonovich (SBN 186670)
mark@yablonovichlaw.com
Monica Balderrama (SBN 196424)
monica@yablonovichlaw.com
LAW OFFICES OF MARK YABLONOVICH
9595 Wilshire Boulevard, Suite 900
Beverly Hills, California 90212-2511
Telephone:      (310) 286-0246
Facsimile:      (310) 407-5391

Laura L. Ho (SBN 173179)
lho@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
155 Grand Ave., Suite 900
Oakland, CA 94612
Telephone:      (510) 763-9800
Facsimile:      (510) 835-1417

Attorneys for Plaintiffs

This Joint Stipulation is made and entered into by and between Plaintiffs Nicole Lopes, Brian Paradis, and Isaac Bobadilla ("Plaintiffs"), by and through their respective counsel of record, and Defendant Kohl's Department Stores, Inc. ("Kohl's Department Stores, Inc.") (collectively with Plaintiffs, the "Parties"), by and through its counsel of record.

**WHEREAS**, on December 11, 2023, the Court granted preliminary approval of the Parties' class action and PAGA settlement.

**WHEREAS**, Plaintiffs subsequently reserved April 19, 2024 at 9:00 a.m. for the hearing on the Motion for Final Approval of Class Action and PAGA Settlement ("Final Approval Hearing").

**WHEREAS**, the mailing of the Class Notice has been delayed due to certain data reconciliation issues relating to the Class List. All issues have now been resolved, but the settlement administrator has determined that there are more PAGA Members than originally estimated. Accordingly, the estimated cost of settlement administration (i.e., the cost to print and mail the Class Notice to all Class Members, and if final approval is granted, print and mail checks to Participating Class Members and PAGA Members) has increased by approximately 20%.

**WHEREAS**, Class Notices are now ready to be mailed. However, since Class Members must be given 45 days to opt out or object to the settlement, the Final Approval Hearing will need to be continued.

**WHEREAS**, the Parties have met and conferred and have agreed to modify the schedule for settlement administration and to continue the Final Approval Hearing. The Parties have also agreed to seek approval of administration costs now estimated at $330,000;

**NOW THEREFORE, IT IS HEREBY STIPULATED** by the Parties, through their respective counsel of record, that the following proposed dates shall govern for purposes of settlement:

| Date | Event |
|---|---|
| April 12, 2024 | Last day for the Settlement Administrator to mail Class Notices to all Class Members. |
| May 27, 2024 | Last day for Class-B Members to submit Requests for Exclusion, and last day for all Class Members to submit Objections to the Settlement. |

| Date | Event |
|---|---|
| No later than 16 court days prior to the Final Approval Hearing | Last day for Plaintiffs to file and serve the (1) Motion for Final Approval of Class Action Settlement and (2) Motion for Attorneys' Fees, Costs, and Class Representative Enhancement Payments. |
| August _____, 2024 at 9:00 a.m. | Hearing on the (1) Motion for Final Approval of Class Action Settlement and (2) Motion for Attorneys' Fees, Costs, and Class Representative Enhancement Payments. |

**IT IS SO STIPULATED.**

Dated: March 14, 2024
Respectfully submitted,

By: _____
Raul Perez
Melissa Grant
Bevin Allen Pike
**CAPSTONE LAW APC**

Mark Yablonovich
Monica Balderrama
**LAW OFFICES OF MARK YABLONOVICH**

Attorneys for Plaintiffs Nicole Lopes, Brian Paradis, and Isaac Bobadilla

Dated: March 14, 2024
Respectfully submitted,

By: _____
Tracie Childs
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

Attorneys for Defendant Kohl's Department Stores, Inc.

# [~~PROPOSED~~] ORDER

Based on the Parties' stipulation, and **GOOD CAUSE** having been shown, the dates below shall govern for purposes of this Settlement. ~~The Court also approves settlement administration costs of $330,000.~~

| Date | Event |
|------|-------|
| April 12, 2024 | Last day for the Settlement Administrator to mail Class Notices to all Class Members. |
| May 27, 2024 | Last day for Class-B Members to submit Requests for Exclusion, and last day for all Class Members to submit Objections to the Settlement. |
| No later than 16 court days prior to the Final Approval Hearing | Last day for Plaintiffs to file and serve the (1) Motion for Final Approval of Class Action Settlement and (2) Motion for Attorneys' Fees, Costs, and Class Representative Enhancement Payments. |
| August ____ 06 ____, 2024 at ~~9:00 a.m.~~ ᔆᶥᶰ Pᴵᵀ Ꮹ | Hearing on the (1) Motion for Final Approval of Class Action Settlement and (2) Motion for Attorneys' Fees, Costs, and Class Representative Enhancement Payments. |

Tá�ꟷᖇᶳᶰᶥ꞉ᖇ the Court also approves settlement administration costs áᶰᶳᵗ ᶳᶴ áᶳᶰ ᶳᵗᶰᶳᵗ

**IT IS SO ORDERED.**

Dated: ___03/18/2024___

_[signature]_

Hon. Noël Wise
Alameda County Superior Court Judge
**Noël Wise / Judge**

**PROOF OF SERVICE**

I am employed in the State of California, County of Los Angeles. I am over the age of 18 and not a party to the within suit; my business address is 1875 Century Park East, Suite 1000 Los Angeles, California 90067.

On **March 14, 2024,** I served the document described as **JOINT STIPULATION TO AMEND THE SCHEDULE FOR SETTLEMENT ADMINISTRATION; AND [PROPOSED] ORDER** on the interested parties in this action by sending [  ] the original [or] [✔] a true copy thereof [✔] to interested parties as follows [or] [  ] as stated on the attached service list:

| | |
|---|---|
| Laura L. Ho (SBN 173179)<br>lho@gbdhlegal.com<br>Andrew P. Lee (SBN 245903)<br>alee@gbdhlegal.com<br>GOLDSTEIN, BORGEN, DARDARIAN & HO<br>300 Lakeside Drive, Suite 1000<br>Oakland, CA 94612<br>Tel.: (510) 763-9800<br>Fax: (510) 835-1417 | *Attorneys for Plaintiffs*<br>NICOLE LOPES, ISAAC BOBADILLA and BRIAN PARADIS |
| Mark Yablonovich (SBN 186670)<br>mark@yablonovichlaw.com<br>Monica Balderrama (SBN: 196424)<br>mbalderramalaw@gmail.com<br>Tony Roberts (SBN: 315595)<br>tony@yablonovichlaw.com<br>LAW OFFICES OF MARK YABLONOVICH<br>9595 Wilshire Boulevard, Suite 900<br>Beverly Hills, CA 90210-2511<br>Tel: (310) 286-0246<br>Fax: (310) 407-5391 | *Attorneys for Plaintiffs*<br>ISAAC BOBADILLA and BRIAN PARADIS |
| Tracie Childs (State Bar No. 190806)<br>tracie.childs@ogletree.com<br>Janna I. Jamil<br>janna.jamil@ogletree.com<br>OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.<br>4660 La Jolla Village Drive, Suite 900<br>San Diego, CA 92122<br>Tel.: (858) 652-3053<br>Fax: (858) 652-3101<br><br>Lisa Bernard -<br>lisa.bernard@ogletreedeakins.com<br>Kristin Menchaca -<br>kristin.menchaca@ogletreedeakins.com | *Attorneys for Defendant*<br>KOHL'S DEPARTMENT STORES, INC. |

Keith A. Jacoby (SBN: 150233)
kjacoby@littler.com
Shahram Samie (SBN: 268025)
ssamie@littler.com
Sophia B. Collins (SBN: 289318)
sbehnia@littler.com
Erin N. Collins (SBN: 291726)
ecollins@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, CA 90067.3107
Tel.: (310) 553-0308
Fax.: (310) 553-5583

Barbara Nikitas BNikitas@littler.com
Jeff Smith JRSmith@littler.com
Mary Ann Gerard MGerard@littler.com

*Attorneys for Defendant*
KOHL'S DEPARTMENT STORES, INC.

[  ] **BY MAIL (ENCLOSED IN A SEALED ENVELOPE):** I deposited the envelope(s) for mailing in the ordinary course of business at Los Angeles, California. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice, sealed envelopes are deposited with the U.S. Postal Service that same day in the ordinary course of business with postage thereon fully prepaid at Los Angeles, California.

[  ] **BY E-MAIL:** I hereby certify that this document was served from Los Angeles, California, by e-mail delivery on the parties listed herein at their most recent known e-mail address or e-mail of record in this action.

[✓] **BY ELECTRONIC SERVICE:** I caused the document(s) to be transmitted electronically via OneLegal eService to the individuals listed above, as they exist on that database. This will constitute service of the document(s).

[  ] **BY OVERNIGHT DELIVERY:** I am "readily familiar" with this firm's practice of collection and processing correspondence for overnight delivery. Under that practice, overnight packages are enclosed in a sealed envelope with a packing slip attached thereto fully prepaid. The packages are picked up by the carrier at our offices or delivered by our office to a designated collection site.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on **March 14, 2024,** at Los Angeles, California.

Sophia Flores
_____
Type/Print Name

_____
Signature

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ALAMEDA

Reserved for Clerk's File Stamp

COURTHOUSE ADDRESS:
Rene C. Davidson Courthouse
1225 Fallon Street, Oakland, CA 94612

**FILED**
Superior Court of California
County of Alameda

03/18/2024

Chad Finke, Executive Officer / Clerk of the Court

By: *Nicole Hall* Deputy

N. Hall

PLAINTIFF/PETITIONER:
Nicole Lopes  et al

DEFENDANT/RESPONDENT:
Kohl's Department Stores, Inc., a Delaware Corporation et al

| CERTIFICATE OF ELECTRONIC SERVICE CODE OF CIVIL PROCEDURE 1010.6 | CASE NUMBER: RG08380189 |
|---|---|

**I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served one copy of the Stipulation and Order JOINT STIPULATION TO AMEND THE SCHEDULE FOR SETTLEMENT ADMINISTRATION; AND [PROPOSED] ORDER entered herein upon each party or counsel of record in the above entitled action, by electronically serving the document(s) from my place of business, in accordance with standard court practices.**

Kevin Joseph McInerney
kevin@mcinerneylaw.net

Chad Finke, Executive Officer / Clerk of the Court

Dated: 03/18/2024

By:

*Nicole Hall*

N. Hall, Deputy Clerk

| | |
|---|---|
| # SUPERIOR COURT OF CALIFORNIA<br>## COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp<br><br>**FILED**<br>Superior Court of California<br>County of Alameda<br><br>03/18/2024<br><br>Chad Finke, Executive Officer / Clerk of the Court<br>By: *Nicole Hall* Deputy<br>N. Hall |

COURTHOUSE ADDRESS:
Rene C. Davidson Courthouse
1225 Fallon Street, Oakland, CA 94612

PLAINTIFF/PETITIONER:
Nicole Lopes et al

DEFENDANT/RESPONDENT:
Kohl's Department Stores, Inc., a Delaware Corporation et al

| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>RG08380189 |
|---|---|

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the attached document upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Hengameh Safaei
Littler Mendelson, P.C
4370 La Jolla Village Drive
Suite 990
San Diego, CA 92122-

Jeffrey M. Lenkov
MANNING & KASS, ELLROD, RAMIREZ,
TRESTER LLP
801 South Figueroa St.
15th Floor at 801 Tower
Los Angeles, CA 90017-

Kohl's Department Stores, Inc., a Delaware Corporation
4660 La Jolla Village Drive
San Diego, CA 92122

Laura L Ho
Goldstein,Borgen,Dardarian & Ho
155 Grand Ave., Suite 900
Oakland, CA 94612-

Mark Yablonovich
Law Offices of Mark Yablonovich
1875 Century Park East, Suite 700
Los Angeles, CA 90067-

Melissa Grant
Capstone Law APC
155 Grand Ave., Suite 900
Oakland, CA 94612-

Raul Perez
Capstone Law
155 Grand Ave., Suite 900
Oakland, CA 94612-

Chad Finke, Executive Officer / Clerk of the Court

Dated: 03/18/2024

By:

*Nicole Hall*

N. Hall, Deputy Clerk

**CERTIFICATE OF MAILING**

| SHORT TITLE: Lopes VS Kohl's Department Stores | CASE NUMBER: RG08380189 |
|---|---|

*Lopes v. Kohl's Department Stores, Inc.*, No. RG08380189
*Bobadilla v. Kohl's Department Stores, Inc.*, No. RG11597341
Superior Court of the State of California, for the County of Alameda
**NOTICE OF CLASS ACTION SETTLEMENT**

*You are not being sued. This notice affects your rights. Please read it carefully*

To:      All non-exempt, hourly employees of Defendant Kohl's, Inc., fka Kohl's Department Stores, Inc. ("Defendant") who worked at one or more of Defendant's retail stores and/or Distribution Centers and/or E-Fulfillment Center in the State of California at any time from April 4, 2004 through May 16, 2014, and who did not previously opt out of the class certified by the Court in *Lopes v. Kohl's Department Stores, Inc.*, No. RG08380189 (Alameda County Superior Court) ("Class Members").

        All non-exempt, hourly employees of Defendant who worked at one or more of Defendant's retail stores and/or Distribution Centers and/or E-Fulfillment Center in the State of California at any time from February 25, 2007 through March 30, 2018 ("PAGA Members").

On December 11, 2023, the Honorable Evelio Grillo of the Alameda County Superior Court granted preliminary approval of this class action settlement and ordered the litigants to notify all Class Members of the settlement. **You have received this notice because Defendant's records indicate that you are a Class Member, <u>and therefore entitled to a payment from the settlement</u>.**

**NOTE: All non-exempt employees of Defendant who worked as a non-exempt employee at any retail store in California as a Point-of-Sale, Customer Service, or Service Associate during the period from February 3, 2010, through and including December 18, 2023 are eligible to receive payments from a separate settlement involving Kohl's Department Stores, Inc. That settlement and the instant settlement are *separate*, and payments from the two settlements will also be issued *separately*.**

**Unless you choose to opt out of the settlement by following the procedures described below, <u>you will be deemed a Class Member and, if the Court grants final approval of the settlement, you will be mailed a check for your share of the settlement fund</u>.** The Final Fairness Hearing on the adequacy, reasonableness, and fairness of the Settlement will be held at 1:30 p.m. on August 20, 2024 in Department 21 of the Alameda County Superior Court located at 1221 Oak Street, Oakland, California 94612.

You are not required to attend the hearing, but if you wish to attend, you may attend the hearing remotely, which can be set up through Zoom. See https://www.alameda.courts.ca.gov/general-information/remote-appearances for more information about how to make a remote appearance.

Please also note that the Final Fairness Hearing may be rescheduled by the Court for another date and/or time. Please visit www.cptgroupcaseinfo.com/LopesKohlsSettlement for any scheduling changes.

If you move, you must send the Settlement Administrator your new address; otherwise, you may never receive your settlement payment. It is your responsibility to keep a current address on file with the Settlement Administrator.

The pleadings and other records in this litigation may be examined online on the Alameda County Superior Court's website, known as "eCourt Public Portal," at https://eportal.alameda.courts.ca.gov. After arriving at the website, click the "Search" tab at the top of the page, then select the Document Downloads link, enter the case number and click "Submit." Images of every document filed in the case may be viewed at a minimal charge. You may also view images of every document filed

in the case free of charge by using one of the computer terminal kiosks available at each court location that has a facility for civil filings.

## SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| | |
|---|---|
| **You Don't Have to Do Anything to Participate in the Settlement** | If you do nothing, you will be eligible for payments from the Class-A Fund, Class-B Fund, and if you are also a PAGA Member, PAGA Fund. In exchange, you will be bound by the terms of the proposed Settlement and give up your right to assert wage and hour claims against Defendant based on the same facts alleged in the actions during the applicable Class Period. |
| **You Can Opt-out of the release of the Class-B Released Claims**<br><br>**The Opt-out Deadline is May 27, 2024.** | The settlement releases three types of claims: Class-A Released Claims, Class-B Released Claims, and PAGA Released Claims. *See below for more details.*<br><br>You cannot opt out of the release of the Class-A Released Claims, or the PAGA Released Claims, but you can opt out of the release of the Class-B Released Claims. To opt out, you must submit a written Request for Exclusion by May 27, 2024. Once excluded, you will not release the Class-B Released Claims, and will not receive a payment from the Class-B Fund. *See below for more information.*<br><br>PAGA Members cannot opt-out of the PAGA portion of the proposed Settlement. |
| **Participating Class Members Can Object to the Class Settlement but not the PAGA Settlement**<br><br>**Written Objections Must be Submitted by May 27, 2024.** | All Class Members can object to any aspect of the proposed class settlement, but not the PAGA settlement. |
| **You Can Participate in the August 20, 2024, Final Approval Hearing** | The Court's Final Approval Hearing is scheduled to take place on August 20, 2024, at 1:30 p.m. in Department 21 of the Alameda County Superior Court located at 1221 Oak Street, Oakland, California 94612. You don't have to attend but you do have the right to appear (or hire an attorney to appear on your behalf at your own cost), in person, by telephone or by using the Court's virtual appearance platform. Participating Class Members can verbally object to the Settlement at the Final Approval Hearing.<br><br>If the Court grants final approval of the Settlement despite your objection, you will receive a payment from the Net Settlement Fund and you will be bound by the terms of the Settlement and Release. |

## Summary of the Litigation

Plaintiffs Nicole Lopes, Brian Paradis, and Isaac Bobadilla, on their behalf and on behalf of other current and former non-exempt employees, allege that Defendant violated California state labor laws as a result of its alleged failure to, among other things: (a) pay minimum and overtime wages, (b) pay meal and rest period premiums at the correct regular rate of pay, (c) provide compliant meal and rest periods, (d) provide compliant wage statements, (e) pay all wages due and owing during employment, (f) timely pay all wages due and owing at the end of employment, and (g) pay reporting time pay.

After over 15 years of active litigation, the parties were able to negotiate a settlement of the Class-A Released Claims, Class-B Released Claims, and PAGA Released Claims (see below).

Counsel for Plaintiffs, and the attorneys appointed by the Court to represent the class, Capstone Law APC, Law Offices of Mark Yablonovich, and Goldstein, Borgen, Dardarian & Ho (collectively "Class Counsel"), have investigated and researched the facts and circumstances underlying the issues raised in the case and the applicable law. While Class Counsel believe that the claims alleged in this lawsuit have merit, Class Counsel also recognize that the risk and expense of continued litigation justify settlement. Based on the foregoing, Class Counsel believe the proposed settlement is fair, adequate, reasonable, and in the best interests of Class Members.

Defendant has denied, and continues to deny the factual and legal allegations in the case and believes that it has valid defenses to Plaintiffs' claims. By agreeing to settle, Defendant is not admitting liability on any of the factual allegations or claims in the case or that the case can or should proceed as a class action. Defendant has agreed to settle the case as part of a compromise with Plaintiffs.

### Summary of The Proposed Settlement Terms

Plaintiffs and Defendant have agreed to settle the underlying claims in exchange for a Gross Settlement Amount of $7,000,000. Subject to Court approval, this amount is inclusive of: (1) individual settlement payments to all Participating Class Members; (2) Class Representative Enhancement Payments of $25,000 to Nicole Lopes and $20,000, each, to Brian Paradis, and Isaac Bobadilla for their services on behalf of the class, and for a release of all claims arising out of their employment with Defendant; (3) $3,000,000 in attorneys' fees and litigation costs and expenses; (4) a $200,000 settlement of claims under the Labor Code Private Attorneys General Act of 2004 ("PAGA"), inclusive of a $150,000 payment to the California Labor and Workforce Development Agency ("LWDA") in connection with the PAGA, and a $50,000 payment ("PAGA Fund") to all PAGA Members; and (5) reasonable Settlement Administrator's fees and expenses currently estimated at $330,000. After deducting the above payments, a total of approximately $3,405,000 will be allocated to Class Members ("Net Settlement Fund"). Sixty percent (60%) of the Net Settlement Fund will be allocated to the Class-A Fund, and the remaining forty percent (40%) will be allocated to the Class-B Fund. Additionally, all PAGA Members will receive a proportional share of the $50,000 PAGA Fund.

**Payments from the Class-A Fund**. Defendant will calculate the total number of Workweeks worked by each Class Member from April 4, 2004 through May 16, 2014 ("Class Period") and the aggregate total number of Workweeks worked by all Class Members during the Class Period. To determine each Class Member's estimated share of the Class-A Fund, the Settlement Administrator will use the following formula: The Class-A Fund will be divided by the aggregate total number of Workweeks in the Class Period, resulting in the "Workweek-A Value." Each Class Member's share of the Class-A Fund will be calculated by multiplying each individual Class Member's total number of Workweeks by the Workweek-A Value. The Individual Settlement Payment will be reduced by any required deductions for each Class Members as specifically set forth herein, including employee-side tax withholdings or deductions.

According to Defendant's records, you worked during the Class Period in a non-exempt position for a total of <<WorkWeeks>> Workweeks. Accordingly, your estimated payment from the Class-A Fund is approximately <<ClassA_Amt>>.

**Payments from the Class-B Fund**. To determine each Class Member's estimated share of the Class-B Fund, the Settlement Administrator will use the following formula: The Class-B Fund will be divided by the aggregate total number of Workweeks in the Class Period, resulting in the "Workweek-B Value." Each Class Member's share of the Class-B Fund will be calculated by multiplying each individual Class Member's total number of Workweeks by the Workweek-B Value. The Individual Settlement Payment will be reduced by any required deductions for each Class Members as specifically set forth herein, including employee-side tax withholdings or deductions. The entire Class-B Fund will be paid to all Class Members who do not submit Requests for Exclusion ("Class-B Members"). If there are any valid and timely Requests for Exclusion, the Settlement Administrator shall proportionately increase each Class-B Member's share of the Class-B Fund according to the number of Workweeks worked, so that the amount actually distributed to Class-B Members equals 100% of the Class-B Fund.

According to Defendant's records, you worked during the Class Period in a non-exempt position for a total of <<WorkWeeks>> Workweeks. Accordingly, your estimated payment from the Class-B Fund is approximately <<ClassB_Amt>>.

**Payments from PAGA Fund**. Defendant will calculate the total number of Workweeks worked by each PAGA Member from February 25, 2007 through March 30, 2018 ("PAGA Period") and the aggregate total number of Workweeks worked by all PAGA Members during the PAGA Period. To determine each PAGA Member's estimated share of the PAGA Fund, the Settlement Administrator will use the following formula: The PAGA Fund will be divided by the aggregate total number of Workweeks in the PAGA Period, resulting in the "PAGA Workweek Value." Each PAGA Member's share of the PAGA Fund will be calculated by multiplying each individual PAGA Member's total number of Workweeks by the PAGA Workweek Value. A Request for Exclusion does not exclude a PAGA Member from the release of claims under California Labor Code §§ 2698, *et seq.* and the PAGA Member will receive their portion of the PAGA fund even if he, she, or they submits a valid Request for Exclusion.

According to Defendant's records, you worked during the PAGA Period in a non-exempt position for a total of <<PAGA_Weeks>>Workweeks. Accordingly, your estimated payment from the PAGA Fund is approximately <<PAGAAmt>>.

**Your Estimated Payment**: Based on the above, your estimated payment from the settlement is approximately <<estAmount>>. If you believe the Workweek information provided above is incorrect, please contact the Settlement Administrator to dispute the calculation. You must attach all documentation in support of your dispute (such as check stubs, W2s, or letters from HR). All disputes must be postmarked or faxed on or before May 27, 2024, and must be sent to:

Lopes v. Kohl's Department Stores, Inc.
c/o CPT Group, Inc.
50 Corporate Park
Irvine, CA 92606
Fax No. (949) 419-3446

If you dispute the information stated above, Defendant's records will control unless you are able to provide documentation that establishes otherwise.

**Taxes on Settlement Payments**. IRS Forms W-2 and 1099 will be distributed to participating Class Members and the appropriate taxing authorities reflecting the payments they receive under the settlement. Class Members should consult their tax advisors concerning the tax consequences of the payments they receive under the Settlement. For purposes of this settlement, 20% of each settlement payment will be allocated as wages for which IRS Forms W-2 will be issued, and 80% will be allocated as non-wages for which IRS Forms 1099-MISC will be issued.

### Your Options Under the Settlement

**Option 1 –** *Automatically Receive a Payment from the Settlement*
If want to receive your payment from the settlement, then no further action is required on your part. You will automatically receive your settlement payment from the Settlement Administrator if and when the Settlement receives final approval by the Court.

If you choose **Option 1**, and if the Court grants final approval of the settlement, you will be mailed a check for your share of the settlement funds. In addition, you will be deemed to have released or waived the Class-A Released Claims and Class-B Released Claims:

**"Class-A Released Claims"** means the class claims that were certified by the Court in the Actions on May 16, 2014, and for which Class Members were provided notice and an opportunity to opt out; namely: (1) all claims for the failure to pay overtime and meal and rest period premiums at the regular rate of pay; (2) all claims for the failure to provide rest periods by requiring Class Members to remain on premises during their rest periods; (3) all claims for the failure to provide accurate itemized wage statements; and (4) the failure to pay all wages due upon termination of employment.

**"Class-B Released Claims"** means all class claims that were alleged in the Actions but not certified by the Court; namely: (1) all claims for the failure to provide meal periods; (2) all claims for the failure to pay meal and rest period premiums based on any theory other than the failure to pay premiums at the regular rate of pay; (3) all claims for the failure to pay wages for time spent undergoing security bag checks; (4) all claims for the failure to pay reporting time pay; (5) all claims for the failure to pay all vacation wages due at termination; (6) all claims for the failure to pay all wages timely during employment; and (7) all claims for the failure to pay overtime based on any theory other than the underlying failure to correctly calculate the regular rate of pay.

Additionally, if the Court grants final approval, the State of California and the LWDA will be deemed to have released or waived the **"PAGA Released Claims"**: All claims for civil penalties under California Labor Code §§ 2698, *et seq.*, that were brought or could reasonably have been brought based on the same facts alleged in Plaintiffs' LWDA letters during the PAGA Period except as provided for in this Agreement. Specifically excluded from the definition of PAGA Released Claims are claims for violation of Sections 14(A) and 14(B) of the applicable Wage Order(s).

### Option 2 – *Opt Out of the release of the Class-B Released Claims*

If you do not wish to release any of the Class-B Released Claims, you may exclude yourself from the release by submitting a written request to the Settlement Administrator expressly and clearly indicating that you have received this Notice of Class Action Settlement and do not wish to release the Class-B Released Claims. The written request for exclusion must include your name, signature, address, telephone number, and last four digits of your Social Security Number. Sign, date, and mail the request for exclusion by First Class U.S. Mail or equivalent or fax, to the address or fax number below.

Lopes v. Kohl's Department Stores, Inc.
c/o CPT Group, Inc.
50 Corporate Park
Irvine, CA 92606
Fax No. (949) 419-3446

The Request for Exclusion must be postmarked or faxed not later than May 27, 2024. If you submit a Request for Exclusion which is not postmarked or faxed by May 27, 2024, your Request for Exclusion will be rejected, and you will be included in the settlement class.

If you choose **Option 2**, you will:
- Not release the Class-B Released Claims, and will not receive a payment from the Class-B Fund.
- Release the Class-A Released Claims, and will receive a payment from the Class-A Fund.
- If you are a PAGA Member, you will still receive a payment from the PAGA Fund.

### Option 3 – *Object to the Settlement*

If you decide to object to the settlement because you find it unfair or unreasonable, you may submit a written objection stating why you object to the settlement, or you may instead appear at the Final Fairness Hearing to object to the Settlement. Written objections must provide: (1) your full name, signature, address, and telephone number, (2) a written statement of all grounds for the objection accompanied by any legal support for such objection; (3) copies of any papers, briefs, or other documents upon which the objection is based; and (4) a statement about whether you intend to appear at the Fairness

Hearing. The objection must be mailed to the administrator at Lopes v. Kohl's Department Stores, Inc., c/o CPT Group, Inc., 50 Corporate Park, Irvine, CA 92606.

All written objections must be received by the administrator by not later than May 27, 2024. By submitting an objection, you are not excluding yourself from the release of the Class-B Released Claims. To exclude yourself from the release of the Class-B Released Claims, you must follow the directions described above. Please note that you cannot both object to the settlement and exclude yourself. You must choose one option only.

You may also, if you wish, appear at the Final Fairness Hearing set for August 20, 2024 at 1:30 p.m. in the Superior Court of the State of California, for the County of Alameda in Department 21 and discuss your objection with the Court and the Parties at your own expense. You may also retain an attorney to represent you at the hearing.

If you choose **Option 3**, you will still be entitled to the money from the settlement. If the Court overrules your objection, you will be deemed to have released the Class-A Released Claims and Class-B Released Claims.

## Additional Information

This Notice of Class Action Settlement is only a summary of the case and the settlement. For a more detailed statement of the matters involved in the case and the settlement, you may refer to the pleadings, the settlement agreement, and other papers filed in the case. All inquiries by Class Members regarding this Class Notice and/or the settlement should be directed to the Settlement Administrator or Class Counsel.

|  |  |
|---|---|
| Raul Perez | Mark Yablonovich |
| Melissa Grant | Monica Balderrama |
| **Capstone Law APC** | **Law Offices of Mark Yablonovich** |
| 1875 Century Park E., Suite 1000 | 9595 Wilshire Blvd., Suite 900 |
| Los Angeles, CA 90067 | Beverly Hills, CA 90212 |
| Phone: 1 (800) 822-6927 | Phone: 1 (888) 257-7462 |

Laura L. Ho
**Goldstein, Borgen, Dardarian & Ho**
155 Grand Ave., Suite 900, Oakland, CA 94612
Phone: 1 (800) 531-4446

The pleadings and all other records from this Action may be examined by inspecting the Court file at the Clerk's Office of the Alameda County Superior Court, located at 1221 Oak Street, Oakland, California 94612. You can also find the settlement agreement, by accessing the Court's website at *https://eportal.alameda.courts.ca.gov*.

PLEASE DO NOT CONTACT THE CLERK OF THE COURT, THE JUDGE, OR DEFENDANT'S ATTORNEYS WITH INQUIRIES.